IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 08-145 (JJF) |
| | ) |
| WATSON LABORATORIES, INC. and | ) |
| WATSON PHARMACEUTICALS, INC., | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6)
TO DEFENDANTS WATSON PHARMACEUTICALS, INC.
AND WATSON LABORATORIES, INC.**

PLEASE TAKE NOTICE that at the offices of Covington & Burling LLP, 1201 Pennsylvania Avenue, NW, Washington, D.C. 20004, on a date and time mutually agreed to by the parties, Plaintiff Wyeth will take the deposition upon oral examination of Defendants Watson Pharmaceuticals, Inc. and Watson Laboratories, Inc. pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure on the topics of examination listed below. This deposition upon oral examination will be conducted before an officer authorized to administer oaths and will be recorded by stenographic and videographic means.

Plaintiff will take this deposition upon oral examination through one or more officers, directors, managing agents or other persons designated by Watson Pharmaceuticals, Inc. and Watson Laboratories, Inc. pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure as the person(s) knowledgeable to testify on defendants' behalf concerning the topics identified below. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary. You are invited to attend to examine the witness(es).

## INSTRUCTIONS AND DEFINITIONS

1. "Watson" shall mean defendant Watson Pharmaceuticals, Inc. and all corporate predecessors, as well as all past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents, and employees.

2. "Watson product" shall mean any product manufactured, designed, or sold by Watson Pharmaceuticals, Inc. and any and all corporate predecessors, as well as all past and present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents, and employees.

3. "Generic Product" shall mean the proposed generic product that is the subject of Abbreviated New Drug Application ("ANDA") 79-218.

4. "Relating to" or "in connection with" means concerning, referring to, pertaining to, containing, describing, reflecting, regarding, illustrating, mentioning, evidencing, embodying, constituting, supporting, discussing or having any logical or factual connection whatsoever with the subject matter in question.

5. The terms "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of this Notice any information that might otherwise be construed as outside its scope.

6. The use of the singular form of any word includes the plural and vice versa.

7. Each topic should be construed independently and not with reference to any other topic for the purposes of limitation.

8.  For each topic, the deponent should be prepared to address the names of any Watson employees or officers involved in the relevant transaction or occurrence, including their place of employment, job title, and affiliation with any other Watson entity.

9.  Dates are inclusive unless stated otherwise.

10. If you object to any topic on the basis of a contention that it is overbroad, please provide a response that narrows the request in a way that eliminates the purported overbreadth, and state the extent to which you have narrowed that request for the purpose of your response.

## TOPICS OF EXAMINATION

1.  The drafting, preparation, submission, and filing of ANDA No. 79-218, including the evaluation, consideration or discussion of development of the Generic Product, as well as the evaluation, consideration, discussion and submission of a Paragraph IV certification to Wyeth.

2.  Watson's contacts with Delaware since 1998, including but not limited to (a) sales of any Watson Products in or to customers in Delaware; (b) Watson's marketing, promotion and advertising in Delaware; (c) any real property in Delaware in which Watson has an interest; (d) any offices or employees of Watson located in Delaware; (e) any commercial dealings with Delaware companies; (f) any bank accounts or telephone listings in Delaware; (g) any taxes paid to Delaware; and (h) any actions involving Watson in Delaware state or federal courts.

3.  Watson's corporate structure and organization, including the name, title, and professional address of its executive officers and key managerial personnel, as well as the

corporate relationship, state of incorporation, and places of business, management, and control of all Watson entities.

4.    The interaction of Watson Pharmaceuticals, Inc., Watson Laboratories, Inc. (Nevada), and Watson Laboratories, Inc. (Delaware) in the drafting, preparation, submission, and filing of New Drug Applications and Abbreviated New Drug Applications since 1998.

5.    The Master Product Distribution Agreement between Watson Pharma, Inc. and Watson Laboratories, Inc., including but not limited to the number and amount of payments made under this Agreement that are attributable or related to sales in Delaware.

6.    The solvency and capitalization of Watson, including capital contributions made by one Watson entity to other Watson entities in the past 3 years.

7.    The reasons for using the same name, "Watson Laboratories, Inc.," for multiple subsidiaries of Watson Pharmaceuticals, Inc., and for incorporating multiple "Watson Laboratories, Inc." in different states.

8.    The function, purpose, services provided, and day-to-day operations of Watson Laboratories, Inc. (Nevada), Watson Laboratories, Inc. (Delaware), Watson Pharmaceuticals, Inc., Watson Pharma, Inc., and Watson Laboratories, LLC, and the relationship among and between these entities.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld
_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jparrett@mnat.com

*Attorneys for Plaintiff Wyeth*

*Of Counsel*:

Anthony Herman
Jeffrey B. Elikan
Eric R. Sonnenschein
William D. A. Zerhouni
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 662-6000

May 16, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Richard K. Herrmann, Esquire
> Mary B. Matterer, Esquire
> MORRIS JAMES LLP

I further certify that I caused to be served copies of the foregoing document on May 16, 2008 upon the following in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Mary B. Matterer, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue<br>Suite 1500<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL<br>and HAND DELIVERY* |
| John W. Bateman, Esquire<br>C. Kyle Musgrove, Esquire<br>Nicholas J. Nowak, Esquire<br>Thomas M. Huff, Esquire<br>KENYON & KENYON LLP<br>1500 K. Street, N.W.<br>Washington, DC 20005 | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)