IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 08-145 (JJF) |
| | ) |
| WATSON LABORATORIES, INC., and | ) |
| WATSON PHARMACEUTICALS, INC. | ) |
| | ) |
| Defendants. | ) |

**STIPULATED PROTECTIVE ORDER**

WHEREAS the plaintiff to this action, Wyeth ("Plaintiff") and the defendants Watson Laboratories, Inc. and Watson Pharmaceuticals, Ind. (collectively "Defendants") possess confidential information which may be disclosed in discovery or otherwise in this action and which should be protected in order to preserve the legitimate business interests of the parties, and

WHEREAS Plaintiff and Defendants have, through counsel, stipulated to the entry of this Protective Order to prevent unnecessary dissemination or disclosure of such confidential information, and

WHEREAS the parties have established good cause for entry of this Order.

IT IS HEREBY ORDERED that:

1. **Definitions**

    (a) The term "Confidential Information" includes all non-public information that the designating party believes constitutes or discloses or relates to: pending patent applications; any New Drug Applications or Abbreviated New Drug Applications; scientific research including research relating to any product related to the litigation for which a party has filed a New Drug Application or Abbreviated New Drug Application; sales, costs, margins, profitability, and expenses with respect to any product or process; future market or business plans

or strategies for existing or new products or processes, including but not limited to competitive analyses, marketing strategies, and proprietary marketing tools; trade secrets; processes; operations; research; technical or developmental information; apparatus, production, marketing, sales, shipments or other proprietary data or information of commercial value to such party.

(b) Confidential Information may include, without limitation, documents produced in this action, during formal discovery or otherwise; information produced by non-parties which the producing or designating party is under an obligation to maintain in confidence; answers to interrogatories and responses to requests for admission or other discovery requests; deposition, hearing, or trial transcripts; and tangible things or objects that are designated as containing or comprising Confidential Information. The information contained therein and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, reveal, suggest, or otherwise disclose such information shall also be deemed Confidential Information. Information originally designated as Confidential Information shall not retain that status after any ruling by the Court denying such status to it.

(c) The term "designating party" means the party designating documents or information as Confidential Information under this Order.

(d) The term "receiving party" shall mean the party to which Confidential Information is disclosed.

(e) Notwithstanding anything to the contrary herein, the description of Confidential Information shall apply to all that information so designated by the designating party absent an order of the Court or subsequent written agreement of the designating party providing otherwise.

**Designation of Confidential Information**

2. Each designating party which produces or discloses any material that it believes contains or comprises Confidential Information shall designate the same by marking "CONFIDENTIAL" on any document containing the Confidential Information. When documents or things are produced for inspection, the documents or things may be collectively designated as containing Confidential Information for purposes of the inspection, by letter or otherwise, without marking each document or thing "CONFIDENTIAL," and such documents or things will be treated as Confidential Information under this Order.

3. If any Confidential Information is produced by a non-party to this litigation, such a non-party shall be considered a "designating party" within the meaning of that term as it is used in the context of this Order and all parties to this Order should be treated as receiving parties. The parties recognize that during the course of this litigation, Confidential Information that originated with a non-party and for which there exists an obligation of confidentiality may be produced. Such information that the designating party believes originated with a non-party, but is subject to a confidentiality obligation may be designated as Confidential Information and shall be subject to the restrictions on disclosure specified in Paragraph 5.

4. In the event any designating party discovers, after it has produced information, that it has inadvertently produced Confidential Information that has not been correctly designated, the designating party may redesignate the information by a subsequent notice in writing specifically identifying the redesignated information, in which event the parties shall henceforth treat such information in accord with this Protective Order, and shall undertake reasonable efforts to correct any disclosure of such information contrary to the redesignation.

**Disclosure of Confidential Information**

5.  Information designated as Confidential Information may be disclosed only to the following:

   (a)  attorneys, employees, and staff affiliated with any of the law firms representing Plaintiff or Defendants in this action;

   (b)  independent consultants or experts (and their staff) retained by the attorneys for the parties either as technical consultants or expert witnesses for the purposes of this litigation, as long as these personnel comply with the procedure of Paragraph 7 hereof and subject to the provisions of paragraph 6 hereof;

   (c)  outside copying and computer services necessary for document handling and other litigation support personnel (e.g., graphic designers and animators);

   (d)  those persons designated in Paragraph 17 hereof;

   (e)  the Court, Court personnel, and Official Court Reporters to the extent that Confidential Information is disclosed at a deposition or court session, which such reporter is transcribing;

   (f)  the following in-house counsel employed by Plaintiff:
   
   1. Ryan Walsh, Esq., Senior Patent Litigation Attorney
   2. Michele Winneker, Esq., Senior Patent Litigation Attorney

   (g)  the following in-house counsel employed by Defendants:
   
   1. Amy L. Hulina, Esq., Vice President, Intellectual Property and Patent Counsel
   2. Kenton M. Walker, Esq., Intellectual Property Counsel

The foregoing list in this Paragraph 5 may be expanded by mutual agreement in writing by counsel for Plaintiff and Defendants.

4

## Use and Control of Confidential Information

6. Before an expert is afforded access to another party's Confidential Information, the identity and current resume or curriculum vitae (including employment history, prior expert engagements, publications, and current business address) of the expert shall be furnished to all parties, as well as a list of the cases in which the expert or consultant has testified at a deposition or at trial within the last four years and a signed Declaration of Compliance with the Protective Order (attached as Exhibit 1). The resume or curriculum vitae may be provided at any time after this Protective Order is signed by the parties. The designating party will then have seven (7) business days from the day of receipt of the name and resume or curriculum vitae of the expert to submit an objection, in writing, notifying the receiving party that the party objects to such expert being shown Confidential Information and explaining the basis for the objection. During this time period, Confidential Information will not be disclosed to the expert. The parties will then have ten (10) business days after an objection is raised during which they may agree on terms under which the expert may be given access to Confidential Information. During this time period, no Confidential Information may be disclosed to the expert. If the parties are unable to resolve their differences, the party objecting to the disclosure of Confidential Information may apply to the Court for relief, and the burden is on that party to demonstrate good cause why Confidential Information may not be shown to the designated expert. If no such application to the Court is made within fifteen (15) business days of the notification of objection, the objection will be deemed waived, and the party seeking to provide Confidential Information to an expert will be permitted to do so. In the event an application is made to the Court, however, the materials will continue to be treated as Confidential Information in accordance with this Protective Order during the time the Court considers the application and will not be disclosed to the expert.

7. No expert or consultant designated in accordance with Paragraph 5(b) above, or persons designated in Paragraphs 5(f) and 5(g) above, shall have access to Confidential Information without first signing a Declaration of Compliance with the Protective Order (in the form attached as Exhibit 1 hereto).

8. All information designated as Confidential Information pursuant to this Order and disclosed in this litigation shall be used by a recipient thereof solely for the purposes of this litigation and not for any business, competitive, patent prosecution purposes, or other purposes. It shall be the duty of each party and each individual having notice of this Protective Order to comply with this Order from the time of such notice.

9. If Confidential Information is contained in deposition testimony, such information may be designated as Confidential Information in accordance with this Order by notifying the other party in writing, within thirty (30) calendar days of receipt of the portion of the official transcript containing such information, of the portions of the transcript which contain Confidential Information. All deposition testimony shall be treated as containing Confidential Information and subject to this Protective Order until a time thirty (30) calendar days after the official transcript of such testimony is received. If during a Court proceeding Confidential Information is likely to be revealed, any party may request that the proceeding be held in camera. If such request is granted by the Court, the transcript of such proceedings shall be treated in the same manner as a deposition transcript for the purposes of this Order.

10. All information subject to confidential treatment in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further order of the Court. Public versions of such papers shall be filed in accordance with the Court's rules for electronic filing.

**Miscellaneous**

11. This Protective Order is intended to provide a mechanism for handling the disclosure or production of Confidential Information to which there is no objection other than confidentiality. Each party reserves the right to object to any disclosure of information or production of any documents it deems to contain Confidential Information on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism herein set forth or the application of this Order in any particular circumstance.

12. This Protective Order may be amended with respect to specific documents or items of Confidential Information by Court order, or by written agreement of the parties hereto. This Protective Order shall remain in force and effect indefinitely until modified, superseded, or terminated by Order of this Court.

13. Nothing in this Protective Order shall bar or otherwise restrict any attorney for the parties from rendering advice to his or her client with respect to this litigation. In the court of doing so, said attorney may generally refer to or rely upon his or her examination of Confidential Information but shall not disclose the specific contents of such information to persons not authorized to receive such information pursuant to this Protective Order, except by written agreement with opposing counsel of record.

14. Upon final termination of this action (including all appeals) with respect to any party receiving any Confidential Information and at the option of the designating party, the receiving party shall, within thirty (30) days of such termination, either return to the designating party or destroy all Confidential Information in its possession. In either event, the receiving party shall specifically describe the materials returned or destroyed and certify their return or destruction, with the exception that outside counsel for each party may retain one copy of each of

the pleadings or other papers filed with the Court or served in the course of the litigation, the depositions, the deposition exhibits, the trial record, and all attorney work product, subject to the confidentiality provisions of this Protective Order.

15. No party or person shall disclose or cause to be disclosed to anyone not specified in Paragraph 5 as being entitled to receive it, any information from another party designated as Confidential Information under this Protective Order without prior written consent of the designating party or an Order of this Court. If the receiving party learns that Confidential Information produced to it is disclosed to any person other than in the manner authorized by this Order, the receiving party learning of the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

16. Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order.

17. Nothing herein shall prevent (a) any party from disclosing its own Confidential Information in any manner that it considers appropriate; (b) counsel for either party from showing or using Confidential Information obtained from the opposing party during examination, at deposition or trial, of any current or former officer, employee, or retained expert of the party who designated the information confidential; (c) the disclosure of Confidential Information of a designating party to any person who either authored in whole or in part, or who received while he or she was an officer, employee, or otherwise affiliated with the designating party, the Confidential Information, provided such person signs a Declaration of Compliance with this protective order prior to such disclosure.

18. Nothing herein shall prevent a receiving party from contending (for the purposes of securing an order so providing from the Court) that any or all Confidential Information is not

confidential or otherwise not entitled to protection. Any receiving party may at any time request that the designating party cancel the Confidential Information designation with respect to any document, object, or information. Such request shall be written, shall be served on counsel for the designating party, and shall particularly identify the designated Confidential Information that the receiving party contends is not properly designated and the reasons supporting its contention. If the designating party does not agree to remove the Confidential Information designation, then the party contending that such document(s) or information is not properly designated shall file a motion to be relieved from the restrictions of such designation(s) with respect to the document(s) or information in question. With respect to any such motion, the designating party shall bear the burden of establishing that the document(s) or information is properly designated under the provisions of this Order. Production of documents and things for purpose of inspection and copying shall not constitute a waiver of confidentiality, privilege, or immunity from discovery as to such documents or any other information.

19. All documents and things produced by a party for inspection by the other shall be retained by the party producing the same and, during the pendency of this litigation, shall be made available for reinspection for good cause pursuant to the terms of this Order on reasonable notice and at reasonable times upon request.

20. Inadvertent production of documents or information subject to the attorney-client privilege or work-product immunity (despite the parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the attorney-client privilege or work product immunity if a request for return of such documents or information is made promptly after the producing party learns of its inadvertent production. After receipt of such a request, the receiving party shall return and destroy any copies of such documents within five (5) business days. The party returning inadvertently produced documents may move the Court for an

9

Order compelling production of those documents. The producing party will, within twenty (20) days of giving notice of the inadvertent production of privileged or immune material, provide a privilege log listing the inadvertently produced material.

21. All documents and things produced for inspection may be numbered by the producing party and all produced documents and things which are identified by counsel for the receiving party for copying or imaging at the request of opposing counsel shall be numbered by the producing party.

22. The parties agree that they will not request and are not under any obligation to preserve or produce any correspondence with any retained testifying experts, notes of any oral or written correspondence with any retained testifying experts, notes taken by any retained testifying expert, or any correspondence between the expert and his or her clerical or support staff unless such materials contain information relied upon by said experts in forming their opinions. Nor will the parties request nor are they under any obligation to preserve or produce any drafts of expert reports.

23. This Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed hereunder.

24. Any violation of this Protective Order may constitute a contempt of court, and be punishable as such, and may subject the offending party or non-party to such additional and further remedies as may be available to the aggrieved party or non-party.

25. By submitting this Stipulated Protective Order to the Court, (a) Defendant Watson Laboratories, Inc. is in no way agreeing that the Court has personal jurisdiction over it, and (b) Plaintiff Wyeth is in no way agreeing that Kenyon & Kenyon LLP ("Kenyon") or Amy Hulina may properly serve as counsel for Defendants in this matter and does not waive any right

to object to service by Kenyon or Ms. Hulina as counsel to Defendants in this matter, and no party shall contend to the contrary.

WE HEREBY CONSENT TO THE FORM AND
SUBSTANCE OF THE FOREGOING ORDER:

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | MORRIS JAMES LLP |
|---|---|
| /s/ Jack B. Blumenfeld | /s/ Mary B. Matterer |
| Jack B. Blumenfeld (#1014)<br>Karen Jacobs Louden (#2881)<br>James W. Parrett, Jr. (#4292)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>klouden@mnat.com<br>jparrett@mnat.com | Richard K. Herrmann (#405)<br>Mary B. Matterer (#2696)<br>Amy Arnott Quinlan (#3021)<br>500 Delaware Avenue<br>Suite 1500<br>Wilmington, DE 19801-1494<br>(302) 888-6800<br>rherrmann@morrisjames.com<br>mmatterer@morrisjames.com<br>aquinlan@morrisjames.com |
| *Of Counsel*: | *Of Counsel*: |
| Anthony Herman<br>Jeffrey B. Elikan<br>Eric R. Sonnenschein<br>William D. A. Zerhouni<br>COVINGTON & BURLING LLP<br>1201 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>(202) 662-6000 | John W. Bateman<br>C. Kyle Nusgrove<br>Nicholas J. Nowak<br>Thomas M. Huff<br>KENYON & KENYON LLP<br>1500 K Street, N.W.<br>Washington, D.C. 20005-1257<br>(202) 220-4200 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

SO ORDERED this _____ day of June, 2008.

_____
United States District Court Judge

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WYETH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 08-145 (JJF) |
| | ) |
| WATSON LABORATORIES, INC., and | ) |
| WATSON PHARMACEUTICALS, INC. | ) |
| | ) |
| Defendants. | ) |

**DECLARATION OF COMPLIANCE**

I, _____, have read the attached Protective Order entered in the above-captioned case and understand its terms. In particular, I understand that any information designated as Confidential Information pursuant to that Order shall be used by me solely for the purposes of this litigation and not for any business, competitive, or patent prosecution purposes. By signing this declaration, I agree to be bound by all the terms of the Protective Order entered in this case.

Executed this _____ day of _____

_____