IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 08-145 (JJF) |
| | ) |
| WATSON LABORATORIES, INC. and | ) |
| WATSON PHARMACEUTICALS, INC., | ) |
| | ) |
| Defendants. | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that the attached subpoena is being served on Kenyon & Kenyon.

                  MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                  */s/ Jack B. Blumenfeld*

                  Jack B. Blumenfeld (#1014)
                  Karen Jacobs Louden (#2881)
                  James W. Parrett, Jr. (#4292)
                  1201 North Market Street
                  P.O. Box 1347
                  Wilmington, DE  19899
                  (302) 658-9200
                  jblumenfeld@mnat.com
                  klouden@mnat.com

OF COUNSEL:             jparrett@mnat.com

Anthony Herman           *Attorneys for Plaintiff Wyeth*
Jeffrey B. Elikan
Eric R. Sonnenschein
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 662-6000

July 7, 2008
2398268

CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Richard K. Herrmann, Esquire
>Mary B. Matterer, Esquire
>MORRIS JAMES LLP

I further certify that I caused to be served copies of the foregoing document on July 7, 2008 upon the following in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Mary B. Matterer, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue<br>Suite 1500<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL*<br>*and HAND DELIVERY* |
| John W. Bateman, Esquire<br>C. Kyle Musgrove, Esquire<br>Nicholas J. Nowak, Esquire<br>Thomas M. Huff, Esquire<br>KENYON & KENYON LLP<br>1500 K. Street, N.W.<br>Washington, DC  20005 | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WYETH,

    Plaintiff,

v.

WATSON LABORATORIES, INC. and WATSON PHARMACEUTICALS, INC.,

    Defendants.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 08-145 (JJF)

To: Kenyon & Kenyon
1500 K. Street, N.W.
Washington, DC 20005

| | |
|---|---|
| ☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
| PLACE OF TESTIMONY | COURTROOM |
| | DATE AND TIME |
| ☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
| PLACE OF DEPOSITION | DATE AND TIME |
| ☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): see Exhibit A | |
| PLACE  COVINGTON & BURLING  1201 Pennsylvania Avenue, N.W.  Washington, DC 20004 | DATE AND TIME  July 22, 2008 |
| ☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
| PREMISES | DATE AND TIME |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Jane Blumenfeld  Attorney for Plaintiff | July 7, 2008 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Jack B. Blumenfeld  MORRIS, NICHOLS, ARSHT & TUNNELL LLP  1201 North Market Street, P.O. Box 1347  Wilmington, DE 19899 | TELEPHONE  (302) 658-9200 |

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | Date | Place |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____
　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

Case 1:08-cv-00145-JJF    Document 47-2    Filed 07/07/2008    Page 3 of 6

## DEFINITIONS

1. "Wyeth" means and includes Wyeth and its predecessors and successors in interest, direct or indirect subsidiaries, divisions, departments, joint venture companies, parents or affiliates and all past or present officers, directors, employees, agents, consultants, attorneys or other representatives thereof.

2. "Kenyon" means and includes Kenyon & Kenyon LLP and all past or present attorneys, employees, agents, consultants, or other representatives thereof.

3. The terms "communication", "communications", and "communicating" mean and include transmission of information by one or more persons and/or between two or more persons by any means, including any conversation, discussion, letter, memorandum, meeting, note, correspondence, message, or any other transmittal, transfer, or conveyance of information, whether in person, orally, in writing, electronically (e.g., on the telephone, by facsimile or through e-mail), or by *any* other means, including attachments, enclosures and other communications which are referenced in that communication.

4. The terms "reflecting," discussing," and "relating to" mean refer, relate, summarize, demonstrate, consist of, evidence, depict, reflect, evaluate, constitute, reflect, contain, study, analyze, consider, monitor, explain, mention, show, discuss, describe, evaluate, comment upon, respond to, identify, memorialize, form, concern, or otherwise pertain to the subject matter identified, in whole or in part.

5. Whenever used herein, whether in the specific requests, definitions and/or instructions, the term "and" may be understood to mean "or" and vice versa whenever such construction would result in a broader request for information.

6. The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a). "Document" shall include every writing or record of whatsoever type or kind, including but not limited to memoranda, notes, correspondence, diaries, manuals, reports, books, texts, articles, publications, prior art, charts, tabulations, drawings, invoices, brochures, electronic mail messages, audiotapes, videotapes, computer printouts or other computer documentation, discs, and tapes, and shall also include every copy of a document that, because of handwritten notes or for other reasons, does not identically duplicate every other copy.

7. The *Duramed v. Sandoz* litigation means and includes *Duramed Pharms, Inc. v. Sandoz, Inc., et al.*, No. 3:07-cv-05940-MLC-TJB (D.N.J.) and *Duramed Pharms., Inc. v. Watson Pharma, Inc., et al.*, No. 3:07-cv-05941-MLC-TJB (D.N.J.).

8. Seasonale® means and includes the drug product or products sold by Duramed in the United States pursuant to New Drug Application No. 21-544, the approved use of which is claimed by United States Patent No. Re 39,861.

9. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or."

**REQUESTS FOR PRODUCTION**

1. All documents reflecting communications between any in-house lawyer at Watson, including, without limitation, Amy Hulina, and Kenyon prior to the submission of Abbreviated New Drug Application ("ANDA") 79-218 relating to (i) the decision to submit the ANDA, (ii) any advice or analysis relating to the submission of the ANDA, (iii) U.S. Patent No. 6,500,814, or (iv) Lybrel.

2. All documents reflecting, communicating, or discussing the decision to erect a wall between attorneys at Kenyon as a result of Kenyon's earlier representation of Wyeth, including the date in which the wall was erected.

3. Documents sufficient to identify every timekeeper who billed time to this litigation, preparation for this litigation, analysis or consideration of U.S. Patent No. 6,500,814, or advice or analysis relating to the submission of an Abbreviated New Drug Application for a generic version of Lybrel, and, for each such timekeeper, the dates and amount of time recorded.

4. Documents sufficient to identify every timekeeper who billed time to the *Duramed v. Sandoz* litigation, preparation for that litigation, analysis or consideration of U.S. Patent No. 5,898,032 or U.S. Patent No. Re 39,861, or advice or analysis relating to the submission of an Abbreviated New Drug Application for a generic version of Seasonale®, and, for each such timekeeper, the dates and amount of time recorded.

5. Documents sufficient to identify the Kenyon partner who serves as billing partner for this litigation and for the *Duramed v. Sandoz* litigation.

6. All billing statements sent by Kenyon to Wyeth.

7. All documents reflecting or discussing the decision to terminate Kenyon's representation of Wyeth.