**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

WYETH,

      *Plaintiff*,

    v.

WATSON LABORATORIES, INC. *and*
WATSON PHARMACEUTICALS, INC.,

      *Defendants.*

Civil Action No. 08-cv-00145-JJF

**REDACTED PUBLIC VERSION**

**EXHIBITS TO DEFENDANTS' ANSWERING BRIEF IN OPPOSITION TO
WYETH'S MOTION TO DISQUALIFY KENYON & KENYON LLP AND
AMY HULINA AS COUNSEL FOR DEFENDANTS
VOLUME VII OF VII**

Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
Amy Arnott Quinlan (I.D. #3021)
MORRIS JAMES LLP
500 Delaware Ave., Ste. 1500
Wilmington, DE 19801-1494
Tel: (302) 888-6960
mmatterer@morrisjames.com

*Attorneys for Defendants*

OF COUNSEL
John W. Bateman
C. Kyle Musgrove
Nicholas J. Nowak
Thomas M. Huff
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005
(202) 220-4200

Originally filed: June 30, 2008
Public version filed: July 9, 2008

# EXHIBIT   29



US 20010034340A1

(19) **United States**

(12) **Patent Application Publication** (10) Pub. No.: **US 2001/0034340 A1**
    Pickar                                                      (43) Pub. Date:        **Oct. 25, 2001**

(54) **HORMONE REPLACEMENT THERAPY**

(75) Inventor:    **James H. Pickar**, Springfield, PA (US)

Correspondence Address:
**Egon E. Berg**
**American Home Products Corporation**
**Patent Law Department**
**Five Giralda Farms**
**Madison, NJ 07940 (US)**

(73) Assignee: **American Home Products Corpora-**
             **tion,** Five Giralda Farms, Madison, NJ

(21) Appl. No.:    **09/808,878**

(22) Filed:       **Mar. 15, 2001**

**Related U.S. Application Data**

(63) Non-provisional of provisional application No.
     60/268,607, filed on Feb. 14, 2001, which is a non-
     provisional of provisional application No. 60/190,
     630, filed on Mar. 20, 2000.

**Publication Classification**

(51) **Int. Cl.**[7] ....................... A61K 31/57; A61K 31/565
(52) **U.S. Cl.** .......................................... 514/177; 514/182

(57)                        **ABSTRACT**

This invention relates to methods and pharmaceutical com-
positions for providing hormone replacement therapy in
perimenopausal, menopausal, and postmenopausal women
through the continuous administration of combinations of
conjugated estrogens and medroxyprogesterone acetate.



FIG.1



FIG.2



FIG.3

US 2001/0034340 A1

Oct. 25, 2001

1

## HORMONE REPLACEMENT THERAPY

[0001]  This application claims the benefit of U.S. Provisional Application No. 60/268,607, filed Feb. 14, 2001, and U.S. Provisional Application No. 60/190,630, filed Mar. 20, 2000.

## BACKGROUND

[0002]  This invention relates to methods and pharmaceutical compositions for providing hormone replacement therapy in perimenopausal, menopausal, and postmenopausal women through the continuous administration of combinations of conjugated estrogens and medroxyprogesterone acetate.

[0003]  Menopause is generally defined as the last natural menstrual period and is characterized by the cessation of ovarian function, leading to the substantial diminution of circulating estrogen in the bloodstream. Menopause is usually identified, in retrospect, after 12 months of amenorrhea. It is not a sudden event, but is often preceded by a time of irregular menstrual cycles prior to eventual cessation of menses. Following the cessation of menstruation, the decline in endogenous estrogen concentrations is typically rapid. There is a decrease in serum estrogens from circulating levels ranging from 40-250 pg/mL of estradiol and 40-170 pg/mL of estrone during ovulatory cycles to less than 15 pg/mL of estradiol and 30 pg/mL of estrone in postmenopausal women.

[0004]  As these estrogens decline during the time preceding (perimenopause) and following the menopause (postmenopause), various physiological changes may result, including vulvar and vaginal atrophy causing vaginal dryness, pruritus and dyspareunia, and vasomotor instability manifested as hot flushes. Other menopausal disturbances may include depression, insomnia, and nervousness. The long-term physiologic effects of postmenopausal estrogen deprivation may result in significant morbidity and mortality due to increase in the risk factors for cardiovascular disease and osteoporosis. Menopausal changes in blood lipid levels, a major component of the pathogenesis of coronary heart disease (CHD), may be precursors to increased incidence of ischemic heart disease, atherosclerosis, and other cardiovascular disease. A rapid decrease in bone mass of both cortical (spine) and trabecular (hip) bone can be seen immediately after the menopause, with a total bone mass loss of 1% to 5% per year, continuing for 10 to 15 years.

[0005]  Estrogen replacement therapy (ERT) is beneficial for symptomatic relief of hot flushes and genital atrophy and for prevention of postmenopausal osteoporosis. ERT has been recognized as an advantageous treatment for relief of vasomotor symptoms. There is no acceptable alternative to estrogen treatment for the atrophic changes in the vagina; estrogen therapy increases the vaginal mucosa and decreases vaginal dryness. Long term ERT is the key to preventing osteoporosis because it decreases bone loss, reduces spine and hip fracture, and prevents loss of height. In addition, ERT has been shown to be effective in increasing high density lipoprotein-cholesterol (HDL-C) and in reducing low density lipoprotein cholesterol (LDL-C), affording possible protection against CHD. ERT also can provide antioxidant protection against free radical mediated disorders or disease states. Estrogens have also been reported to confer neuroprotection, and inhibit neurodegenerative disorders, such as Alzheimer's disease (see U.S. Pat. No. 5,554,601, which is hereby incorporated by reference). The following table contains a list of estrogen preparations currently available.

| Estrogen replacement therapies available in the United States and/or Europe | | |
|---|---|---|
| Generic Name | Brand Name | Strength |
| Oral estrogens | | |
| Conjugated equine estrogens (natural) | Premarin | 0.3, 0.625, 0.9, 1.25, 2.5 mg |
| Conjugated estrogens (synthetic) | Cenestin | 0.625, 0.9 mg |
| Esterified estrogens (75–80% estrone sulfate 6–15% equilin sulfate derived from plant sterols) | Estratab | 0.3, 0.625, 1.25, 2.5 mg |
| Estropipate (Piperazine estrone sulfate) | Ogen Ortho-Est | 0.625, 1.25, 2.5 mg |
| Micronized estradiol | Estrace | 0.5, 1.0, 2.0 mg |
| Raloxifene (selective estrogen receptor modulator) | Evista | 60 mg |
| Esterified estrogens and methylestosterone | Estratest | 1.25 mg esterified estrogen and 2.5 mg methylestosterone |
| | Estratest HS | 0.625 mg esterified estrogen and 1.25 mg methylestosterone |
| Estradiol valerate | Climaval | 1 mg, 2 mg |
| Estradiol | Elleste Solo | 1 mg, 2 mg |
| Estradiol | Estrofem | 2 mg |
| Estradiol | Estrofem Forte | 4 mg |
| Piperazine estrone sulfate | Harmogen | 1.5 mg |
| Combination: Estrone | Hormonin | 1.4 mg |
| Estradiol | | 0.6 mg |
| Estriol | | 0.27 mg |
| Estradiol valerate | Progynova | 1 mg, 2 mg |
| Estradiol | Zumenon | 1 mg, 2 mg |
| Transdermal estrogens | | |
| Estradiol | Alora (twice weekly) | 0.025, 0.0375, 0.05, 0.075, |
| | Climara (weekly) | 0.1 mg of estradiol released |

US 2001/0034340 A1

Oct. 25, 2001

2

-continued

Estrogen replacement therapies available in the United States and/or Europe

| Generic Name | Brand Name | Strength |
|---|---|---|
| | Estraderm (2x weekly) | daily (dose options for various |
| | Fem Patch (weekly) | products) |
| | Vivelle (twice weekly) | |
| Estradiol | Dermestril | 25, 50, 100 $\mu$g |
| Estradiol | Estraderm | 25, 50, 100 $\mu$g |
| Estradiol | Evorel (Systen) | 25, 50, 75, 100 $\mu$g |
| Estradiol | Fematrix | 40, 80 $\mu$g |
| Estradiol | Menorest | 25, 37.5, 50, 75 $\mu$g |
| | Progynova TS | |
| Estradiol | And TS Forte (Climara) | 50, 100 $\mu$g |
| Vaginal estrogens | | |
| Conjugated equine estrogens | Premarin vaginal cream | |
| Dienestrol | Ortho dienestrol cream | 0.625 mg/g |
| Estradiol | Estring | 0.1 mg/g |
| Estropipate | Ogen vaginal cream | 7.5 $\mu$g |
| Micronized estradiol | Estrace vaginal cream | 1.5 mg/g |
| | | 1.0 mg/g |

[0006]   To minimize the occurrence of estrogen-related side effects and to maximize the benefit-risk ratio, the lowest dose effective in relief of symptoms and prevention of osteoporosis should be used. Although ERT reduces the relative risk (RR) for ischemic heart disease (RR, 0.50) and osteoporosis (RR, 0.40), the relative risk of endometrial cancer for postmenopausal women with a uterus may be increased. There are extensive clinical data showing that the relative risk of endometrial cancer can be reduced by the addition of a progestin, either sequentially or continuously. The addition of a progestin to estrogen therapy prevents estrogen-induced endometrial proliferation. Continuous combined hormone replacement therapy (HRT), with appropriate doses of daily estrogen and progestin, has been shown to be effective in relieving vaginal atrophy and vasomotor symptoms, preventing postmenopausal osteoporosis, and reducing the risk of endometrial cancer by prevention of endometrial hyperplasia. The following table contains a list of some currently available oral combination HRT products.

Oral Combination HRT Products

| Brand Name | Estrogen/Progestin | Strengths |
|---|---|---|
| Activelle | Estradiol | 1 mg |
| | Norethisterone acetate (NETA) | 0.5 mg |
| Climagest | Estradiol valerate (Climaval) | 1 or 2 mg |
| | Norethisterone (NET) | 1 mg days 17–28 |
| Cyclo Progynova | Estradiol valerate | 1 or 2 mg, days 1–21 |
| | Levonorgestrel | 250 or 500 $\mu$g, days 2–21 |
| Elleste Duet | Estradiol | 1 or 2 mg |
| | Norethisterone acetate | 1 mg days 17–28 |
| Femoston | Estradiol | 1 or 2 mg |
| | Dydrogesterone | 10 or 20 mg |
| Kliogest | Estradiol | 2 mg |
| | Norethisterone acetate | 1 mg |
| Improvera | Piperazine estrone sulfate | 1.5 mg |
| | Medroxyprogesterone acetate (MPA) | 10 mg, days 17–28 |
| Nuvelle | Estradiol valerate (Progynova) | 2 mg |
| | Levonorgestrel | 75 $\mu$g, days 17–28 |
| Premphase | Conjugated estrogens | 0.625 mg |
| | MPA | 5.0 mg |
| Prempro | Conjugated estrogens | 0.625 mg |
| | MPA | 2.5 or 5.0 mg |
| Trisequens | Estradiol | 2 or 4 mg, days 1–22 |
| And | Norethisterone | 1 mg, days 23–28 |
| Trisequens Forte | | 1 mg, days 13–22 |
| Ortho-Prefest | Estradiol | 1.0 mg, days 1–6 |
| | Nogestimate | 0.09 mg, days 4–6 |
| Fembrt 1/5 | Ethinyl estradiol | 1.0 mg |
| | Norethindrone acetate | 5 $\mu$g |

3

[0007] Since it is possible that progestins ameliorate of the favorable estrogen effects on lipids and may potentially impair of glucose tolerance, it is desirable, and an objective to find the lowest dose estrogen plus progestin HRT product, which also minimizes an acceptable endometrial hyperplasia. In addition, a major factor affecting a woman's decision to start and to continue taking HRT is vaginal bleeding, and many women would prefer a bleed-free product. Therefore, another objective is to provide the lowest effective dose which provides an acceptable bleeding pattern. Doses as low as NETA 0.5 mg, NET 0.35 mg, MPA 2.5 mg, levonorgesterel 0.25 mg, and dydrogesterone 5 mg have been used previously in continuous uninterrupted HRT regimens.

BRIEF DESCRIPTION OF THE DRAWINGS

[0008] **FIG. 1** shows the mean number of hot flushes per day in patients receiving PREMARIN plus MPA combinations or placebo.

[0009] **FIG. 2** shows the mean severity of hot flushes in patients receiving PREMARIN plus MPA combinations or placebo.

[0010] **FIG. 3** shows the percentage of patients with amenorrhea in patients receiving PREMARIN plus MPA combinations or placebo.

DESCRIPTION OF THE INVENTION

[0011] The purpose of this invention is to provide the significant benefits of a commercially successful HRT product, such as PREMPRO (0.625 mg conjugated equine estrogens, USP plus 2.5 mg MPA), while lowering the dosage of MPA below that which has previously been demonstrated to be effective, and preferably also lowering the dosage of the conjugated estrogens. This invention provides a method of treating or inhibiting menopausal or postmenopausal disorders in a perimenopausal, menopausal, or postmenopausal woman in need thereof, which comprises providing to said woman, continuously and uninterruptedly over the treatment period, a combination of conjugated estrogens (natural or synthetic) and a daily dosage of about 1.5 medroxyprogesterone acetate (MPA). The dosage is preferably provided as a pharmaceutical composition for use in treating menopausal or postmenopausal disorders which comprises a combination of conjugated estrogens and a dosage of about 1.5 mg MPA. This invention further provides a pharmaceutical pack containing the daily dosage units of conjugated estrogen and MPA for continuous daily administration.

[0012] Conjugated estrogens refer to estrogenic steroidal substances in which one or more functional groups (typically hydroxyl groups) on the steroid exists as a conjugate (typically a sulfate or glucuronide). The conjugated estrogens may be a single conjugated estrogen, or may consist of mixtures of various conjugated estrogens. Numerous conjugated estrogens are described in the literature or are commercially available that are capable of being formulated for use in this invention either as a unitary estrogen, or may be mixed together with other synthetic and/or natural estrogens.

[0013] Conjugated estrogens may also contain other steroidal or non-steroidal compounds, which may, or may not, contribute to the overall biological effect. Such compounds include, but are not limited to, unconjugated estrogens,

androstanes, and pregnanes. Preferred conjugated estrogens for use in this invention are PREMARIN (conjugated equine estrogens, USP) and CENESTIN (synthetic conjugated estrogens, A).

[0014] PREMARIN (conjugated estrogens tablets, USP) for oral administration contains a mixture of estrogens obtained exclusively from natural sources, occurring as the sodium salts of water-soluble estrogen sulfates blended to represent the average composition of material derived from pregnant mares' urine. It is a mixture of sodium estrone sulfate and sodium equilin sulfate, and at least the following 8 concomitant components, also as sodium sulfate conjugates: $17\alpha$-dihydroequilin, $17\alpha$-estradiol, $\Delta$8,9-dehydroestrone, $17\beta$-dihydroequilin, $17\beta$-estradiol, equilenin, $17\alpha$-dihydroequilenin, and $17\beta$-dihydroequilenin. The make up of PREMARIN of PREMARIN is currently being analyzed, and other components are in the process of being identified and characterized. PREMARIN is indicated in the treatment of moderate to severe vasomotor symptoms associated with the menopause; treatment of vulvar and vaginal atrophy; and prevention of osteoporosis, as well as other indications approved for estrogen products.

[0015] CENESTIN (synthetic conjugated estrogens, A) tablets for oral administration contain a blend of 9 synthetic estrogenic substances: sodium estrone sulfate, sodium $17\alpha$-dihydroequilin sulfate, sodium $17\alpha$-estradiol sulfate, sodium equilenin sulfate, sodium $17\alpha$-dihydroequilenin sulfate, sodium equilin sulfate, sodium $17\beta$-dihydroequilin sulfate, sodium $17\beta$-estradiol sulfate, sodium $17\alpha$-dihydroequilenin sulfate. CENESTIN is indicated in the treatment of moderate to severe vasomotor symptoms associated with the menopause.

[0016] PREMARIN, CENESTIN, and medroxyprogesterone acetate are all available from commercial sources (Wyeth-Ayerst—PREMARIN and medroxyprogesterone acetate; Duramed—CENESTIN). It is preferred that the dosage of MPA is about 1.5 mg per day. It is preferred that the conjugated estrogen constituent is PREMARIN. It is preferred that the dosage of PREMARIN is about 0.625 mg per day or less, and is more preferred that the dosage of PREMARIN is either about 0.45 mg per day or about 0.30 mg per day.

[0017] As used in accordance with this invention, the term "menopausal or postmenopausal disorder" refers to conditions, disorders, or disease states that are at least partially caused by the decreased estrogen production occurring during the perimenopausal, menopausal, or post-menopausal stages of a woman's life. Such disorders typically include, but are not limited to, one or more of, vaginal and vulvar atrophy, vasomotor instability, urinary incontinence, and increased risk of developing osteoporosis, cardiovascular disease, and diseases related to the oxidative damage from free radicals. As used herein, menopausal also includes conditions of decreased estrogen production that may be surgically, chemically, or be caused by a disease state which leads to premature diminution or cessation of ovarian function.

[0018] The term "daily" means that the dosage is to be administered at least once daily. The frequency may is preferred to be once daily, but may be more than once daily, provided that any specified daily dosage is not exceeded.

[0019] The term "combination" of conjugated estrogens and MPA means that the daily dosage of each of the

4

components of the combination is administered during the treatment day. The components of the combination are preferably administered at the same time; either as a unitary dosage form containing both components, or as separate dosage units; the components of the combination can be administered at different times during the day, provided that the desired daily dosage is achieved.

[0020] The term "continuous and uninterrupted" means that there is no break in the treatment regimen, during the treatment period. Thus, "continuous, uninterrupted administration" of a combination, means that the combination is administered at least once daily during the entire treatment period. It is expected that the treatment period for the combination of conjugated estrogens and MPA will be for at least 30 days, preferably 120 days, and most preferably as long term treatment, and possibly indefinite, as one of the primary reasons for administering combinations of conjugated estrogens and MPA is to treat or inhibit menopausal or postmenopausal disorders. Treatment periods also may vary depending on the symptoms to be treated. For example, for the treatment of vasomotor symptoms, it is preferred that the treatment may last from one month to several years, depending on the severity and duration of the symptoms. Physician evaluation along with patient interaction will assist the determination of the duration of treatment. For the treatment or inhibition of osteoporosis, it is preferred that the treatment period could last from six months to a number of years, or indefinitely.

[0021] This invention, also covers short term treatments or treatments of a finite term, that may be less than the 30 day preferred treatment period. It is anticipated that a patient may miss, or forget to take, one or a few dosages during the course of a treatment regimen, however, such patient is still considered to be receiving continuous, uninterrupted administration.

[0022] The term "fixed daily dosage" means that the same dosage is given every day during the treatment period. It is preferred that the MPA is given in a fixed daily dosage of about 1.5 mg, with an appropriate dose of conjugated estrogens, preferably equivalent to about 0.45 mg or about 0.30 PREMARIN. One aspect of this invention also covers situations in which a fixed daily dosage of the conjugated estrogens plus MPA combination is not given every day during the treatment period. For example, the dosage of a patient may need to be adjusted (either up or down), to achieve the desired effect during the middle of a treatment period.

[0023] The term "providing," with respect to providing a dosage of one or both of the components of this invention, means either directly administering such a component of this invention, or administering a prodrug, derivative, or analog which will form the equivalent amount of the component within the body.

[0024] It is preferred that the conjugated estrogens plus MPA combinations of this invention are provided orally. The specific dosages of conjugated estrogens plus MPA combinations of this invention that are disclosed herein are oral dosages.

[0025] The ability of the conjugated estrogens plus MPA combinations of this invention to treat or inhibit menopausal or postmenopausal disorders was confirmed in a double

blind clinical study of postmenopausal women using combinations of PREMARIN plus MPA, or placebo. In this study, patients received continuous and uninterrupted treatment for 13 cycles (1 year). The relief of vasomotor symptoms, prevention of endometrial hyperplasia, and effects on lipids, vaginal bleeding were measured throughout the study. Additionally, the effect on bone mineral density was evaluated in patients who received continuous and uninterrupted treatment for up to 26 cycles (2 years).

[0026] Vasomotor instability is a menopausal or postmenopausal disorder which is often manifested as hot flushes. In the clinical study described above, relief of vasomotor symptoms was analyzed in a subset of patients who experienced at least an average of 7-8 moderate-to-severe hot flushes per day during the 7-day period just prior to the initiation of treatment in this study. The results obtained are summarized in the tables below. The first table shows the mean number of flushes, and the second table shows the mean daily severity of the flushes. These results are also shown in FIGS. 1 and 2.

| Mean Number (± S.E.) of Hot Flushes Per Day | | | | |
|---|---|---|---|---|
| | | Treatment Group | | |
| Week | Placebo | 0.625 P + 2.5 M* | 0.45 P + 1.5 M | 0.3 P + 1.5 M |
| 1 | 9.41 ± 0.81 | 9.50 ± 0.73 | 9.99 ± 0.79 | 10.60 ± 0.76 |
| 2 | 8.55 ± 0.80 | 6.38 ± 0.72 | 6.98 ± 0.80 | 6.88 ± 0.74 |
| 3 | 8.51 ± 0.76 | 4.47 ± 0.69 | 4.47 ± 0.76 | 4.62 ± 0.71 |
| 4 | 8.09 ± 0.72 | 3.38 ± 0.66 | 3.23 ± 0.72 | 3.84 ± 0.67 |
| 8 | 7.10 ± 0.65 | 1.55 ± 0.61 | 1.49 ± 0.65 | 2.41 ± 0.60 |
| 12 | 5.36 ± 0.55 | 1.16 ± 0.49 | 0.94 ± 0.53 | 1.13 ± 0.50 |

*Daily dosages of P (PREMARIN) and M (MPA).

[0027]

| Mean Severity (± S.E.) of Hot Flushes | | | | |
|---|---|---|---|---|
| | | Treatment Group | | |
| Week | Placebo | 0.625 P + 2.5 M* | 0.45 P + 1.5 M | 0.3 P + 1.5 M |
| 1 | 2.10 ± 0.10 | 2.08 ± 0.09 | 2.14 ± 0.10 | 2.07 ± 0.10 |
| 2 | 2.06 ± 0.13 | 1.75 ± 0.12 | 1.78 ± 0.13 | 1.73 ± 0.12 |
| 3 | 1.97 ± 0.14 | 1.36 ± 0.13 | 1.42 ± 0.15 | 1.48 ± 0.14 |
| 4 | 2.03 ± 0.15 | 1.07 ± 0.14 | 1.21 ± 0.15 | 1.45 ± 0.14 |
| 8 | 1.75 ± 0.16 | 0.54 ± 0.14 | 0.70 ± 0.16 | 0.87 ± 0.14 |
| 12 | 1.57 ± 0.16 | 0.51 ± 0.14 | 0.51 ± 0.16 | 0.56 ± 0.14 |

*Daily dosages of P (PREMARIN) and M (MPA).

[0028] As shown in both tables and Figures, all dosages of PREMARIN plus MPA reduced the number and severity of hot flushes experienced by the women in this clinical study compared with women taking placebo. All differences from placebo were significant (p<0.05) by weeks 3-4. It was unexpected, however, that the lower dosages of PRE-MARIN (0.45 and 0.3 mg) and MPA (1.5 mg), would rapidly reduce the number and severity of hot flushes to the same extent as the higher dose combination containing 0.625 mg PREMARIN plus 2.5 mg MPA.

[0029] Vaginal atrophy is a common menopausal or postmenopausal disorder leading to vaginal dryness, pruritus,

5

and dyspareunia. Vaginal atrophy results from a sloughing of vaginal epithelial cells which are not replaced, leading to a thinning of the vaginal lining. The effects of the lower dose conjugated estrogen plus MPA regimens on vaginal atrophy were evaluated by comparing the vaginal maturation index of superficial cells at baseline, and after cycles 6 and 13 of treatment. The vaginal maturation index is a measure of the number of superficial vaginal epithelial cells. An increase (positive number) in the vaginal maturation index indicates a reversal (successful treatment) of vaginal atrophy. The following table summarizes the results obtained.

| Vaginal Maturation Index for Superficial Cells - Median Change from Baseline | | |
|---|---|---|
| Treatment Group | Cycle 6 | Cycle 13 |
| 0.625 P + 2.5 M* | 10 | 10 |
| 0.45 P + 1.5 M | 10 | 10 |
| 0.3 P + 1.5 M | 10 | 10 |
| Placebo | 0 | 0 |

*Daily dosages of P (PREMARIN) and M (MPA).

[0030]  These data show that all the evaluated dosages of conjugated estrogens plus MPA provided significant (p<0.001) improvement in the vaginal maturation index versus placebo, demonstrating their ability to successfully treat or inhibit vaginal atrophy. It is notable that the lower dosages of conjugated estrogens plus MPA were as equally as effective as the 0.625 mg PREMARIN plus 2.5 mg MPA dosage in facilitating the growth of the vaginal superficial cells.

[0031]  As HRT using estrogens alone has been shown to increase the relative risk of endometrial hyperplasia in postmenopausal women with a uterus, the incidence of endometrial hyperplasia was evaluated in the clinical study for patients treated with PREMARIN plus MPA treated groups and placebo. Two independent pathologists evaluated endometrial biopsies in a blinded fashion. A patient was considered to have endometrial hyperplasia if both of the primary pathologists agreed on the diagnosis. If they disagreed, a third pathologist was consulted, and the diagnosis of hyperplasia was based on the diagnosis of the majority. The following table summarizes the results obtained after 13 cycles of treatment.

| Percent of Patients Developing Endometrial Hyperplasia | | | |
|---|---|---|---|
| Treatment Group (Dosage)* | No. Hyperplasias | No. Patients/Group | Hyperplasia Rate (%) |
| Placebo | 0 | 261 | 0.00 |
| PREMARIN/MPA (0.625/2.5) | 0 | 278 | 0.00 |
| PREMARIN/MPA (0.45/1.5) | 1 | 272 | 0.37 |
| PREMARIN/MPA (0.3/1.5) | 1 | 272 | 0.37 |

*All dosages are in mg/day

[0032]  These results showed that that the use of conjugated equine estrogens/MPA at a dosage of 0.625/2.5 mg/day effectively prevented the development of endometrial hyperplasia. The results also show the unexpected result that lowering the dosage of MPA to 1.5 mg/day in PRE-

MARIN plus MPA combinations, also continued to effectively inhibit the development of endometrial hyperplasia. The difference between the results obtained in the 1.5 mg MPA treatment groups and 2.5 mg MPA treatment groups was not statistically significant.

[0033]  In providing an HRT regimen that will be acceptable to menopausal or postmenopausal women, it is highly desirable that the regimen produce a high rate of amenorrhea, as most of these women prefer a product which does not cause spotting or breakthrough bleeding. The following table shows the percent of women experiencing amenorrheic cycles at during cycles 1, 3, 6, 9, and 13.

| | Percent Cycles of Amenorrhea | | | |
|---|---|---|---|---|
| | Treatment Group | | | |
| Cycle | Placebo | 0.625 P + 2.5 M | 0.45 P + 1.5 M | 0.3 P + 1.5 M |
| 1 | 91.1 | 51.3 | 71.1 | 75.2 |
| 3 | 96.4 | 54.9 | 70.3 | 80.4 |
| 6 | 91.8 | 68.4 | 72.8 | 85.1 |
| 9 | 93.6 | 70.8 | 80.5 | 86.6 |
| 13 | 95.2 | 77.4 | 79.8 | 88.4 |

*Daily dosages of P (PREMARIN) and M (MPA).

[0034]  The results show that greater than 90 percent of women receiving placebo were amenorrheic throughout the study. While the percent of amenorrheic women receiving daily dosages of 0.625 mg PREMARIN plus 2.5 mg MPA is satisfactory, as measured by the commercial success of PREMPRO (0.625 mg conjugated equine estrogens plus 2.5 mg MPA), lowering the dosages of PREMARIN to either 0.45 mg or 0.3 mg and MPA to 1.5 mg, produced an equal, if not significantly better (0.3 mg PREMARIN plus 1.5 mg MPA) percent of women achieving amenorrhea, while still maintaining the other benefits of HRT. Additionally, as shown in the above table, and in FIG. 3, a higher percentage of amenorrhea was achieved more rapidly with the lower dose combinations.

[0035]  It is well known that the addition of progestins to ERT regimens may ameliorate some of the beneficial cardioprotective effects conferred by the estrogen, or even produce deleterious effects on the lipid levels. In this study total cholesterol (TC), HDL, $HDL_2$, and LDL levels were measured. There was a general dose-response trend between treatment groups, that showed more favorable lipid profiles with higher doses of PREMARIN and lower doses of MPA. Patients receiving 0.625 mg PREMARIN+2.5 mg MPA had slight reductions in TC, significant increases in HDL and

HDL$_2$, and significant decreases in levels of LDL. The 0.45 mg PREMARIN plus 1.5 mg MPA dosage produced a similar favorable profile (but of less magnitude) to 0.625 mg PREMARIN+2.5 mg MPA treated women. Women treated with 0.3 mg PREMARIN plus 1.5 mg MPA had a less favorable lipid profile (TC, HDL, HDL$_2$ and LDL), than women treated, with 0.625 mg PREMARIN plus 2.5 mg MPA, however, this profile was still better than those receiving placebo.

[0036] During the study, adverse events were recorded and analyzed. Treatment emergent adverse events were consistent with those seen with hormone therapy. With the exception of breast pain, the side effect profile was comparable between the PREMARIN plus MPA treatment groups. Women receiving the daily dosage of 0.3 mg PREMARIN plus 1.5 mg MPA experienced significantly less breast pain than the women taking 0.625 mg PREMARIN plus 2.5 mg MPA.

[0037] In summary the results of the clinical study demonstrated that conjugated estrogen HRT regimens containing dosages of 1.5 mg/day of MPA were equally effective in treating menopausal or postmenopausal disorders as the regimens containing the higher dose of 2.5 mg MPA (0.625 mg PREMARIN plus 2.5 mg MPA, in particular). Higher rates of amenorrhea were also achieved more rapidly.. Additionally, less breast tenderness was observed in women taking 0.3 mg PREMARIN plus 1.5 mg MPA, than in women taking the commercially available 0.625 mg PREMARIN plus 2.5 mg MPA combination.

[0038] It is well known that a rapid decrease in bone mass of both cortical (spine) and trabecular (hip) bone can be seen immediately after the menopause, with a total bone mass loss of 1% to 5% per year, continuing for 10 to 15 years. In the clinical study described above, bone mineral density (BMD) was determined using dual energy x-ray absorptiometry (DEXA) measurements of the lumbar spine (L2-L4), femoral neck, trochanter, and total body. BMD measurements were made at least twice pre-study (7-14 days apart but not to exceed 3 weeks), during cycles 6, 13, 19, and twice during cycle 26 (7-14 days apart but not to exceed 3 weeks). The final visit results (cycle 26) are summarized in the table below.

gated estrogens plus MPA inhibited or retarded bone demineralization. These data also show that combinations of conjugated estrogens plus MPA actually increased the bone mineral density relative to pre-study baseline levels, and also relative to patients receiving placebo.

[0040] Based on the results observed in the clinical study described above, it has been found that the continuous and uninterrupted administration of a combination conjugated estrogens plus a dosage of about mg per of medroxyprogesterone acetate is useful in treating or inhibiting menopausal or postmenopausal disorders in perimenopausal, menopausal, or postmenopausal women. More particularly, the combinations described herein are useful in treating or inhibiting vaginal or vulvar atrophy; atrophic vaginitis; vaginal dryness; pruritus; dyspareunia; dysuria; frequent urination; urinary incontinence; urinary tract infections; vasomotor symptoms, including hot flushes, myalgia, arthralgia, insomnia, irritability, and the like; inhibiting or retarding bone demineralization; increasing bone mineral density; and treating or inhibiting osteoporosis.

[0041] The combinations of this invention also exert a cardioprotective effect in perimenopausal, menopausal, and postmenopausal women, and are therefore useful in lowering cholesterol, triglycerides, Lp(a), and LDL levels; inhibiting or treating hypercholesteremia; hyperlipidemia; cardiovascular disease; atherosclerosis; peripheral vascular disease; restenosis, and vasospasm; and inhibiting vascular wall damage from cellular events leading toward immune mediated vascular damage.

[0042] The combinations of this invention are antioxidants, and are therefore useful in inhibiting disorders or disease states which involve free radicals. More particularly, the combinations of this invention are useful in treating or inhibiting free radical involvement in the development of cancers, central nervous system disorders, Alzheimer's disease, bone disease, aging, inflammatory disorders, peripheral vascular disease, rheumatoid arthritis, autoimmune diseases, respiratory distress, emphysema, prevention of reperfusion injury, viral hepatitis, chronic active hepatitis, tuberculosis, psoriasis, systemic lupus erythematosus, amyotrophic lateral sclerosis, aging effects, adult respiratory distress syndrome, central nervous system trauma and stroke, or injury during reperfusion procedures.

| Percent BMD Change ($\pm$ S.E.) From Baseline at Final Visit | | | | |
|---|---|---|---|---|
| Treatment Group | Lumbar Spine | Femoral Neck | Trochanter | Total Body |
| Placebo | $-2.63 \pm 0.37^*$ | $-1.97 \pm 0.46^*$ | $0.82 \pm 0.58$ | $-1.56 \pm 0.17^*$ |
| 0.625 P + 2.5 M* | $3.77 \pm 0.37^{*,\#}$ | $1.67 \pm 0.46^{*,\#}$ | $4.05 \pm 0.59^{*,\#}$ | $0.96 \pm 0.18^{*,\#}$ |
| 0.45 P + 1.5 M | $2.45 \pm 0.37^{*,\#}$ | $1.43 \pm 0.47^{**,\#}$ | $3.60 \pm 0.59^{*,\#}$ | $0.56 \pm 0.18^{*,\#}$ |
| 0.3 P + 1.5 M | $1.77 \pm 0.36^{*,\#}$ | $1.51 \pm 0.44^{*,\#}$ | $4.66 \pm 0.56^{*,\#}$ | $0.55 \pm 0.17^{*,\#}$ |

*Daily dosages of P (PREMARIN) and M (MPA).
*Statistically significant ($p < 0.001$) change from baseline.
**Statistically significant ($p = 0.004$) change from baseline.
#Statistically significant ($p < 0.001$) difference from placebo.

[0039] The results showed that all dosages of PREMARIN plus MPA significantly increased the BMD versus baseline and placebo in the lumbar spine, femoral neck, trochanter, and total body demonstrating that combinations of conju-

[0043] The combinations of this invention are useful in treating or inhibiting dementias, neurodegenerative disorders, and Alzheimer's disease; providing neuroprotection or cognition enhancement.

US 2001/0034340 A1

7

Oct. 25, 2001

[0044] The conjugated estrogens and medroxyprogesterone acetate described in this invention can be either formulated as separate tablets or as a unitary combination tablet.

[0045] Either of the components or the combination may be formulated neat or may be combined with one or more pharmaceutically acceptable carriers for administration. For example, solid carriers include starch, lactose, dicalcium phosphate, microcrystalline cellulose, sucrose and kaolin, while liquid carriers include sterile water, polyethylene glycols, non-ionic surfactants and edible oils such as corn, peanut and sesame oils, as are appropriate to the nature of the active ingredient and the particular form of administration desired. Adjuvants customarily employed in the preparation of pharmaceutical compositions may be advantageously included, such as flavoring agents, coloring agents, preserving agents, and antioxidants, for example, vitamin E, ascorbic acid, BHT and BHA.

[0046] The preferred pharmaceutical compositions from the standpoint of ease of preparation and administration are solid compositions, particularly tablets and hard-filled or liquid-filled capsules. Oral administration of the compounds is preferred.

[0047] Conjugated estrogens and MPA can be formulated in a number of ways to provide a single combination dosage form. Conjugated estrogens can be incorporated within the core of a compressed tablet and the progestin can be placed in an overcoating consisting of a compressed, film or sugar coat, as described in U.S. Pat. No. 5,547,948, which is hereby incorporated by reference. The tablets described in U.S. Pat. No. 5,547,948 are suitable for formulation of the conjugated estrogens and MPA described in this invention as a unitary tablet. U.S. Pat. No. 5,908,638, which is hereby incorporated by reference, also describes combination tablets which are suitable for formulation of the conjugated estrogens and MPA described in this invention as a unitary tablet.

[0048] Conjugated estrogens may be formulated in a core containing the conjugated estrogens, and several components including alcohol, hydroxypropyl methyl cellulose, lactose monohydrate, magnesium stearate, and starch. The core can be covered with a coating made from components such as ethylcellulose, and triethyl citrate.

[0049] Both components can be incorporated in the compressed tablet core or in a tablet coating formulated to maintain drug stability and provide adequate oral bioavailability. For example, the progestin can be micronized.

[0050] Conjugated estrogens can be incorporated in granules, spheroids or other multiparticulate forms, and, if necessary, coated to provide adequate stability. These multiparticulates can be combined, in the appropriate proportions, with a powder blend, granulation or multiparticulates containing the progestin and incorporated into hard gelatin capsules.

[0051] This invention also provides a pharmaceutical does pack, containing any number of daily pharmaceutical dosage units. Preferably, and conventionally, the pack contains 28 tablets or multiples thereof. The pack should indicate that the dosage units are to be taken consecutively on a daily basis until the treatment period has ended, or until the pack has been completed. The next pack should be started on the next consecutive day. For combinations containing a unitary

dosage tablet containing both conjugated estrogens and MPA, it is preferable that the pack contain one tablet corresponding to each day of administration. For combinations containing separate dosage units of conjugated estrogens and MPA, it is preferable that each one tablet of each correspond to each given day's administration, as indicated on the pill pack.

1. A method of treating or inhibiting menopausal or postmenopausal disorders in a perimenopausal, menopausal, or postmenopausal woman in need thereof, which comprises orally providing to said woman continuously and uninterruptedly over the treatment period, a combination of conjugated estrogens and a daily dosage of about 1.5 mg of medroxyprogesterone acetate.

2. The method according to claim 1, wherein the conjugated estrogens is conjugated equine estrogens, USP.

3. The method according to claim 2, wherein the daily dosage of conjugated equine estrogens is between about 0.625 mg and about 0.3 mg.

4. The method according to claim 3, wherein the daily dosage of conjugated equine estrogens, USP is between about 0.45 mg and about 0.3 mg.

5. The method according to claim 4, wherein the daily dosage of conjugated equine estrogens, USP is about 0.3 mg.

6. The method according to claim 1, wherein the conjugated estrogens is synthetic conjugated estrogens, A.

7. A method of treating or inhibiting vasomotor symptoms in a perimenopausal, menopausal, or postmenopausal woman in need thereof, which comprises orally providing to said woman continuously and uninterruptedly over the treatment period, a combination of conjugated estrogens and a daily dosage of about 1.5 mg of medroxyprogesterone acetate.

8. The method according to claim 7, wherein the conjugated estrogens is conjugated equine estrogens, USP.

9. The method according to claim 8, wherein the daily dosage of conjugated equine estrogens is between about 0.625 mg and about 0.3 mg.

10. The method according to claim 9, wherein the daily dosage of conjugated equine estrogens, USP is between about 0.45 mg and about 0.3 mg.

11. The method according to claim 10, wherein the daily dosage of conjugated equine estrogens, USP is about 0.3 mg.

12. The method according to claim 8, wherein the vasomotor symptom is hot flushes.

13. The method according to claim 7, wherein the conjugated estrogens is synthetic conjugated estrogens, A.

14. The method according to claim 13, wherein the vasomotor symptom is hot flushes.

15. A method of inhibiting or retarding bone demineralization or treating or inhibiting osteoporosis in a perimenopausal, menopausal, or postmenopausal woman in need thereof, which comprises orally providing to said woman continuously and uninterruptedly over the treatment period, a combination of conjugated estrogens and a daily dosage of about 1.5 mg of medroxyprogesterone acetate.

16. The method according to claim 15, wherein the conjugated estrogens is conjugated equine estrogens, USP.

17. The method according to claim 16, wherein the daily dosage of conjugated equine estrogens is between about 0.625 mg and about 0.3 mg.

18. The method according to claim 17, wherein the daily dosage of conjugated equine estrogens, USP is between about 0.45 mg and about 0.3 mg.

8

**19.** The method according to claim 18, wherein the daily dosage of conjugated equine estrogens, USP is about 0.3 mg.

**20.** A method of treating or inhibiting vaginal or vulvar atrophy; atrophic vaginitis; vaginal dryness; pruritus; dyspareunia; dysuria; frequent urination; urinary incontinence; urinary tract infections in a perimenopausal, menopausal, or postmenopausal woman in need thereof, which comprises orally providing to said woman continuously and uninterruptedly over the treatment period, a combination of conjugated estrogens and a daily dosage of about 1.5 mg of medroxyprogesterone acetate.

**21.** The method according to claim 20, wherein the conjugated estrogens is conjugated equine estrogens, USP.

**22.** The method according to claim 21, wherein the daily dosage of conjugated equine estrogens is between about 0.625 mg and about 0.3 mg.

**23.** The method according to claim 22, wherein the daily dosage of conjugated equine estrogens, USP is between about 0.45 mg and about 0.3 mg.

**24.** The method according to claim 23, wherein the daily dosage of conjugated equine estrogens, USP is about 0.3 mg.

**27.** A method of lowering cholesterol, triglycerides, Lp(a), or LDL levels; inhibiting or treating hypercholesteremia; hyperlipidemia; cardiovascular disease; atherosclerosis; peripheral vascular disease; restenosis, vasospasm; or inhibiting vascular wall damage from cellular events leading toward immune mediated vascular damage, in a perimenopausal, menopausal, or postmenopausal woman in need thereof, which comprises orally providing to said woman continuously and uninterruptedly over the treatment period, a combination of conjugated estrogens and a daily dosage of about 1.5 mg of medroxyprogesterone acetate.

**28.** The method according to claim 27, wherein the conjugated estrogens is conjugated equine estrogens, USP.

**29.** The method according to claim 28, wherein the daily dosage of conjugated equine estrogens is between about 0.625 mg and about 0.3 mg.

**30.** The method according to claim 29, wherein the daily dosage of conjugated equine estrogens, USP is between about 0.45 mg and about 0.3 mg.

**31.** The method according to claim 30, wherein the daily dosage of conjugated equine estrogens, USP is about 0.3 mg.

**32.** A method of treating or inhibiting free radical involvement in the development of cancers, central nervous system disorders, Alzheimer's disease, bone disease, aging, inflammatory disorders, peripheral vascular disease, rheumatoid arthritis, autoimmune diseases, respiratory distress, emphysema, prevention of reperfusion injury, viral hepatitis, chronic active hepatitis, tuberculosis, psoriasis, systemic lupus erythematosus, amyotrophic lateral sclerosis, aging effects, adult respiratory distress syndrome, central nervous system trauma and stroke, or injury during reperfusion procedures in a perimenopausal, menopausal, or postmenopausal woman in need thereof, which comprises orally providing to said woman continuously and uninterruptedly over the treatment period, a combination of conjugated estrogens and a daily dosage of about 1.5 mg of medroxyprogesterone acetate.

**33.** The method according to claim 32, wherein the conjugated estrogens is conjugated equine estrogens, USP.

**34.** The method according to claim 33, wherein the daily dosage of conjugated equine estrogens is between about 0.625 mg and about 0.3 mg.

**35.** The method according to claim 34, wherein the daily dosage of conjugated equine estrogens, USP is between about 0.45 mg and about 0.3 mg.

**36.** The method according to claim 35, wherein the daily dosage of conjugated equine estrogens, USP is about 0.3 mg.

**37.** A method of treating or inhibiting dementias, neurodegenerative disorders, and Alzheimer's disease; providing neuroprotection or cognition enhancement in a perimenopausal, menopausal, or postmenopausal woman in need thereof, which comprises orally providing to said woman continuously and uninterruptedly over the treatment period, a combination of conjugated estrogens and a daily dosage of about 1.5 mg of medroxyprogesterone acetate.

**38.** The method according to claim 37, wherein the conjugated estrogens is conjugated equine estrogens, USP.

**39.** The method according to claim 38, wherein the daily dosage of conjugated equine estrogens is between about 0.625 mg and about 0.3 mg.

**40.** The method according to claim 39, wherein the daily dosage of conjugated equine estrogens, USP is between about 0.45 mg and about 0.3 mg.

**41.** The method according to claim 40, wherein the daily dosage of conjugated equine estrogens, USP is about 0.3 mg.

**42.** A pharmaceutical composition for use in treating menopausal or postmenopausal disorders, which comprises conjugated estrogens, a dosage of about 1.5 mg medroxyprogesterone acetate, and a pharmaceutical carrier.

**43.** The composition according to claim 42, wherein the conjugated estrogens is conjugated equine estrogens, USP.

**44.** The composition according to claim 43, wherein the dosage of conjugated equine estrogens, USP is about 0.45 mg.

**45.** The composition according to claim 43, wherein the dosage of conjugated equine estrogens, USP is about 0.30 mg.

**46.** A pharmaceutical oral dosage unit which comprises which comprises conjugated estrogens, a dosage of about 1.5 mg of medroxyprogesterone acetate, and a pharmaceutical carrier.

**47.** The dosage unit according to claim 46, wherein the conjugated estrogens is conjugated equine estrogens, USP.

**48.** The dosage unit according to claim 47, wherein the medroxyprogesterone acetate is micronized.

**49.** The dosage unit according to claim 47, wherein the dosage of conjugated equine estrogens, USP is about 0.45 mg.

**50.** The dosage unit according to claim 47, wherein the dosage of conjugated equine estrogens, USP is about 0.30 mg.

**51.** A method of minimizing or reducing levels of breast pain in a woman receiving hormone replacement therapy, which comprises orally providing to said woman continuously and uninterruptedly over the treatment period, a combination of conjugated estrogens and a daily dosage of about 1.5 mg of medroxyprogesterone acetate.

**52.** The method according to claim 51, wherein the conjugated estrogens is conjugated equine estrogens, USP.

**53.** The method according to claim 52, wherein the daily dosage of conjugated equine estrogens is between about 0.625 mg and about 0.3 mg.

**54.** The method according to claim 53, wherein the daily dosage of conjugated equine estrogens, USP is between about 0.45 mg and about 0.3 mg.

**55**. The method according to claim 54, wherein the daily dosage of conjugated equine estrogens, USP is about 0.3 mg.

**56**. A method of minimizing spotting or breakthrough bleeding; or achieving amenorrhea in a woman receiving hormone replacement therapy, which comprises orally providing to said woman continuously and uninterruptedly over the treatment period, a combination of conjugated estrogens and a daily dosage of about 1.5 mg of medroxyprogesterone acetate.

**57**. The method according to claim 56, wherein the time for minimizing spotting or breakthrough bleeding or achieving the onset of amenorrhea is hastened.

**58**. The method according to claim 57, wherein the conjugated estrogens is conjugated equine estrogens, USP.

**59**. The method according to claim 58, wherein the daily dosage of conjugated equine estrogens is between about 0.625 mg and about 0.3 mg.

**60**. The method according to claim 59, wherein the daily dosage of conjugated equine estrogens, USP is between about 0.45 mg and about 0.3 mg.

**61**. The method according to claim 60, wherein the daily dosage of conjugated equine estrogens, USP is about 0.3 mg.

**62**. A method of increasing bone mineral density in a perimenopausal, menopausal, or postmenopausal woman in need thereof, which comprises orally providing to said woman continuously and uninterruptedly over the treatment period, a combination of conjugated estrogens and a daily dosage of about 1.5 mg of medroxyprogesterone acetate.

**63**. The method according to claim 62, wherein the conjugated estrogens is conjugated equine estrogens, USP.

**64**. The method according to claim 63, wherein the daily dosage of conjugated equine estrogens is between about 0.625 mg and about 0.3 mg.

**65**. The method according to claim 64, wherein the daily dosage of conjugated equine estrogens, USP is between about 0.45 mg and about 0.3 mg.

**66**. The method according to claim 65, wherein the daily dosage of conjugated equine estrogens, USP is about 0.3 mg.

**67**. The pharmaceutical composition according to claim 42, wherein the conjugated estrogens is synthetic conjugated estrogens, A.

**68**. The pharmaceutical dosage unit according to claim 46, wherein the conjugated estrogens is synthetic conjugated estrogens, A.

\*  \*  \*  \*  \*

# EXHIBIT   30

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WYETH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. _____ |
| ) | |
| DR. BERNARD M.J. WOLFE, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DECLARATORY RELIEF

### Introduction

Wyeth brings this action for declaratory relief pursuant to 28 U.S.C. § 2201.  Wyeth and

Defendant, Dr. Bernard M.J. Wolfe ("Wolfe") are parties to a series of agreements by which

Wolfe granted to Wyeth a license under certain patent rights related to hormone replacement

therapy for the treatment of menopause symptoms.  Wolfe recently filed a civil action in the

Superior Court of Justice of Ontario, Canada in which he alleges, among other things, that Wyeth

has breached the parties' agreements and breached a fiduciary duty it allegedly owed Wolfe by

misappropriating Wolfe's confidential information.  In this action, Wyeth seeks a declaratory

judgment that Wyeth did not misappropriate any confidential information of Wolfe's in breach

of the agreements or otherwise; and further, that any breach of contract, breach of fiduciary duty

or misappropriation claim against Wyeth related to the subject matter of the parties' agreements

is barred by the applicable Pennsylvania Statute of Limitations.

## THE PARTIES

1.      Wyeth, formerly American Home Products Corp. ("Wyeth"), is a corporation organized and existing under the laws of the State of Delaware, and has a place of business at 5 Giralda Farms, Madison, New Jersey.  Wyeth's Pharmaceutical Division has a place of business at 500 Arcola Road, Collegeville, Pennsylvania.

2.      On information and belief, Defendant Wolfe resides at 17 Metamara Cres., London, Ontario N6G 1R2, Canada and is a retired professor at the University of Western Ontario.

## JURISDICTION & VENUE

3.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      This Court has personal jurisdiction over the defendant pursuant to 42 Pa. Cons. Stat. § 5322 because Wolfe entered into several agreements with Wyeth that related to a product developed by Wyeth's Pharmaceutical Division located in this district, and Wolfe regularly visited this district in connection with the parties' agreements.

5.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events, acts and omissions giving rise to Wyeth's claims occurred in this district.

6.      An actual controversy exists for purposes of the Declaratory Judgment Act, 28 U.S.C. § 2201, with respect to whether Wyeth breached the parties' agreements, misappropriated Wolfe's confidential information and/or breached a fiduciary duty owed to Wolfe.

- 2 -

## FACTS

### Hormone Replacement Therapy

7.     Hormone replacement therapy ("HRT") often is prescribed to menopausal or postmenopausal women to relieve various physiological symptoms that can occur during menopause.  In particular, the administration of pharmaceutical compositions containing estrogen or estrogen-like hormones has been found to be highly effective in treating symptoms of menopause.

8.     Wyeth has been a pioneer in the development of novel HRT for the treatment of the menopause symptoms suffered by many women.  Premarin, the first FDA-approved orally active estrogen replacement therapy, was developed by Wyeth scientists in the 1930s.  Since its commercial introduction in 1942, Premarin has helped millions of women suffering from the most serious effects of menopause.

9.     After the introduction of Premarin, Wyeth scientists began investigating an HRT that included a combination of Premarin with a progestin, another hormone that was thought to reduce the risk of endometrial hyperplasia that could result from therapy with estrogen alone. That research led to the commercial introduction of PremPro$^{TM}$ in 1995.  PremPro$^{TM}$ combines Premarin with the progestin replacement known as medroxyprogesterone acetate ("MPA").  This combination quickly became one of the leading HRT treatments for moderate to severe menopausal symptoms.

### The Agreements

10.     Wolfe and Dr. Earl Plunkett ("Plunkett") are co-inventors of the invention disclosed and claimed in United States Patent No. 4,826,831 (the "'831 patent").  The '831 patent generally is directed to HRT methods and compositions for treating menopausal disorders in women.  The '831 patent specifically describes and claims methods of treating menopausal and

postmenopausal disorders by administering both estrogen and progesterone. The '831 patent issued on May 2, 1989. It was reissued with narrower claims on July 6, 1999, and it expired on May 2, 2006.

11.    On January 1, 1991, Wyeth entered into an Option Agreement with Wolfe. The Option Agreement was designed to allow Wyeth to evaluate and develop the invention described and claimed in the '831 patent. Wyeth was also granted the exclusive option to license the '831 patent and related know-how.

12.    On December 9, 1992, Wyeth and Wolfe entered into two License Agreements (which were amended and restated as of April 1, 2000) (the "License Agreements"). The License Agreements granted Wyeth exclusive rights to make, have made, use and sell products under the '831 patent and its foreign counterparts and related know-how. In exchange for the licenses, Wyeth agreed to pay to Wolfe and Plunkett royalties on its sales of products covered by the claims of the '831 patent and its foreign counterparts until expiration of the patents. Since the introduction of PremPro™ in 1995, Wyeth has paid Wolfe millions of dollars in royalties associated with sales of its HRT products.

13.    Under the License Agreements and the Option Agreement, Wolfe retained the right to conduct his own independent research concerning HRT generally. Wyeth also was free to conduct its own HRT research without restriction. To the extent that either developed any intellectual property as a result of independent research, each retained sole ownership of that intellectual property (subject to Wyeth's right to exercise its option to license Wolfe's intellectual property under the Option Agreement).

## Wyeth's Independent Development of Low-Dose HRT

14.     One of Wyeth's objectives in its ongoing HRT research was to further improve the treatment.  Wyeth scientists believed that one way to reduce the risk of endometrial hyperplasia would be to lower the amounts of estrogen and progestin administered to patients to the lowest effective dose that would still achieve the desired clinical benefit.  Therefore, Wyeth scientists experimented with formulations of Premarin and MPA that contained less than the 0.625 mg of Premarin and the 2.5 mg of MPA in the original PremPro™ combination.

15.     By early 1992, a team of Wyeth scientists led by Dr. James Pickar had begun to develop a protocol for a low dose Premarin/MPA clinical study.  In the study, Dr. Pickar planned to test various combinations of Premarin and MPA with the objective of identifying the lowest effective dose of the combined therapy.

16.     In 1992 and 1993, Dr. Pickar and his team worked to refine the clinical protocol for low-dose combination therapy.  All of this work was conducted entirely by Wyeth scientists.  The defendant, Wolfe, was not consulted, nor was he involved in any way in assisting Wyeth, in connection with these clinical development efforts.

17.     Ultimately, Wyeth submitted to the United States Food and Drug Administration ("FDA") a protocol synopsis developed by Dr. Pickar entitled "A Prospective, Double-Blind, Randomized Study of the Safety and Efficacy of Lower Doses of Premarin and Medroxyprogesterone Acetate in Postmenopausal Women."  The purpose of Dr. Pickar's study was to determine the minimum effective dose of the combination of Premarin and MPA for the treatment of menopause symptoms which also would be effective in reducing the incidence of

endometrial hyperplasia associated with the administration of estrogen alone. The eight doses proposed were:

> Premarin 0.625 mg
> Premarin 0.45 mg
> Premarin 0.3 mg
> Premarin 0.45 mg/MPA 2.5 mg
> Premarin 0.625 mg/MPA 2.5 mg
> Premarin 0.45 mg/MPA 1.5 mg
> Premarin 0.3 mg/MPA 1.5 mg

18.    This low dose Premarin/MPA study developed by Dr. Pickar and his team at Wyeth, and subsequently submitted to the FDA for approval, was named the Health and Osteoporosis, Progestin and Estrogen (H.O.P.E.) Study. The H.O.P.E. Study was completed in or about 1998. The results later were reported in several publications. Wyeth did not consult with Wolfe nor utilize any information provided by Wolfe in connection with the design or implementation of the H.O.P.E. Study.

### Wyeth's HRT Patents

19.    Wyeth learned from the H.O.P.E. study that doses as low as 0.3 mg of Premarin combined with 1.5 mg of MPA remained effective in treating the symptoms of menopause for many women. These lower doses were successful in preventing osteoporosis and reducing the risk of endometrial hyperplasia.

20.    On March 15, 2001, Wyeth filed Patent Application No. 09/808,878 (the '878 Application) with the United States Patent and Trademark Office (the "PTO"). The '878 Application described Dr. Pickar's breakthrough development of a low-dose HRT. Specifically, it sought protection for various low-dose combinations of conjugated estrogens like Premarin administered with MPA. Wyeth did not name Wolfe as an inventor on the '878 Application because he had not contributed to Dr. Pickar's invention as disclosed in the application. The

-6-

'878 Application remains pending in the PTO, but has not yet issued as a patent in the United States.

21.     Wyeth has filed patent applications corresponding to the '878 Application in various countries throughout the world. To date, patents have been granted on Dr. Pickar's invention in several countries. Patent applications remain pending in other jurisdictions, including the United States and Canada.

### Wolfe's Claims

22.     The results of the H.O.P.E. Study were first reported in two papers published in June of 2001. The '878 Application, which had been filed in March 2001 (based on a provisional patent application filed in March 2000), published on October 25, 2001. In December 2001, apparently after seeing the '878 Application, Wolfe contacted Wyeth and claimed that he should have been named as inventor on the '878 Application. Wolfe said that he believed he had given Wyeth the idea for the dosage combinations disclosed in Dr. Pickar's patent application. Also, in late 2001 and early 2002, Wolfe and his attorneys told Wyeth that they believed Wolfe's confidential information had been included in the '878 Application.

23.     Wolfe's claim to inventorship is based on his assertion that the '878 Application contains information about low-dose HRT that Wolfe contends he developed in the course of a clinical study that he and his associates had conducted at the University of Western Ontario. In his study, Wolfe had administered 0.625 mg doses of Premarin in combination with .050 mg doses of *dl*-norgestrel, a different progestin substitute than MPA. The goal of Wolfe's study was to examine the effect of his combination on plasma lipoprotein lipids (e.g., cholesterol and triglycerides in the blood). His hypothesis was that his combination would be effective in treating menopause symptoms and would also have the beneficial cardiovascular effect of improving plasma lipid profiles.

- 7 -

24.     Wolfe had conducted his study in or about 1992 – 1994.  He published his results in April 1998.

25.     During the period from 1992 – 1994, while Wolfe was conducting his study, he communicated with various Wyeth representatives in Pennsylvania periodically.  Also, as contemplated in the License Agreement with Wyeth, he traveled to Wyeth's facility in Radnor, Pennsylvania on several occasions to discuss the clinical development of HRT.  There were no such meetings in Ontario.

26.     Wolfe does not now claim, nor could he, that his clinical study was designed to evaluate the lowest effective dose of the Premarin/dl-norgestrel combination.  Rather, as Wolfe's publications concerning his study make quite clear, his objective was different – i.e., to evaluate an improved plasma-lipid profile using different progestins.  He now has claimed, however, without any scientific support, that the .050 mg dose of dl-norgestrel used in his study was equivalent to the 1.5 mg of MPA used by Dr. Pickar in the H.O.P.E. Study.  Consequently, because he provided information to Wyeth concerning his study, he asserts that he should have been named as an inventor on Dr. Pickar's patents and patent applications.

27.     From early 2002 until September 2007, Wolfe and Wyeth engaged in periodic discussions concerning Wolfe's contention that he should have been named as an inventor on the Pickar patents.  Throughout these discussions, Wyeth made it clear that it had reviewed the matter and concluded that Wolfe had not contributed to Dr. Pickar's invention as described in the '878 Application, and that, as a result, he properly was not listed as an inventor.

28.     On September 27, 2007, Wolfe commenced two proceedings against Wyeth in Canada.  In one of these cases, filed in the Canadian Federal Court, Wolfe seeks an order that Wyeth's Canadian Patent Application No. 2,402,983 (which corresponds to the '878 Application

- 8 -

filed in the U.S.) be amended to list Wolfe as the sole inventor. In the second action, filed in the

Ontario Superior Court of Justice (the "Ontario Action"), Wolfe alleges that Wyeth breached the

parties' agreements, including the License and Option Agreements, and misappropriated Wolfe's

confidential information by incorporating into Dr. Pickar's patent applications the

Premarin/MPA combination allegedly invented by Wolfe. In the Ontario Action, Wolfe seeks

compensatory and punitive damages purportedly arising from Wyeth's global exploitation of the

inventions described and claimed in Dr. Pickar's patents and patent applications.

29.    The vast majority of the alleged damages sought by Wolfe in the Ontario Action

relate to activities in the United States, where nearly all of Wyeth's sales of low-dose PremPro™

have occurred. Significantly, low-dose PremPro™ is not even offered for sale in Canada.

### COUNT I
#### (Declaratory Judgment)

30.    Wyeth realleges, and incorporates by reference, the allegations contained in

paragraphs 1 to 29 above.

31.    Wolfe has alleged in his Canadian proceedings that Wyeth disclosed confidential

information regarding Wolfe's alleged invention of a low dose Premarin/MPA formulation for

the treatment of menopausal or postmenopausal disorders in breach of the parties' agreements.

Specifically, Wolfe alleges that Wyeth improperly disclosed his confidential information in Dr.

Pickar's United States patent application, which was published on October 25, 2001.

32.    In fact, Wyeth did not disclose Wolfe's confidential information in the '878

Application or otherwise violate its contractual obligations to Wolfe.

33.    Wolfe's breach of contract claims asserted in the Ontario Action properly are

subject to Pennsylvania's four-year statute of limitations pursuant to 42 Pa. Cons. Stat. § 5525,

and, therefore, are time-barred.

- 9 -

34.    Based upon Wolfe's allegations in the Ontario Action, an actual controversy exists as to whether Wyeth has breached the parties' agreements.

35.    Pursuant to 28 U.S.C. § 2201, Wyeth is entitled to a declaration by this Court regarding: (1) whether it has breached the parties' agreements and (2) whether any breach of contract claim brought by Wolfe is barred by the applicable statute of limitations.

## COUNT II
### (Declaratory Judgment)

36.    Wyeth realleges, and incorporates by reference, the allegations contained in paragraphs 1 to 35 above.

37.    Wolfe has alleged in his Canadian proceedings that Wyeth misappropriated Wolfe's confidential information regarding Wolfe's alleged invention of a low dose Premarin/MPA formulation for the treatment of menopausal or postmenopausal disorders. Specifically, Wolfe alleges that Wyeth improperly incorporated his confidential information in Dr. Pickar's United States patent application, which was filed on March 15, 2001 and published on October 25, 2001.

38.    In fact, Wyeth did not improperly use Wolfe's confidential information in the '878 Application or otherwise.

39.    Wolfe's misappropriation claims asserted in the Ontario Action properly are subject to Pennsylvania's two-year statute of limitations pursuant to 42 Pa. Cons. Stat. § 5524(7) and, therefore, are time barred.

40.    Based on Wolfe's allegations in the Ontario Action, an actual controversy exists as to whether Wyeth has misappropriated Wolfe's confidential information.

41.    Pursuant to 28 U.S.C. § 2201, Wyeth is entitled to a declaration by this Court regarding: (1) whether Wyeth has misappropriated any of Wolfe's confidential information and

- 10 -

(2) whether any misappropriation claim brought by Wolfe is barred by the applicable statute of limitations.

## COUNT III
### (Declaratory Judgment)

42.    Wyeth realleges, and incorporates by reference, the allegations contained in paragraphs 1 to 41 above.

43.    Wolfe has alleged in his Canadian proceedings that Wyeth breached a fiduciary duty it allegedly owed to Wolfe by misappropriating Wolfe's confidential information regarding Wolfe's alleged invention of a low dose Premarin/MPA formulation for the treatment of menopausal or postmenopausal disorders.

44.    In fact, Wyeth does not owe Wolfe any such fiduciary duty and, in any event, Wyeth did not breach any fiduciary obligations to Wolfe in connection with the parties' agreements or otherwise.

45.    Wolfe's breach of fiduciary duty claims asserted in the Ontario Action properly are subject to Pennsylvania's two-year statute of limitations pursuant to 42 Pa. Cons. Stat. § 5524(7) and, therefore, are time barred.

46.    Based on Wolfe's allegations in the Ontario Action, an actual controversy exists as to whether Wyeth has breached any fiduciary duty owed to Wolfe.

47.    Pursuant to 28 U.S.C. § 2201, Wyeth is entitled to a declaration by this Court regarding:  (1) whether Wyeth has breached any fiduciary duty owed to Wolfe and (2) whether any breach of fiduciary duty claim brought by Wolfe is barred by the applicable statute of limitations.

- 11 -

**WHEREFORE,** Wyeth prays for judgment against Wolfe as follows:

(a)     declaring that any breach of contract claim Wolfe may have against Wyeth is barred by the Pennsylvania Statute of Limitations;

(b)     declaring that any misappropriation claim Wolfe may have against Wyeth is barred by the Pennsylvania Statute of Limitations;

(c)     declaring that any breach of fiduciary duty claim Wolfe may have against Wyeth is barred by the Pennsylvania Statute of Limitations;

(d)     declaring that Wyeth has not breached the License Agreement, the Option Agreement, or any other agreement with Wolfe;

(e)     declaring that Wyeth has not misappropriated any confidential information or trade secrets of Wolfe;

(f)     declaring that Wyeth has not breached any fiduciary duty owed to Wolfe; and

(g)     awarding Wyeth its attorneys' fees, costs and any further and additional relief as this Court deems just and proper.

Respectfully submitted,

WYETH,

Tracy Zurzolo Quinn, Esq.
Michael T. Scott, Esq.
Valerie Brand Pipano, Esq.
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

Dated:  February 15, 2008

Of Counsel:

Eric J. Marandett, Esq.
E. Page Wilkins, Esq.
Choate, Hall & Stewart
Two International Place
Boston, MA 02110
Tel: 617-248-5000
Fax: 617-248-4000

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

WYETH                                    :
                                         :
            V.                           :        Civil Action
                                         :        No: _____
DR. BERNARD M.J. WOLFE                   :

DISCLOSURE STATEMENT FORM

Please check one box:

☒      The nongovernmental corporate party, ____Wyeth_____, in the
       above listed civil action does not have any parent corporation and publicly held
       corporation that owns 10% or more of its stock.

☐      The nongovernmental corporate party, _____, in the
       above listed civil action has the following parent corporation(s) and publicly held
       corporation(s) that owns 10% or more of its stock:

       _____
       _____
       _____
       _____

____February 15, 2008____          _____
        Date                                   Signature

            Counsel for:    ____Wyeth_____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
       (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY.  A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a statement
that identifies any parent corporation and any publicly held corporation that owns 10% or more
of its stock or states that there is no such corporation.
       (b) TIME FOR FILING; SUPPLEMENTAL FILING.  A party must:
       (1)    file the Rule 7.1(a) statement with its first appearance, pleading, petition,
              motion, response, or other request addressed to the court, and
       (2)    promptly file a supplemental statement upon any change in the
              information that the statement requires.

# EXHIBIT   31

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

WYETH                                    )
                                         )
                                         )
                                         )
                                         )
                        Plaintiff,       )
                                         )
            v.                           )        Civil Action No. 2:08-CV-00754-RK
                                         )
                                         )
                                         )
DR. BERNARD M. J. WOLFE                  )
                                         )
                                         )
                        Defendant.       )
                                         )

DEFENDANT DR. BERNARD M. J. WOLFE'S ANSWER
TO PLAINTIFF'S COMPLAINT

Defendant Dr. Bernard M. J. Wolfe, through his undersigned counsel, answers Plaintiff

Wyeth's Complaint for Declaratory Relief ("Complaint") as follows:

**THE PARTIES**

1. Admitted.

2. Admitted.

**JURISDICTION & VENUE**

3. Admitted.

4. Admitted to the extent that on May 8, 2008, this Court found that Dr. Wolfe had

sufficient contacts with this forum to exercise personal jurisdiction over Dr. Wolfe, otherwise

denied.

5. Admitted to the extent that on May 8, 2008, this Court found that this district is not an

improper venue, otherwise denied.

6. Denied that an actual controversy exits between the parties for purposes of the Declaratory Judgment Act 28 U.S.C. § 2201 in this jurisdiction, since the parties agree that any potential claims that Dr. Wolfe would have against Wyeth in this jurisdiction for Wyeth's breach of the parties' agreements, misappropriation of Dr. Wolfe's confidential information, and/or breach of fiduciary duty owed to Dr. Wolfe, are procedurally barred by the Pennsylvania Statute of Limitations.

## FACTS

7. Admitted.

8. Dr. Wolfe is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies the same.

9. Admitted to the extent that in 1995, under a license agreement with Dr. Wolfe, Wyeth introduced PremPro$^{TM}$, a combination of Premarin with a progestin (MPA) to reduce the risk of endometrial hyperplasia, and that this combination became one of the leading HRT treatments. Dr. Wolfe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies the same.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted to the extent that, under the License Agreements and the Option Agreement, Dr. Wolfe and Wyeth each retained the right to conduct their own independent research and, to the extent that either developed any intellectual property as a result solely of their own independent research, each retained ownership of that intellectual property, otherwise denied.

14. Dr. Wolfe is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies the same.

15. Dr. Wolfe is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies the same, including denied that Wyeth scientists independently developed low dose HRT combinations.

16. Denied.

17. Admitted to the extent that Wyeth submitted to the United States Food and Drug Administration ("FDA") a protocol entitled "A Prospective, Double-Blind, Randomized Study of the Safety and Efficacy of Lower Doses of Premarin and Medroxyprogesterone Acetate in Postmenopausal Women" for a purpose of confirming the efficacy of lower doses in a large scale clinical setting, otherwise denied, including denied that Dr. Pickar independently developed the protocol.

18. Admitted to the extent that Wyeth submitted a low dose Premarin/MPA study to the FDA for approval named the "Health and Osteoporosis, Progestin and Estrogen (H.O.P.E.) Study," which study was subsequently completed and published, otherwise denied.

19. Admitted to the extent that the H.O.P.E. study reconfirmed the information that Dr. Wolfe provided in confidence to Wyeth, otherwise denied.

20. Admitted to the extent that on March 15, 2001, Wyeth filed Patent Application No. 09/808,878 ("the '878 Application") with the United States Patent and Trademark Office ("the PTO"). Dr. Wolfe denies Wyeth's allegations that Dr. Wolfe did not contribute to the invention described in the '878 Application. Dr. Wolfe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore denies the same.

21.  Admitted to the extent that Wyeth has filed patent applications corresponding to the '878 application in the United States and Canada.  Dr. Wolfe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore denies the same.

22.  Admitted to the extent that, after Dr. Wolfe became aware of the contents of the '878 Application, he contacted Wyeth and claimed that he should have been named as the inventor on the '878 Application, that Dr. Wolfe developed the dosage combinations disclosed in the '878 Application, and that he and his attorneys told Wyeth that Wyeth had improperly included Dr. Wolfe's confidential information in the '878 Application.  Dr. Wolfe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies the same.

23.  Admitted to the extent that Dr. Wolfe developed low dose HRT and conducted related clinical studies at the University of Western Ontario, that one such study used 0.625 mg doses of Premarin in combination with .050 mg doses of dl-norgestrel, and that one of Dr. Wolfe's hypotheses was that low dose HRT would be effective in treating menopause symptoms and improving plasma lipid profiles, otherwise denied.

24.  Admitted to the extent that Dr. Wolfe conducted a clinical study in or around 1992-1994 and published some of the results of this study in April 1998, otherwise denied.

25.  Admitted to the extent that, as required by the License Agreements between the parties, Dr. Wolfe periodically communicated with various Wyeth representatives, some of whom were located in Pennsylvania, and that Dr. Wolfe traveled to Wyeth's facility in Radnor, Pennsylvania on several occasions, to discuss HRT, otherwise denied.

26. Admitted to the extent that one objective of Dr. Wolfe's clinical work was evaluation of plasma lipid profiles, that 0.050 mg dl-norgestrel is equivalent to 1.5 mg MPA, and that Dr. Wolfe and his attorneys have asserted in correspondence and meetings with Wyeth that Wyeth should have named Dr. Wolfe as inventor on U.S. Patent Application 09/808,878 and its counterparts in the United States and worldwide, otherwise denied, including denied that Dr. Wolfe did not provide any confidential low dose information to Wyeth, and denied that no scientific support exists for equivalency between 0.050 mg dl-norgestrel and 1.5 mg MPA.

27. Admitted to the extent that from early 2002 until September 2007, Dr. Wolfe and Wyeth engaged in periodic discussions regarding Dr. Wolfe's contention that he should have been named as an inventor on the '878 Application, and that Wyeth made a self-serving conclusion that Dr. Wolfe had not contributed to the invention of the '878 Application, otherwise denied.

28. Admitted.

29. Denied that Dr. Wolfe has not sustained damages in Canada and elsewhere. Dr. Wolfe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore denies the same.

## COUNT 1
### (Declaratory Judgment)

30. Dr. Wolfe incorporates by reference his answers to the allegations of paragraphs 1 – 29 above.

31. Admitted.

32. Denied, Wyeth did disclose Wolfe's confidential information in the '878 Application and otherwise in violation of Wyeth's contractual obligations to Dr. Wolfe.

33.  Dr. Wolfe admits that any breach of contract claims included in the Complaint are procedurally time-barred if such claims are brought in Pennsylvania.  Dr. Wolfe denies that his breach of contract claims asserted in the Ontario Action are properly subject to Pennsylvania's four-year statute of limitations pursuant to 42 Pa. Cons. Stat. § 5525 and denies the remaining allegations contained in paragraph 33.

34.  Dr. Wolfe denies that an actual controversy exists between the parties for purposes of a Declaratory Judgment for breach of contract in Pennsylvania, since the parties agree that any potential claims that Dr. Wolfe would have in this jurisdiction for Wyeth's breach of contract are procedurally barred by the Pennsylvania Statute of Limitations.

35.  Admitted to the extent that, since both Dr. Wolfe and Wyeth agree that any breach of contract claims included in the Complaint are procedurally time-barred if such claims are brought in Pennsylvania, Wyeth is only entitled to a declaration that Dr. Wolfe cannot bring such claims in Pennsylvania because they are time-barred in Pennsylvania, otherwise denied, including denied that such claims are time-barred in Ontario.

## COUNT II
### (Declaratory Judgment)

36.  Dr. Wolfe incorporates by reference his answers to the allegations of paragraphs 1 – 35 above.

37.  Admitted.

38.  Denied, Wyeth did improperly use Dr. Wolfe's confidential information in the '878 Application and otherwise.

39.  Dr. Wolfe admits that any misappropriation claims included in the Complaint are procedurally time-barred if such claims are brought in Pennsylvania.  Dr. Wolfe denies that his misappropriation claims asserted in the Ontario Action are properly subject to Pennsylvania's

two-year statute of limitations pursuant to 42 Pa. Cons. Stat. § 5524(7) and denies the remaining allegation of paragraph 39.

40.  Dr. Wolfe denies that an actual controversy exists between the parties for purposes of a Declaratory Judgment of misappropriation in Pennsylvania, since the parties agree that any potential claims that Dr. Wolfe would have in this jurisdiction for Wyeth's misappropriation are procedurally barred by the Pennsylvania Statute of Limitations.

41.  Admitted to the extent that, since both Dr. Wolfe and Wyeth agree that any misappropriation claims included in the Complaint are procedurally time-barred if such claims are brought in Pennsylvania, Wyeth is only entitled to a declaration that Dr. Wolfe cannot bring such claims in Pennsylvania because they are time-barred in Pennsylvania, otherwise denied, including denied that such claims are time-barred in Ontario.

## COUNT III
### (Declaratory Judgment)

42.  Dr. Wolfe incorporates by reference his answers to the allegations of paragraphs 1 – 41 above.

43.  Admitted.

44.  Denied, Wyeth does owe Dr. Wolfe a fiduciary duty and, in any event, Wyeth did breach its fiduciary obligations to Wolfe in connection with the parties' agreements and otherwise.

45.  Dr. Wolfe admits that any breach of fiduciary duty claims included in the Complaint are procedurally time-barred if such claims are brought in Pennsylvania.  Dr. Wolfe denies that his  breach of fiduciary claims asserted in the Ontario Action are properly subject to Pennsylvania's two-year statute of limitations pursuant to 42 Pa. Cons. Stat. § 5524(7) and denies the remaining allegations of paragraph 45.

46. Dr. Wolfe denies that an actual controversy exists between the parties for purposes of a Declaratory Judgment of breach of fiduciary duty in Pennsylvania, since the parties agree that any potential claims that Dr. Wolfe would have in this jurisdiction for Wyeth's breach of fiduciary duty are procedurally barred by the Pennsylvania Statute of Limitations.

47. Admitted to the extent that, since both Dr. Wolfe and Wyeth agree that any breach of contract claims included in the Complaint are procedurally time-barred if such claims are brought in Pennsylvania, Wyeth is only entitled to a declaration that Dr. Wolfe cannot bring such claims in Pennsylvania because they are time-barred in Pennsylvania, otherwise denied, including denied that such claims are time-barred in Ontario.

## PLAINTIFF'S PRAYER FOR RELIEF

(a) Dr. Wolfe admits that Plaintiff is entitled to an order finding that any breach of contract claim Dr. Wolfe may have brought against Wyeth in Pennsylvania is procedurally barred by the Pennsylvania Statute of Limitations.

(b) Dr. Wolfe admits that Plaintiff is entitled to an order finding that any misappropriation claim Dr. Wolfe may have brought against Wyeth in Pennsylvania is procedurally barred by the Pennsylvania Statute of Limitations.

(c) Dr. Wolfe admits that Plaintiff is entitled to an order finding that any breach of fiduciary duty claim Dr. Wolfe may have brought against Wyeth in Pennsylvania is procedurally barred by the Pennsylvania Statute of Limitations.

(d) Dr. Wolfe denies that Plaintiff is entitled to an order finding that Wyeth did not breach the License Agreements, the Option Agreement, or any other agreement with Dr. Wolfe, since the parties agree that this claim is procedurally time-barred in Pennsylvania.

(e) Dr. Wolfe denies that Plaintiff is entitled to an order finding that Wyeth did not misappropriate any confidential information or trade secrets of Dr. Wolfe, since the parties agree this claim is procedurally time-barred in Pennsylvania.

(f) Dr. Wolfe denies that Plaintiff is entitled to an order finding that Wyeth did not breach any fiduciary duty it owed to Dr. Wolfe, since the parties agree that this claim is procedurally time-barred in Pennsylvania.

(g) Dr. Wolfe denies that Wyeth is entitled to attorneys' fees, costs or any further or additional relief. In light of the parties' agreement that each of the causes of action pled by Wyeth are procedurally time-barred in Pennsylvania, Wyeth's pursuit of these claims is frivolous. The filing of this Complaint was unnecessary and unwarranted in light of the agreement between the parties that the causes of action pled are procedurally time-barred in Pennsylvania.

June 2, 2008                               Respectfully submitted,

                                           /s/ Mauro M. Wolfe
OF COUNSEL:                                Mauro M. Wolfe (PA Bar # 78092)
                                           Dickstein Shapiro LLP
Kenneth W. Brothers                        1177 Avenue of the Americas
James W. Brady, Jr.                        New York, NY 10036
Dickstein Shapiro LLP                      (212) 277-6500
1825 Eye Street, N.W.
Washington, D.C. 20006
(202) 420-2200
                                           *Attorneys for Dr. Bernard M. J. Wolfe*

# EXHIBIT  32

Court File No. T- ⊤ - 1742 -07

# FEDERAL COURT

B E T W E E N :

## DR. BERNARD WOLFE



Applicant

- and -

## WYETH, JAMES H. PICKAR and
## THE COMMISSIONER OF PATENTS

Respondents

### NOTICE OF APPLICATION
*(Application under the Federal Courts Act, R.S.C. 1985, c. F-7, as amended,
s. 52 of the Patent Act, R.S.C. 1985, c. P-4, as amended)*

**TO THE RESPONDENT:**

A PROCEEDING HAS BEEN COMMENCED by the applicant. The relief claimed by the applicant appears on the following page.

THIS APPLICATION will be heard by the Court at a time and place to be fixed by the Judicial Administrator. Unless the Court orders otherwise, the place of hearing will be as requested by the applicants. The applicant request that this application be heard at in Toronto on a day and at a time to be fixed by the Court.

IF YOU WISH TO OPPOSE THIS APPLICATION, to receive notice of any step in the application or to be served with any documents in the application, you or a solicitor acting for you must prepare a notice of appearance in Form 305 prescribed by the *Federal Courts Rules* and serve it on the applicants' solicitor WITHIN 10 DAYS after being served with this notice of application.

Copies of the *Federal Courts Rules*, information concerning the local offices of the Court and other necessary information may be obtained on request to the Administrator of this Court at Ottawa (telephone 613-992-4238) or at any local office.

- 2 -

IF YOU FAIL TO OPPOSE THIS APPLICATION, JUDGMENT MAY BE GIVEN IN YOUR ABSENCE AND WITHOUT FURTHER NOTICE TO YOU.

September 27, 2007                     Issued by:    ‹. Alejandra Gutierrez
                                                    Senior Registry Officer
                                                    _____
                                                              Registry Officer

                                                    180 Queen Street West
                                                    Suite 200
                                    Address of     Toronto, Ontario
                                    local office:  M5V 3L6
                                                    Toronto, ON

TO:        Wyeth
           Five Giralda Farms
           Madison, New Jersey 07940

AND TO:    James H. Pickar
           816 Crum Creek Road,
           Springfield,
           County of Delaware,
           PA 19064,
           United States of America.

AND TO:    The Commissioner of Patents
           Canadian Intellectual Property Office
           Place du Portage I
           50 Victoria Street, Room C-114
           Hull, Quebec K1A 0C9
           Canada

- 3 -

# APPLICATION

**THIS APPLICATION IS FOR:**

1.     An order pursuant to section 52 of the *Patent Act* that the entry in the Canadian Patent Office records for Canadian Patent Application No. 2,402,983 (the "983 Application") be amended to state Dr. Bernard Wolfe as sole inventor and to remove James H. Pickar as inventor and remove Wyeth as applicant;

2.     In the alternative, an order pursuant to section 52 of the *Patent Act* that the entry in the Canadian Patent Office records for the 983 Application be amended to state Dr. Bernard Wolfe as co-inventor and co-applicant;

3.     An interlocutory and permanent injunction pursuant to section 44 of the *Federal Courts Act*, restraining Wyeth, its officers, employees and agents, and everyone over whom it exercises control from:

   (a)     disposing of, encumbering, diluting or otherwise forestalling the preservation and maintenance of the 983 Application;

   (b)     amending, deleting, or dividing any claims in the 983 Application;

   (c)     any action that may adversely affect any patentable rights in and to the subject-matter disclosed in the 983 Application, whether or not claimed therein,

   without the prior written consent and/or instructions of the applicant or until final judgment is rendered in the present proceeding

4.     the applicant's costs of this application; and

5.     such further and other relief as to this Honourable Court seems just.

## THIS APPLICATION IS BASED ON THE FOLLOWING GROUNDS:

*The Parties*

6.     The applicant, Dr. Bernard Wolfe ("Wolfe"), resides at 17 Metamora Cres. London, Ontario N6G 1R2, Canada. Wolfe is a retired professor of the University of Western Ontario and the inventor of the invention disclosed and claimed in the 983 Application.

- 4 -

7.    The respondent Wyeth, formerly American Home Products Corp. ("AHPC"),
is a corporation incorporated pursuant to the laws of the state of Delaware with
a principal place of business at Five Giralda Farms, Madison New Jersey
07940. Wyeth is in the business of manufacturing, marketing and selling
pharmaceutical products.

8.    The respondent, James H. Pickar is an employee of the co-respondent Wyeth
and resides at 816 Crum Creek Road, Springfield, County of Delaware, PA
19064, United States of America.

9.    The respondent, the Commissioner of Patents, is appointed pursuant to section
4 of the *Patent Act* by the Governor in Council and is obliged to exercise the
powers and to perform the duties conferred and imposed on it by or pursuant to
the *Patent Act*, including the maintenance of the Patent Office records.

*The 983 Application*

10.    The 983 Application is the national phase entry of PCT Patent Application No.
US 2001/040302 filed on March 16, 2001 and published on September 27,
2001. The 983 Application was filed in Canada on September 12, 2002.

11.    The 983 Application names James H. Pickar as the sole inventor and Wyeth as
sole applicant.

12.    The 983 Application relates generally to methods and pharmaceutical
compositions for providing hormone replacement therapy to perimenopausal,
menopausal and postmenopausal women through the continuous
administration of combinations of conjugated estrgoens ("CE") and
medroxyprogesterone acetate ("MPA").

13.    The purpose of the invention of the 983 Application is described as:

> ...to provide the significant benefits of a commercially successful
> HRT product, such as PREMPRO (0.625 mg conjugated equine
> estrogens, USP plus 2.5 mg MPA), while lowering the dosage of
> MPA below that which has previously been demonstrated to be

effective, and preferably also lowering the dosage of the conjugated estrogens. This invention provides a method of treating or inhibiting menopausal or postmenopausal disorders in a perimenopausal, menopausal, or postmenopausal woman in need thereof, which comprises providing to said woman, continuously and uninterruptedly over the treatment period, a combination of conjugated estrogens (natural or synthetic) and a daily dosage of about 1.5 MPA.

### *Wolfe Conceived the Invention*

14. In the early 1980's, Dr. Wolfe invented a hormone replacement therapy (HRT) for treating menopausal disorders in women. Dr. Wolfe and his co-inventor, Dr. Earl Plunkett ("Dr. Plunkett") obtained worldwide patent protection for this invention. At all relevant times, Wolfe and Plunkett's rights to the HRT invention were assigned to Woco Investments Limited. Inc. and Pre-Jay Holdings. Wolfe was subsequently authorized to act for Woco and Pre-Jay in the execution of documents and other transactions with Wyeth.

15. In and around 1984, Wolfe and Plunkett began negotiations with AHPC, the predecessor company to the respondent Wyeth, for a license involving the HRT patents. During the course of these negotiations, Wolfe requested a clause in the agreement requiring AHPC to provide to Wolfe with 50 µg di-norgestrel tablets (equivalent to 1.5 mg MPA) and 0.45 mg Premarin tablets (equivalent to 0.45 mg CE), for his own ongoing research.

16. The HRT patents were licensed to AHPC in 1992. That license agreement was amended in 2000 and is subsisting.

17. In the license agreement, Wolfe agreed to provide confidential information to Wyeth relating to Wolfe's ongoing research and clinical use of the HRT. In particular, Wolfe was obligated to provide any information that would prevent the invention, as defined in the agreement, from being used for the treatment of patients who may be expected to exhibit adverse reactions.

18. In and around 1991, Wolfe, through his own research, conceived of the use of low doses of CE and MPA to alleviate side effects such as bleeding and breast tenderness, which were observed during HRT.

19. In compliance with his obligations under the license agreement, Wolfe disclosed to Wyeth in confidence the use of low dose MPA and low dose CE to alleviate side effects in the HRT.

20. On at least November 7, 1991 and in July or early August 1992, Wolfe disclosed to Wyeth-Ayerst's Senior Director of Clinical Research and Development, James H. Pickar, the details of his protocol #3436 using the 50 µg di-norgestrel tablets (equivalent to 1.5 mg MPA).

21. On March 24, 1993, in a discussion with AHPC's Vice President of Research, Robert Levy, Wolfe disclosed the use of 1.5 mg MPA in keeping with his successful use of the equivalent 50 µg di-norgestrel in his own studies. Wolfe also recommended dropping the dose of CE to 0.45 mg as he conceived this would also alleviate the side effects noted from the HRT.

22. On November 11, 1994 in a discussion with Wyeth-Ayerst's Director of Clinical Research and Development, Betty Riggs, Wolfe recommended that AHPC lower the dose of CE used in the HERS clinical study to 0.3 mg – 0.625 mg CE. Wyeth-Ayerst's is another predecessor company to Wyeth.

23. On December 22, 1994, Wolfe sent Riggs the details of a confidential study of patients suffering with menopausal symptoms. The results of Wolfe's study showed that by reducing the CE dose in half (from 0.625 mg) spotting could be reduced and breast tenderness was eased.

24. Wyeth used the 1.5 mg MPA and 0.3 to 0.45 mg CE disclosed by Wolfe to conduct a clinical study (the H.O.P.E Study). The H.O.P.E. Study confirmed the benefits of the 1.5 mg MPA and 0.3 to 0.45 mg CE as conceived by Wolfe and disclosed to Wyeth and Pickar.

25.   Having conceived of the subject matter disclosed and claimed in the 983 Application, Wolfe should be rightfully named as the sole inventor of the 983 Application.

26.   Pursuant to section 52 of the *Patent Act*, Wolfe is entitled to an order directing the Commissioner of Patents to vary the entry in the records of the Patent Office to state Wolfe as sole inventor and to remove James H. Pickar as inventor and to remove Wyeth as applicant.

27.   In the alternative, Wolfe is entitled to an order directing the Commissioner of Patents to vary the entry in the records of the Patent Office to state Wolfe at least as co-inventor and co-applicant of the invention disclosed and claimed in the 983 Application.

## THIS APPLICATION WILL BE SUPPORTED BY THE FOLLOWING MATERIAL:

28.   Such affidavits as will be served and filed pursuant to rule 306 of the *Federal Courts Rules*;

29.   A certified copy of Canadian Patent Application No. 2,402,983;

30.   Such further and other material as counsel may advise and this honourable court may permit.

September 27, 2007

*Dimock Stratton LLP.*

DIMOCK STRATTON LLP
20 Queen Street West, Suite 3202, Box 102
Toronto, Ontario  M5H 3R3

Angela Furlanetto
Michael Crinson
Tel: (416) 971-7202
Fax: (416) 971-6638

Solicitors for the Applicant

Court File No. T-

## FEDERAL COURT

BETWEEN:

### DR. BERNARD WOLFE

Applicant

- and -

### WYETH, JAMES H. PICKAR and
### THE COMMISSIONER OF PATENTS

Respondents

## NOTICE OF APPLICATION

(Filed this 27th day of September, 2007)

**DIMOCK STRATTON LLP**
20 Queen Street West, Suite 3202, Box 102
Toronto, Ontario  M5H 3R3

Angela Furlanetto
Michael Crinson

Tel: (416) 971-7202
Fax: (416) 971-6638

Solicitors for the Applicant

I HEREBY CERTIFY that the above document is a true copy of the
original issued out of / filed in the Court on the _____
day of _____ SEP 2 7 2007 A.D. 20 ____
Dated this _____ day of SEP 2 7 2007

# EXHIBIT   33

AMENDED THIS ___*16*___ DAY OF *Nov. 07*
PURSUANT TO RULE ___*26.02 (u)*___

**R. BAKER**

REGISTRAR,
SUPERIOR COURT OF JUSTICE

MODIFIÉ LE _____ __ 19 _____
GREFFIER À LA RÈGLE _____

BETWEEN:
COUR SUPÉRIEURE DE JUSTICE

Court File No.  55541

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**

DR. BERNARD WOLFE and DMW KILLDEER INCORPORATED

Plaintiffs

- and -

WYETH and JAMES H. PICKAR and WYETH CORPORATIONS

Defendants

## AMENDED STATEMENT OF CLAIM

TO THE DEFENDANTS

A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU by the plaintiffs. The claim made against you is set out in the following pages.

IF YOU WISH TO DEFEND THIS PROCEEDING, you or an Ontario lawyer acting for you must prepare a statement of defence in Form 18A prescribed by the Rules of Civil Procedure, serve it on the plaintiffs' lawyer or, where the plaintiff does not have a lawyer, serve it on the plaintiff, and file it, with proof of service, in this court office, WITHIN TWENTY DAYS after this statement of claim is served on you, if you are served in Ontario.

If you are served in another province or territory of Canada or in the United States of America, the period for serving and filing your statement of defence is forty days. If you are served outside Canada and the United States of America, the period is sixty days.

Instead of serving and filing a statement of defence, you may serve and file a notice of intent to defend in Form 18B prescribed by the Rules of Civil Procedure. This will entitle you to ten more days within which to serve and file your statement of defence.

IF YOU FAIL TO DEFEND THIS PROCEEDING, JUDGMENT MAY BE GIVEN AGAINST YOU IN YOUR ABSENCE AND WITHOUT FURTHER NOTICE TO YOU. IF YOU WISH TO DEFEND THIS PROCEEDING BUT ARE UNABLE TO PAY LEGAL FEES, LEGAL AID MAY BE AVAILABLE TO YOU BY CONTACTING A LOCAL LEGAL AID OFFICE.

- 2 -

Date     September 27, 2007              Issued by   _____

                                                                 Local registrar

                                     Address of   80 Dundas St
                                     court office  London, ON
                                                   N6A 6A3

TO:       Wyeth
            Five Giralda Farms
            Madison, New Jersey 07940

AND TO:  James H. Pickar
            816 Crum Creek Road,
            Springfield,
            County of Delaware,
            PA 19064,
            United States of America

AND TO;  Wyeth Corporations
            c/o Wyeth
            Five Giralda Farms
            Madison, New Jersey 07940

- 3 -

## CLAIM

1.    The plaintiffs claim:

(a)    a declaration that they are the sole owners of the subject-matter disclosed and claimed in:

  (i)    Canadian Patent Application No. 2,402,983 (the "983 Application"):

  (ii)    the foreign patent applications from which the 983 Application claims priority (the "priority applications");

  (iii)    all patent applications or corresponding patents, in all jurisdictions, derived from the priority applications to the 983 Application and/or the PCT application filed as the 983 Application;

(b)    a declaration that the defendants hold the property described in paragraph (a) above, in trust for the plaintiffs, as a result of a breach of fiduciary duty, breach of contract and misuse of confidential information on the part of the defendants;

(c)    an order requiring the defendants to execute all necessary instruments to effect an assignment of the rights to the property described in paragraph (a) in favour of the plaintiffs;

(d)    in the alternative, if this Honourable Court does not issue a declaration that the plaintiffs are the owners of the property set out in paragraph (a), an order that the plaintiffs be declared co-owners of this property and that the defendants execute all necessary instruments to correct the ownership of the property in paragraph (a) to reflect the plaintiffs as co-owners;

(e)    an accounting of profits earned by the defendants through their wrongful conduct, as pleaded herein, and disgorgement of any unjust enrichment and all profits obtained to the plaintiffs' detriment:

- 4 -

(f)    an interlocutory and permanent injunction restraining the defendants, their officers, employees and agents, and everyone over whom they exercise control from:

    (i)    disposing of, encumbering, diluting or otherwise forestalling the preservation and maintenance of the 983 Application;

    (ii)    amending, deleting, or dividing any claims in the 983 Application;

    (iii)    any action that may adversely affect any patentable rights in and to the subject-matter disclosed in the 983 Application, whether or not claimed therein,

without the prior written consent and/or instructions of the plaintiffs or until final judgment is rendered in the present proceeding;

(g)    damages associated with the defendants' wrongful use of the plaintiffs' confidential information and exploitation of the invention disclosed and claimed in the property described in paragraph (a) above, estimated in the sum of $100,000,000.00;

(h)    In the alternative, damages estimated in the amount of $100,000,000.00 for breach of contract, breach of confidence and breach of fiduciary duty;

(i)    punitive damages in the amount of $25,000,000.00;

(j)    pre-judgment and post-judgment interest pursuant to the provisions of the *Courts of Justice Act*, R.S.O. 1990 C. 43, as amended;

(k)    the cost of this action on a substantial indemnity basis; and,

(l)    such further and other relief as to this Honourable Court may seem just.

- 5 -

**The Parties**

2.    The plaintiff Dr. Bernard Wolfe ("Wolfe") is a physician and medical researcher residing in London, Ontario. Canada.. Wolfe is a retired professor of the University of Western Ontario and the inventor of the invention disclosed and claimed in the 983 Application.

3.    The plaintiff, DMW Killdeer Incorporated ("DMW") is a corporation incorporated pursuant to the laws of Ontario. In or around 2002, Wolfe assigned his rights in the know-know relating to the low dose regimen and any inventions, patent applications and patents arising from such know-how to DMW.

4.    The defendant Wyeth, formerly American Home Products Corp. ("AHPC"), is a corporation incorporated pursuant to the laws of the state of Delaware with a principal place of business at Five Giralda Farms, Madison New Jersey 07940. Wyeth is in the business of manufacturing, marketing and selling pharmaceutical products.

5.    The defendant, James H. Pickar ("Pickar") is an employee of Wyeth who resides in Springfield, in the County of Deleware, in the State of Pennsylvania, United States of America. The 983 Application holds Pickar out to be the sole inventor of the low dose regimen contained therein.

6.    The defendant, Wyeth Corporations, constitutes one or more legal entities, including, but not limited to, any subsidiaries, assigns, affiliates, agents, contractors, shareholders, officers, employees or beneficiaries to whom Wyeth and/or Pickar have disclosed the confidential information pertaining to the low dose regimen and who have wrongfully used said information. The identity of these entities is unknown to the plaintiffs at this time but is within the knowledge of Wyeth and/or Pickar.

**Hormone Replacement Therapy**

7.    Wolfe and a former colleague, Dr. Earl Plunkett ("Plunkett"), are co-inventors of the invention disclosed and claimed in Canadian Patent No. 1,240,927 (the 927 Patent). The 927 Patent discloses and claims a method of hormonal treatment of menopausal or postmenopausal disorders using a hormone replacement therapy (the "HRT" invention).

- 6 -

8.    On June 13, 1984, Plunkett and Wolfe entered into a co-venture agreement (the "co-venture") relating to the development of the HRT invention. Subsequently, Plunkett assigned his interests in the co-venture agreement to Pre-Jay Holdings, and Wolfe assigned his interests in the co-venture agreement to Woco Investments Limited. The co-venture agreement expressly authorized Wolfe to act for Woco and Pre-Jay in the execution of documents and other transactions with the defendant, Wyeth.

9.    Wolfe continued to work and conduct individual research in the field of hormone replacement therapy. As a consequence of that research, Wolfe conceived of and developed a low dose regimen of hormone replacement therapy. The low dose regimen developed by Wolfe was an improvement over the HRT invention in that the low dose regimen significantly alleviated side effects encountered by some patients using the HRT invention, such as bleeding and breast tenderness.

10.    At all material times, Wolfe maintained the confidentiality of the low dose regimen and did not disclose the low dose regimen to anyone except under terms of confidentiality.

**Wolfe's Relationship with Wyeth**

11.    On December 9, 1992, Wolfe, on behalf of the co-venture, entered into two license agreements with AHPC relating to the hormone replacement therapy. One of the agreements related to the United States and its related territories. The other agreement was an international agreement, relating to all other countries but the United States (the "Agreements"). These agreements were superseded by amended agreements in May 2000, both of which are still subsisting (the "Amended Agreements").

12.    The Agreements and Amended Agreements provided AHPC, now Wyeth, with an exclusive license under the 927 Patent and Know-How to "make, have made, import, use, offer for sale, and sell products resulting from application of the Invention in the Territory". Know-How was defined in both the Agreement and Amended Agreements as "such technical information as Wolfe  may have or have access to pertaining to the

- 7 -

Invention and any improvement thereon and such technical information which AHPC generates during the course of evaluation of and which pertains solely to the Invention".

13. Under both the Agreements and Amended Agreements, both parties were required to exchange pertinent Know-How pertaining to the Invention on a semi-annual basis during the period of the agreements. Both the Agreement and Amended Agreements provided that the receiving party of the Know-How would maintain such Know-How in confidence.

14. In addition, both Wolfe and Wyeth were also required to provide each other with "information which would prevent the Invention from being used for the treatment of patients who may be expected to exhibit adverse reactions".

15. Pursuant to Article 5, it was a term of the Agreements and Amended Agreements (and earlier option agreements), between Wolfe and AHPC that confidential information, such as the low dose regimen would remain confidential, that it would be used only for the purposes defined in the license agreement, and that AHPC would not disclose to third persons or use for their own benefit, or for the benefit of any third person, any of the confidential information.

16. Under the Agreements and Amended Agreements, AHPC also warranted that "it ha[d] no rights of ownership in the Invention or patents pertaining thereto and no such ownership right shall accrue to AHPC through the granting of the license".

**The Confidential Disclosure of the Low Dose Regimen**

17. Pursuant to the agreements, Wolfe as agent for the co-venture disclosed information and know-how relating to the low dose regimen confidentially to Wyeth. Wolfe disclosed particulars of the low dose regimen to at least:

(a) Robert Levy, AHPC's Vice President of Research on March 24, 1993;

(b) Betty Riggs the Director of Clinical Research and Development of Wyeth-Ayerst (another Wyeth predecessor company) on November 11, 1994 and December 22, 1994; and,

- 8 -

(c)    The defendant, James Pickar, the Senior Director of Clinical Research and Development of Wyeth-Ayerst on at least November 7, 1991 and in July or early August 1992.

18.    Wyeth used the confidential low dose regimen disclosed by Wolfe to conduct a clinical study (the H.O.P.E Study). The H.O.P.E. Study confirmed the benefits of the low dose regimen as conceived by Dr. Wolfe and disclosed to Wyeth.

19.    Through its wrongful use of the confidential information provided to it by Wolfe, Wyeth was able to successfully market and distribute the low dose regimen and accumulate significant profits. The particulars of Wyeth's distribution and the resulting profits are within the sole knowledge of the defendants. The Plaintiffs seek an accounting of all revenues and profits earned by Wyeth internationally as a result of their wrongful conduct as pleaded herein.

**Canadian Patent Application No. 2, 402,983**

20.    On September 12, 2002, Wyeth filed the 983 Application in Canada. The 983 Application relates generally to methods and pharmaceutical compositions for providing hormone replacement therapy in perimenopausal, menopausal and postmenopausal women through the continuous administration of combinations of low doses of conjugated estrogens and medroxprogesterone acetate.

21.    The 983 Application claims the low dose regimen conceived by Wolfe and disclosed by Wolfe to Wyeth as set out above.

22.    The 983 Application is the national phase entry of PCT Patent Application No. US 2001/040302 filed on March 16, 2001 and published on September 27, 2001.

23.    The 983 Application names the defendant, Pickar, an employee of Wyeth, as the sole inventor and names Wyeth as applicant and owner.

24.    Dr. Wolfe is the true inventor of the low dose regimen disclosed and claimed in the 983 Application. The plaintiffs have not assigned any rights to the 983 Application to

- 9 -

the defendants.  Accordingly, the plaintiffs are the true owners of the invention now claimed to be owned by Wyeth.

25.    While collaborating with Wolfe, Wyeth had access to the confidential information that was the low dose regimen belonging to Wolfe.  The low dose regimen was treated by Wolfe as confidential, and Wyeth knew or ought to have known the low dose regimen was confidential, and that any improper use of the low dose regimen would seriously damage or impair Wolfe.

26.    At all material times, Wolfe relied upon the sophistication of Wyeth and trusted that Wyeth would preserve his confidential information rather than appropriate it as its own.

27.    Wolfe states that he did not bargain for the unfair competition of having his know-how, imparted to Wyeth in confidence, used against him.

28.    Wyeth stood in a fiduciary position with respect to Wolfe as a result of:

(a)    Wyeth having access to confidential information, including the low dose regimen;

(b)    Wolfe's vulnerability to the misappropriation and abuse of the confidential information disclosed; and,

(c)    Wolfe's vulnerability to the exploitation of his low dose regimen by Wyeth.

29.    Wyeth's ability to produce and manufacture the low dose regimen made Wolfe peculiarly vulnerable to Wyeth's misuse of the confidential information imparted to it pursuant to the terms of the Amended Agreement.

30.    Wyeth was, and is, in a fiduciary relationship with Wolfe and was under an obligation not to divert Wolfe's invention or business opportunities relating to the low dose regimen to itself or to any third party.

- 10 -

## Breach of Fiduciary Duty

31.     Wyeth, after receiving the low dose regimen as confidential information, prepared and filed a patent application, naming the defendant, Pickar, as the sole inventor. Wyeth was also named as the sole owner of the low dose regimen disclosed and claimed in the 983 Application.

32.     The defendants owed a duty of good faith and honesty to Wolfe. The defendants breached this duty by making unauthorized use of Wolfe's confidential information which it acquired pursuant to the Agreements and Amended Agreements.

## Lost Opportunity

33.     The plaintiffs further state that the consequences of the acts described above cannot be entirely satisfied in law by an award of damages. The defendants have been unjustly enriched with the 983 Application which provides property rights as a consequence of the low dose regimen invention of Wolfe.

34.     As a result of the defendants misappropriating and abusing confidential information, the defendants have been and will be put into a better position than they would have been had Wolfe's confidential information not been so misappropriated and abused.

35.     By the acts described above, the defendants have been unjustly enriched by misappropriating Wolfe's low dose regimen and disclosing and claiming such invention in the 983 Application.

36.     By filing the 983 Application, Wyeth has sought to obtain the benefit of patent protection for the subject-matter contained in the 983 Application that was invented by Wolfe. The confidential information obtained by Wyeth from Wolfe enabled Wyeth to file the 983 Application.

37.     As a result of the publication of the 983 Application, Wolfe is forever prevented from obtaining proprietary rights to the low dose regimen.

- 11 -

38.    Wolfe has suffered a loss of opportunity by reason of Wyeth having improperly, and without colour of right, filed patent applications claiming proprietary rights in the low dose regimen. Accordingly, the plaintiffs claim a constructive trust in favour of the plaintiffs over the 983 Application.

39.    As a result of the facts set out above, Wyeth constructively holds title to the 983 Application for the benefit of the plaintiffs. In the alternative, Wyeth is liable for breach of confidence, breach of contract and breach of fiduciary duty having been unjustly enriched by Wolfe's lost opportunity.

40.    The unjust enrichment improperly enjoyed by Wyeth, and the corresponding lost opportunity for Wolfe, will continue until Wolfe's lost opportunity is restored to him.

**Breach of Contract**

41.    The plaintiffs plead that Wyeth's wrongful use of the confidential information provided to it by Wolfe amounted to a breach of  an implied or express terms of the contract between the parties.

42.    Further, by reason of the matters aforesaid, Wolfe has suffered and will continue to suffer irreparable harm by the conduct of the defendant, and has been put to considerable trouble, inconvenience and expense.

43.    By reason of the filing and subsequent publication of the 983 Application, the defendant breached Article 5 of the Agreements and Amended Agreements.

44.    The conduct of the defendants was undertaken by the defendants consciously and in full knowledge that such conduct was improper, in breach of the fiduciary duty owed, and likely to injure Wolfe. The defendants are  therefore liable for punitive damages.

45.    The plaintiffs further state that by reason of the defendants' activities as set out above, Wolfe has suffered and will continue to suffer loss and damage, and Wyeth has and will, unless restrained by this Honourable Court, continue to make profits therefrom.

- 12 -

46.    To the extent Wyeth or Pickar has assigned, transferred or conveyed the plaintiffs' property and/or confidential information as described herein to the Wyeth Corporations, and they have wrongfully used this property and/or information, the plaintiffs state that they are entitled to recover from these entities for the relief claimed herein.

47.    The plaintiffs rely upon Rule 17 of the Ontario *Rules of Civil Procedure*, R.S.O. 1990, O. Reg. 194, as amended and specifically Rule 17.02, *inter alia* subsections (f), (g) and (h) thereof, in support of the service of this Statement of Claim outside of the Province of Ontario.

47.48.   The plaintiffs propose that the trial of this action take place in London.

September 27, 2007

<div style="margin-left:40%">

**LERNERS LLP**
**Barristers & Solicitors**

**Earl A. Cherniak** (LSUC#09113C)
130 Adelaide Street West, Suite 2400
Toronto, ON  M5H 3P5
Tel:  416-867-3076
Fax: 416-867-9192

**Peter W. Kryworuk** (LSUC#24513N)
80 Dufferin Avenue
P.O. Box 2335
London, ON  N6A 4G4
Tel:  519-672-4510
Fax: 519-672-2044

Counsel for Plaintiffs

</div>

# EXHIBIT   34

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

WYETH,                                )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )        CIVIL ACTION NO. 2:08-CV-00754-RK
                                      )
DR. BERNARD M.J. WOLFE,               )
                                      )
        Defendant.                    )
                                      )

## DECLARATION OF DR. JAMES H. PICKAR

I, James H. Pickar, hereby depose and state as follows:

    1.      I am a medical doctor and an Assistant Vice-President of Clinical Research and

Development of the Wyeth Research division. I work at Wyeth's research facility in

Collegeville, Pennsylvania. In addition, in 2007, I was appointed as an adjunct Associate

Professor of Obstetrics and Gynecology at Columbia University College of Physicians and

Surgeons. I had been an Adjunct Assistant Professor at Columbia University from 2002 to 2007.

    2.      Since about 1985, I have worked in the field of hormone replacement therapy

("HRT") at Wyeth and, for much of this time, I have led a team of clinical research scientists

working in this area. I worked at Wyeth's Radnor, Pennsylvania facility beginning when I

joined Wyeth until Wyeth moved its Radnor, Pennsylvania research center to Collegeville,

Pennsylvania in the early 2000s. The research scientists I supervised in conducting HRT

research also worked out of Wyeth's Radnor, Pennsylvania facility.

    3.      By the late 1980s, my team at Wyeth was overseeing the ongoing clinical

development of HRT combinations of Premarin (Wyeth's estrogen replacement hormone) and

4317668v3

the progestin medroxyprogesterone acetate ("MPA"). In the late 1980s and early 1990s, my team, working out of Wyeth's Radnor, Pennsylvania facility directed clinical trials testing the dose combinations of 0.625 mg Premarin with 5 mg MPA and with 2.5 mg MPA. The primary goal of our research was to determine the extent to which certain potential side effects of estrogen treatment could be reduced by combining estrogen with MPA. Both of those dose combinations were ultimately approved by the United States Food and Drug Administration ("FDA"). Also, by the early 1990s we had already begun to explore even lower doses of estrogen/MPA combinations in order to determine the lowest effective doses that would still achieve the desired clinical benefit.

4.      In the early 1990s, my team and I developed a protocol to evaluate lower-dose combinations of Premarin and MPA. Following the development of this protocol, Wyeth, in collaboration with a team of independent researchers, conducted a clinical trial that it called the H.O.P.E. Study. The success of that study led to the FDA approval of combinations of doses of Premarin and MPA as low as 0.3 mg and 1.5 mg, respectively. The conclusions that were drawn from the H.O.P.E. Study were incorporated into the United States Patent Application Number 09/808,878 (the "Application"). That Application was filed on March 15, 2001 and has become a national phase application in, among other places, Canada as Canadian Patent Application No. 2,402,983.

5.      To the best of my knowledge, none of the work that my team did on the H.O.P.E. Study, as reflected in the Application, occurred in Canada. For that matter, all of the clinical research that was conducted in association with this study took place in the United States.

6.      The Application, broadly speaking, discloses, among other things, combinations of conjugated estrogens and a daily dose of about 1.5 mg of MPA.

-2-

7.    I understand that Dr. Bernard M.J. Wolfe claims that he provided me with certain confidential information that he claims is referenced in the Application. However, Dr. Wolfe did not participate in any way or provide any information that was used in developing or conducting the H.O.P.E. Study. The H.O.P.E. study was developed and conducted entirely independent of Dr. Wolfe.

8.    Since the FDA approved the dose combination tested in the H.O.P.E. Study, Wyeth has sold HRT products in the United States that fall within the scope of the claims of the Application. More particularly, Wyeth has sold such products in association with the trademark PremPro™ in the following combinations: (a) 0.3 mg conjugated estrogens and 1.5 mg MPA; and (b) 0.45 conjugated estrogens and 1.5 mg MPA. Wyeth also has sold HRT products using the same active ingredients but which fall outside the scope of the claims in the Application including (c) 0.625 mg conjugated estrogens and 2.5 mg MPA; and (d) 0.625 mg conjugated estrogens and 5 mg MPA.

9.    In Canada, the only combinations in which any similar HRT product is sold (by Wyeth's Canadian subsidiary) are: (a) 0.625 mg conjugated estrogens and 2.5 mg MPA; and (b) 0.625 mg conjugated estrogens and 5.0 mg MPA, neither of which are within the scope of the claims in the Application. Wyeth's "low dose" PremPro™ products are the only Wyeth products that fall within the scope of the inventions described in the Application and are not sold in Canada. The overwhelming majority of low-dose PremPro™ sales are made in the United States.

Signed under the pains and penalties of perjury this 4th day of April, 2008.

James H. Pickar

-3-

# EXHIBIT  35

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

WYETH                                   )
                                        )
                                        )
                                        )
                                        )
                             Plaintiff, )
                                        )
                v.                      )      Civil Action No. 2:08-CV-00754-RK
                                        )
                                        )
                                        )
DR. BERNARD M.J. WOLFE                  )
                                        )
                                        )
                            Defendant.  )
                                        )

### DECLARATION OF DR. BERNARD M.J. WOLFE.

1.      I am currently a resident of London, Ontario, Canada. I have been a resident of Ontario,

Canada since 1970.

2.      I am a named inventor, along with Dr. Earl Plunkett, on U.S. Patent No. 4,826,831 ("the

'831 patent) (which reissued as RE 36,247) and corresponding patents worldwide. The '831

patent relates to a hormone replacement therapy ("HRT") treatment for menopause-related

disorders by administering combinations of progestin and estrogen.

3.      All of the work relating to the development of the invention set forth in the '831 patent

took place in Canada.

4.      All of my work relating to the development of the low dose regimen occurred in Canada.

Wyeth's United States patent application serial no. 09/808,878 incorporates confidential

information relating to my development of the low dose regimen.

5.      On August 15-16, 1983, Dr. Robert Wiser and Mr. Larry McDermott (both of American

Home Products Corporation ("AHPC"), now Wyeth) met with my co-inventor, Dr. Earl Plunkett,

and our attorney, Mr. Peter Noble in the offices of Siskind, Cromarty in London, Ontario, Canada to negotiate the (first) United States and International Option and License Agreements dated April 1, 1985 regarding the Wolfe/Plunkett menopausal regimen. As stated in this April 1985 agreement, AHPC was a Delaware corporation having its principle place of business in New York City, New York.

6. On May 3, 1989, I met with Mr. Larry McDermott and Mr. Lindsey Elwood in the offices of Harrison Elwood in London, Ontario, Canada to negotiate a new 3-year United States and International Option and License Agreements regarding medroxyprogesterone acetate (MPA) and conjugated equine estrogen (CEE).

7. On April 27, 1990, I met with Mr. Larry McDermott and Mr. George Tarnowski, Legal Counsel for Wyeth-Ayerst Laboratories, along with Dr. Earl Plunkett and Mr. Lindsey Elwood in the offices of Harrison Elwood in London, Ontario, Canada to negotiate an additional "Option Invention" selecting from, in addition to MPA and CEE, the compounds norgestrel, gestodene, medrogestone and estradiol within the United States and International Option and License Agreements.

8. On June 10, 1992, I met with Mr. Larry McDermott and Mr. George Tarnowski, along with Mr. Lindsey Elwood in the offices of Harrison Elwood in London, Ontario, Canada to negotiate a "Second Option Invention" selecting from, in addition to MPA and CEE and the compounds norgestrel, gestodene, medrogestone and estradiol, all other estrogen and progestogens embraced within the claims of the U.S. and International Patents set out in Schedule A of the United States and International Option and License Agreements.

9. I have never agreed to the jurisdiction of any Pennsylvania court with regard to my agreements with AHPC or Wyeth. Requiring me to litigate in Pennsylvania would impose an

2

undue burden upon me in terms of cost, travel time, and possibly a shorter statute of limitations, especially when I never intended to avail myself to Pennsylvania jurisdiction.

10.      On February 27, 2008, a delivery driver of United Parcel Service of America, Inc. ("UPS") rang my doorbell, dropped off a package at my door and drove away.  The package contained a copy of the Complaint for this action.  On March 4, 2008, a second UPS delivery driver delivered a second package, requesting a signature.  My wife, Elene Wolfe, signed for the package.  The second package also contained a copy of the Complaint for this action.

11      I have never been personally served with Wyeth's Complaint, either personally or through the U.S. Postal Service or Canada Post.

12.      There are currently two proceedings pending in Canada that include the same parties to this action.  Both proceedings were filed on September 27, 2007.  In one of the proceedings, pending in the Canadian Federal Court, I seek an order that Wyeth's Canadian Patent Application No. 2,402,983 be amended to list me as sole inventor.  In the other of the proceedings, pending in the Ontario Superior Court of Justice, I seek damages for Wyeth's breach of our agreements and Wyeth's misappropriation of my confidential information.  The proceedings pending in Canada will allow us to resolve our dispute.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: March 24, 2008

Dr. Bernard M.J. Wolfe.

3

# EXHIBIT  36

STANDARD

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:08-cv-00754-RK

WYETH v. WOLFE
Assigned to: HONORABLE ROBERT F. KELLY
Cause: 28:1332 Diversity-Declaratory Judgement

Date Filed: 02/15/2008
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**WYETH**                                  represented by **E. PAGE WILKINS**
CHOATE HALL & STEWART LLP
TWO INTERNATIONAL PLACE
BOSTON, MA 02110
617-248-4066
Email: pwilkins@choate.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ERIC J. MARANDETT**
CHOATE HALL & STEWART LLP
TWO INTERNATIONAL PLACE
BOSTON, MA 02110
617-248-5287
Email: emarandett@choate.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**TRACY ZURZOLO QUINN**
REED SMITH LLP
2500 ONE LIBERTY PLACE
1650 MARKET STREET
PHILADELPHIA, PA 19103
215-851-8286
Fax: 215-851-1420
Email: tfrisch@reedsmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**VALERIE BRAND PIPANO**
REED SMITH LLP
2500 ONE LIBERTY PLACE
PHILADELPHIA, PA 19103
215-851-8289

United States District Court Eastern District of Pennsylvania

Fax: 215-851-1420
Email: vpipano@reedsmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


V.

**Defendant**

**BERNARD M.J. WOLFE**
*DR.*

represented by **KENNETH W. BROTHERS**
DICKSTEIN SHAPIRO LLP
1825 EYE STREET, NW
WASHINGTON, DC 20006
202-420-4128
Fax: 202-420-2201
Email: brothersk@dicksteinshapiro.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MAURO M. WOLFE**
DICKSTEIN SHAPIRO LLP
1177 AVENUE OF THE AMERICAS
38TH FLOOR
NEW YORK, NY 10036
212-277-6726
Fax: 212-277-6501
Email: wolfem@dicksteinshapiro.com
*ATTORNEY TO BE NOTICED*


| Date Filed | # | Docket Text |
|---|---|---|
| 02/15/2008 | 1 | COMPLAINT against BERNARD M.J. WOLFE ( Filing fee $ 350 receipt number 945947.), filed by WYETH.(tj, ) (Entered: 02/19/2008) |
| 02/15/2008 | | Summons Issued; 1 Mailed to counsel 2/19/08 as to BERNARD M.J. WOLFE. (tj, ) (Entered: 02/19/2008) |
| 02/15/2008 | 2 | Disclosure Statement Form pursuant to FRCP 7.1 by WYETH.(tj, ) (Entered: 02/19/2008) |
| 03/12/2008 | 3 | SUMMONS Returned Executed by WYETH served Summons and Complaint upon BERNARD M.J. WOLFE by UPS Courier International. BERNARD M.J. WOLFE served on 3/4/2008, answer due 3/24/2008. (PIPANO, VALERIE) (Entered: 03/12/2008) |
| 03/24/2008 | 4 | MOTION to Dismiss *Or In the Alternative To Stay the Proceedings*, MOTION to Stay re 1 Complaint filed by BERNARD M.J. WOLFE.Memorandum, Declaration, Certificate of Service. (Attachments: # 1 Memorandum In Support, # 2 Declaration of Dr. Bernard M.J. Wolfe, # 3 Text of Proposed Order Proposed Order, # 4 Certificate of Service)(WOLFE, MAURO) (Entered: |

| | | 03/24/2008) |
|---|---|---|
| 03/26/2008 | 5 | Praecipe for Additional Summons by WYETH. (ac, ) (Entered: 03/26/2008) |
| 03/26/2008 | | 1 Original Additional Summons Issued as to BERNARD M.J. WOLFE. Forwarded To: Counsel on 03/26/08. (ac, ) (Entered: 03/26/2008) |
| 03/28/2008 | 6 | MOTION for Pro Hac Vice *Admission of Eric J. Marandett* filed by WYETH.Certificate of Service.(PIPANO, VALERIE) (Entered: 03/28/2008) |
| 03/28/2008 | 7 | MOTION for Pro Hac Vice *Admission of E. Page Wilkins* filed by WYETH.Certificate of Service.(PIPANO, VALERIE) (Entered: 03/28/2008) |
| 04/07/2008 | 8 | APPLICATIONOF KENNETH W. BROTHERS, ESQUIRE TO PRACTICE IN THIS COURT BY BERNARD M.J. WOLFE, SPONSOR'S STATEMENT, CERTIFICATE OF SERVICE. (ac, ) (Entered: 04/07/2008) |
| 04/08/2008 | 9 | SUMMONS Returned Executed by WYETH re: Donald Wilkinson served Summons and Complaint upon BERNARD M.J. WOLFE by Process Server. BERNARD M.J. WOLFE served on 4/2/2008, answer due 4/22/2008. (Attachments: # 1 Exhibit)(PIPANO, VALERIE) (Entered: 04/08/2008) |
| 04/10/2008 | 10 | RESPONSE in Opposition re 4 MOTION to Dismiss *Or In the Alternative To Stay the Proceedings* MOTION to Stay re 1 Complaint MOTION to Stay re 1 Complaint *with Certificate of Service* filed by WYETH. (Attachments: # 1 Szatkowski Declaration, # 2 Pickar Declaration, # 3 Wilkins Declaration, # 4 Wilkins Exh A-L, # 5 Wilkins Exh M-Z, # 6 Wilkins Exh AA-NN, # 7 Wilkins Exh OO-ZZ, # 8 Wilkins Exh AAA-BBB1, # 9 Wilkins Exh BBB2, # 10 Wilkins Exh CCC-OOO, # 11 Wilkins Exh PPP1, # 12 Wilkins Exh PPP2, # 13 Wilkins Exh QQQ, # 14 Wilkins Exh RRR-ZZZ, # 15 Wilkins Exh AAAA-CCCC, # 16 Wilkins Exh DDDD, # 17 Wilkins Exh EEEE-JJJJ, # 18 Koch Declaration, # 19 Pipano Affidavit, # 20 Affidavit of Service)(ZURZOLO FRISCH, TRACY) (Entered: 04/10/2008) |
| 04/10/2008 | 11 | MOTION to Seal filed by WYETH.Proposed Order, Memorandum and Certificate of Service. (Attachments: # 1 Exhibit, # 2 Exhibit)(ZURZOLO FRISCH, TRACY) (Entered: 04/10/2008) |
| 04/10/2008 | 12 | EXHIBIT B TO THE DECLARATION OF JOHN P. KOCH DATED APRIL 10, 2008 BY WYETH. (FILED UNDER SEAL) (ac, ) (Entered: 04/11/2008) |
| 04/10/2008 | 13 | EXHIBIT 2 TO PLAINTIFF'S MOTION FOR LEAVE TO FILE EXHIBIT AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER SEAL BY WYETH. (FILED UNDER SEAL)(ac, ) (Entered: 04/11/2008) |
| 04/11/2008 | 14 | ORDER THAT THE APPLICATION OF KENNETH W. BROTHERS, ESQUIRE TO PRACTICE IN THIS COURT ON BEHALF OF BERNARD M.J. WOLFE IS GRANTED. SIGNED BY HONORABLE ROBERT F. KELLY ON 04/11/08. 04/11/08 ENTERED AND COPIES E-MAILED.(ac, ) (Entered: 04/11/2008) |
| 04/11/2008 | 15 | ORDER THAT THE APPLICATION OF ERIC J. MARANDETT, ESQUIRE TO PRACTICE IN THIS COURT ON BEHALF OF WYETH IS GRANTED. SIGNED BY HONORABLE ROBERT F. KELLY ON 04/11/08. 04/11/08 |

| | | ENTERED AND COPIES MAILED AND E-MAILED.(ac, ) (Entered: 04/11/2008) |
|---|---|---|
| 04/11/2008 | 16 | ORDER THAT THE APPLICATION OF E. PAGE WILKINS, ESQUIRE TO PRACTICE IN THIS COURT IS GRANTED. SIGNED BY HONORABLE ROBERT F. KELLY ON 04/11/08. 04/11/08 ENTERED AND COPIES MAILED AND E-MAILED.(ac, ) (Entered: 04/11/2008) |
| 04/25/2008 | 17 | REPLY to Response to Motion re 4 MOTION to Dismiss *Or In the Alternative To Stay the Proceedings* MOTION to Stay re 1 Complaint MOTION to Stay re 1 Complaint filed by BERNARD M.J. WOLFE. (Attachments: # 1 Affidavit Declaration of Dr. Bernard M.J. Wolfe, # 2 Exhibit 1, # 3 Exhibit Certificate of Service)(WOLFE, MAURO) (Entered: 04/25/2008) |
| 05/05/2008 | 18 | RESPONSE to Motion re 4 MOTION to Dismiss *Or In the Alternative To Stay the Proceedings* MOTION to Stay re 1 Complaint MOTION to Stay re 1 Complaint *(Plaintiff's Sur-Reply to Defendant's Motion to Dismiss or in the Alternative to Stay the Proceedings)* filed by WYETH, DECLARATION AND CERTIFICATE OF SERVICE. (Attachments: # 1 Supplemental Declaration of E. Page Wilkins, Esq., # 2 Exhibit A to Supplemental Declaration of E. Page Wilkins, Esq., # 3 Exhibit B to Supplemental Declaration of E. Page Wilkins, Esq., # 4 Exhibit C to Supplemental Declaration of E. Page Wilkins, Esq., # 5 Exhibit D to Supplemental Declaration of E. Page Wilkins, Esq., # 6 Exhibit E to Supplemental Declaration of E. Page Wilkins, Esq., # 7 Exhibit F to Supplemental Declaration of E. Page Wilkins, Esq., # 8 Exhibit G to Supplemental Declaration of E. Page Wilkins, Esq., # 9 Supplemental Declaration of John P. Koch, # 10 Exhibit A to Supplemental Declaration of John P. Koch, # 11 Exhibit B to Supplemental Declaration of John P. Koch, # 12 Certificate of Service)(ZURZOLO FRISCH, TRACY) Modified on 5/7/2008 (afm, ). (Entered: 05/05/2008) |
| 05/08/2008 | 19 | MEMORANDUM AND ORDER THAT THE MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY THE PROCEEDINGS FILED BY DEFENDANT DR. BERNARD M.J. WOLFE IS DENIED. SIGNED BY HONORABLE ROBERT F. KELLY ON 05/08/08. 05/08/08 ENTERED AND COPIES E-MAILED.(ac, ) (Entered: 05/08/2008) |
| 05/14/2008 | 20 | ORDER THAT PLAINTIFF WYETH'S MOTION FOR LEAVE TO FILE EXHIBIT AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER SEAL IS GRANTED. SIGNED BY HONORABLE ROBERT F. KELLY ON 05/01/08.05/14/08 ENTERED AND COPIES E-MAILED.(ac, ) (Entered: 05/14/2008) |
| 05/20/2008 | 21 | MOTION for Extension of Time to File Answer re 1 Complaint filed by BERNARD M.J. WOLFE.Unopposed MOTION for an Extension of Time for Defendant's Answer to the Complaint. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(WOLFE, MAURO) (Entered: 05/20/2008) |
| 05/22/2008 | 22 | ORDER THAT DEFENDANT'S ANSWER TO THE COMPLAINT IS DUE ON JUNE 2, 2008. SIGNED BY HONORABLE ROBERT F. KELLY ON 05/22/08. 05/22/08 ENTERED AND COPIES E-MAILED.(ac, ) (Entered: 05/22/2008) |
| | | |

| 06/02/2008 | 23 | ANSWER to 1 Complaint by BERNARD M.J. WOLFE. (Attachments: # 1 Certificate of Service)(WOLFE, MAURO) (Entered: 06/02/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/29/2008 12:29:30 | | | |
| **PACER Login:** | kk0025 | **Client Code:** | 13357/A102US2/bate01 |
| **Description:** | Docket Report | **Search Criteria:** | 2:08-cv-00754-RK |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

# EXHIBIT   37

APPEAL, CLOSED, LEAD

# U.S. District Court
# United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:02-cv-07936-WHP

Astrazeneca Pharma., et al v. Wyeth, et al
Assigned to: Judge William H. Pauley, III
Demand: $0
Member case: (View Member Case)
Cause: 28:1391 Personal Injury

Date Filed: 10/04/2002
Date Terminated: 11/22/2005
Jury Demand: None
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Astrazeneca Pharmaceuticals LP**

represented by **Denise L. Loring**
Ropes & Gray, LLP (NYC)
1211 Avenue of the Americas
New York, NY 10036
(212)-596-9069
Fax: (212)-596-9090
Email: denise.loring@ropesgray.com
*LEAD ATTORNEY*

**Gabrielle M. Ciuffreda**
Ropes & Gray, LLP (NYC)
1211 Avenue of the Americas
New York, NY 10036
(212)596-9000
Fax: (212)596-9090
*LEAD ATTORNEY*

**Gerald J. Flattmann, Jr.,**
Kirkland and Ellis LLP
153 East 53rd Street
New York, NY 10022
(212) 446-4800
Fax: 212 446 6460
Email: gflattmann@kirkland.com
*LEAD ATTORNEY*

**Herbert F. Schwartz**
Ropes & Gray, LLP (NYC)
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
Email:
Herbert.Schwartz@ropesgray.com

*LEAD ATTORNEY*

**Jeanne C. Curtis**
Ropes & Gray, LLP (NYC)
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9049
Fax: (212) 596-9090
Email: JCurtis@fishneave.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Beck**
Paul, Weiss, Rifkind, Wharton &
Garrison LLP (NY)
1285 Avenue of the Americas
New York, NY 10019
(212)-373-3416
Fax: (212)-492-0416
Email: mbeck@paulweiss.com
*LEAD ATTORNEY*

**Michele Winneker**
Ropes & Gray, LLP (NYC)
1211 Avenue of the Americas
New York, NY 10036
*LEAD ATTORNEY*

**Robert J. Goldman**
Ropes & Gray, LLP (CA)
525 University Avenue
Palo Alto, CA 94301
(650)-617-4035
Fax: (650)-617-4090
Email: robert.goldman@ropesgray.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sona De**
Ropes & Gray LLP.
1251 Avenue of the Americas
New York, NY 10020
(212) 596-9000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Reeta K. Whitney**

**William Z. Nakhleh**

**Plaintiff**

**Astrazeneca UK Ltd.**                  represented by   **Denise L. Loring**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*

                                                          **Gabrielle M. Ciuffreda**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*

                                                          **Gerald J. Flattmann, Jr.,**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*

                                                          **Herbert F. Schwartz**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*

                                                          **Jeanne C. Curtis**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Michael Beck**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*

                                                          **Michele Winneker**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*

                                                          **Robert J. Goldman**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Sona De**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Reeta K. Whitney**
                                                          (See above for address)

                                                          **William Z. Nakhleh**
                                                          (See above for address)


V.

**Defendant**

**American Home Products Corp.**          represented by   **James Wright Galbraith**
*TERMINATED: 02/07/2003*                                  Kenyon & Kenyon

One Broadway
New York, NY 10004
(212)-908-6419
Fax: (212)-425-5288
Email: jgalbraith@kenyon.com
*TERMINATED: 02/07/2003*
*LEAD ATTORNEY*

**Defendant**

**Wyeth and Wyeth Pharmaceuticals**          represented by **James Wright Galbraith**
**Inc.**                                                    (See above for address)
*TERMINATED: 02/07/2003*                                    *TERMINATED: 02/07/2003*
                                                            *LEAD ATTORNEY*

**Defendant**

**Esi Lederle**                              represented by **James Wright Galbraith**
*TERMINATED: 02/07/2003*                                    (See above for address)
                                                            *TERMINATED: 02/07/2003*
                                                            *LEAD ATTORNEY*


V.

**Consolidated Defendant**

**Mayne Pharma (USA) Inc.**

**Counter Claimant**

**American Home Products Corp.**             represented by **James Wright Galbraith**
*TERMINATED: 02/07/2003*                                    (See above for address)
                                                            *TERMINATED: 02/07/2003*
                                                            *LEAD ATTORNEY*

**Counter Claimant**

**Wyeth and Wyeth Pharmaceuticals**          represented by **James Wright Galbraith**
**Inc.**                                                    (See above for address)
*TERMINATED: 02/07/2003*                                    *TERMINATED: 02/07/2003*
                                                            *LEAD ATTORNEY*

**Counter Claimant**

**Esi Lederle**                              represented by **James Wright Galbraith**
*TERMINATED: 02/07/2003*                                    (See above for address)
                                                            *TERMINATED: 02/07/2003*
                                                            *LEAD ATTORNEY*


V.

**Counter Defendant**

**Astrazeneca Pharmaceuticals LP**           represented by **Denise L. Loring**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*

Gerald J. Flattmann, Jr.,
(See above for address)
*LEAD ATTORNEY*

Herbert F. Schwartz
(See above for address)
*LEAD ATTORNEY*

Michael Beck
(See above for address)
*LEAD ATTORNEY*

Reeta K. Whitney
(See above for address)
*TERMINATED: 04/21/2005*

**Counter Defendant**

**Astrazeneca UK Ltd.**    represented by  Denise L. Loring
(See above for address)
*LEAD ATTORNEY*

Gerald J. Flattmann, Jr.,
(See above for address)
*LEAD ATTORNEY*

Herbert F. Schwartz
(See above for address)
*LEAD ATTORNEY*

Michael Beck
(See above for address)
*LEAD ATTORNEY*

Reeta K. Whitney
(See above for address)
*TERMINATED: 04/21/2005*

**Defendant**

**Mayne Pharma (USA) Inc.**    represented by  Charles H. Dougherty
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
(212) 521-5400
*LEAD ATTORNEY*

Jules Edward Goldberg
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022

(212) 521-5400
*LEAD ATTORNEY*

**Michael I. Wolfson**
Reed Smith, LLP
599 Lexington AVenue
New York, NY 10022
(212)521-5400
*LEAD ATTORNEY*

**Richard M. Ballerini**
Reed, Smith, Shaw & McClay LLP
261 Madison Avenue
12th Floor
New York, NY 10016
(212) 986-4090
*LEAD ATTORNEY*

**Lawrence Joseph Reina, Jr**
Reed Smith, LLP (PA)
1650 Market Street
Philadelphia, PA 19103
212.549.0255
Fax: 2125215450
Email: lreina@reedsmith.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Mayne Pharma (USA) Inc.**          represented by **Lawrence Joseph Reina, Jr**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Jules Edward Goldberg**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Astrazeneca Pharmaceuticals LP**    represented by **Reeta K. Whitney**
                                                  (See above for address)
                                                  *TERMINATED: 04/21/2005*

**Counter Defendant**

**Astrazeneca UK Ltd.**               represented by **Reeta K. Whitney**
                                                  (See above for address)
                                                  *TERMINATED: 04/21/2005*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/04/2002 | 1 | COMPLAINT filed. Summons issued and Notice pursuant to 28 U.S.C. 636 (c). FILING FEE $ 150.00 RECEIPT # 452512. (jol) (Entered: 10/07/2002) |
| 10/04/2002 |  | Magistrate Judge Henry B. Pitman is so designated. (jol) (Entered: 10/07/2002) |
| 10/04/2002 | 2 | RULE 1.9 CERTIFICATE filed by Astrazeneca Pharma., Astrazeneca UK Ltd. . (jol) (Entered: 10/07/2002) |
| 10/07/2002 |  | Mailed notice to Commissioner of Patents and Trademarks to report the filing of this action. (jol) (Entered: 10/07/2002) |
| 10/15/2002 | 3 | ORDER FOR INITIAL PRETRIAL CONFERENCE: counsel are directed to appear for a pretrial conference at 10:45 a.m. on 1/10/03 in courtroom 11D, 500 Pearl Street, New York, NY. ( signed by Judge William H. Pauley III ) (kw) Modified on 10/17/2002 (Entered: 10/17/2002) |
| 10/28/2002 | 4 | ANSWER to Complaint and COUNTERCLAIM by Wyeth, Wyeth Pharma., Esi Lederle (Attorney James Wright Galbraith) against Astrazeneca Pharma., Astrazeneca UK Ltd. Firm of: Kenyon & Kenyon by attorney James Wright Galbraith for defendant Esi Lederle . (sac) (Entered: 10/31/2002) |
| 10/28/2002 | 5 | RULE 1.9 CERTIFICATE filed by Wyeth, Wyeth Pharma., Esi Lederle. (sac) (Entered: 10/31/2002) |
| 11/15/2002 | 6 | AFFIDAVIT OF SERVICE of Summons and Complaint as to Wyeth Pharma. by Greg Winfree on 10/9/02. Answer due on 10/29/02 for Wyeth Pharma. (tp) (Entered: 11/18/2002) |
| 11/15/2002 | 7 | AFFIDAVIT OF SERVICE of Summons and Complaint as to Esi Lederle by Greg Winfree on 10/9/02. Answer due on 10/29/02 for Esi Lederle. (tp) (Entered: 11/18/2002) |
| 11/15/2002 | 8 | AFFIDAVIT OF SERVICE of Summons and Complaint iupon Wyeth Corporation by Lisa Ryan on 10/10/02. (tp) (Entered: 11/18/2002) |
| 11/18/2002 | 9 | REPLY by Astrazeneca Pharma., and Astrazeneca UK Ltd. to [4-2] counter claim. (kw) (Entered: 11/20/2002) |
| 01/14/2003 | 10 | SCHEDULING ORDER: The parties, if able, will file a stipulation and order amending the pleadings to reflect the proper defendants by 1/27/03. If the parties are unable to file a stipulation concerning an amendment of the pleadings, the parties will serve and file motions concerning the identity of defendants by 1/31/03. The parties will serve and file their opposition by 2/14/03, and any reply, if necessary, by 2/21/03. Oral argument on these motions will be held on 3/14/03 at 11:00 a.m. Fact discovery will close on 8/29/03. Expert discovery will close on 12/19/03. Other deadlines set forth on this scheduling order. ( signed by Judge William H. Pauley III ); Copies mailed by Chambers. (sb) (Entered: 01/16/2003) |
| 02/05/2003 | 11 | Memo-Endorsement on letter addressed to Judge Pauley from Larissa A. Soccoli, dated 1/31/03: Granting Ms. Soccoli's request for extension of time |

| | | until Monday, 2/3/03 to file a stipulation or motion concerning substitution of parties . ( signed by Judge William H. Pauley III ); Copies faxed by Chambers. (tp) (Entered: 02/06/2003) |
|---|---|---|
| 02/07/2003 | 12 | STIPULATION and ORDER, Faulding Pharmaceutical Co. shall be substituted as the named defendant in this action. Wyeth, Wyeth Pharmaceuticals Inc. and ESI Lederle shall be dismissed, without prejudice, as defendants in this action; and the Clerk of the Court shall modify the caption of this case accordingly . ( signed by Judge William H. Pauley III ) (kw) (Entered: 02/12/2003) |
| 02/14/2003 | 14 | NOTICE OF MOTION by Faulding Pharmaceut for an order, admitting purs. to Local Rule 1.3(c), admitting Charles H. Dougherty, Jr. to appear pro hac vice ; Return Date not indicated. Affidavit of Jules Goldberg in support attached. (sac) (Entered: 02/24/2003) |
| 02/18/2003 | 15 | NOTICE of attorney appearance for Faulding Pharmaceut by Michael I. Wolfson, Richard M. Ballerini. (cd) (Entered: 02/24/2003) |
| 02/19/2003 | 13 | ORDER, for Charles H. Dougherty, Jr. to appear pro hac vice . ( signed by Judge William H. Pauley III ); (Sent to the Attorney Admissions Clerk). (kw) (Entered: 02/21/2003) |
| 02/26/2003 | 16 | STIPULATION and ORDER, Faulding Pharmaceutical Co. shall have until and indcluding 03/24/03 to respond to Astra Zeneca's First Set of Requests for Production of Documents and Things (Nos. 1-56; Wyeth, Wyeth Pharmaceuticals Inc and ESI Lederle shall have until and including March 24, 2003, to resond to AstraZeneca's First Set of Requests for Production of Documents and Things (Nos. 1-56); Astra Zeneca Pharmaceuticals LP an AstraZeneca UK Ltd shall have until and including March 24, 2003 to respond to Defendants' First Set of Requets for Production of Documents and Things ; Faulding Pharmaceutical Co. shall have until 03/24/03 to respond to AstraZeneca's First set of Interrogatories to Wyeth (Nos. 1-8); Wyeth, Wyeth Pharmaceuticals Inc and ESI Ledlerle shall have until and including 03/24/03 to respond to Astra Zenecca's first set of interrogatories to Wyeth (Nos. 1-8); AstraZenecca Pharmaceuticals LP and Astra Zencea UK Ltd shall have until and including 03/24/03 to respond to Defendants' First Set of Interrogatories ; ( signed by Judge H. Pauley III ) (djc) Modified on 02/27/2003 (Entered: 02/27/2003) |
| 04/14/2003 | 17 | STIPULATION and ORDER, for the procedures to be followed that shall govern the handling of confidential materials in this matter . ( signed by Judge William H. Pauley III ) (dle) (Entered: 04/16/2003) |
| 05/23/2003 | 19 | Memorandum to Docket Clerk: telephone conference held before Judge Pauley on 5/23/03. (sac) Modified on 06/05/2003 (Entered: 06/05/2003) |
| 05/23/2003 | | Telephone Conference held before Judge William H. Pauley III. (sac) (Entered: 06/05/2003) |
| 05/27/2003 | 18 | JOINT DISCOVERY STATUS REPORT/ORDER; Close of Fact Discovery - 11/26/03; joint claim construction statement filed by 11/26/03; second joint discovery status report filed by 12/05/03; second joint discovery status report |

| | | |
|---|---|---|
| | | filed by 12/05/03; technology tutorial - 12/18/03 at 9:3o a.m.; initial expert reports served by 01/15/04; rebuttal expert reports served by 02/16/04; close of expert discovery by 03/19/04 ; ( signed by Judge William H. Pauley III ); (djc) (Entered: 05/30/2003) |
| 08/01/2003 | 20 | Memo-Endorsement on letter addressed to Judge Pauley from Denise L. Loring, dated 7/28/03, the proposed format and order of presentation is acceptable to the Court. Further, the parties are directed to number all slides, and refer to those numbers when discussing the slides. Finally, the parties are direted to spinal-bind hard copies of their presentations and provide two copies to the court ( signed by Judge William H. Pauley III ); copies sent by Chambers (cd) (Entered: 08/05/2003) |
| 09/26/2003 | 21 | Memo-Endorsement on letter addressed to Judge Pauley from Denise L. Loring, dated 9/22/03; a discovery conference will be held on 10/3/03 at 10:45 a.m. ( signed by Judge William H. Pauley III ); Copies faxed by Chamber (sac) (Entered: 09/29/2003) |
| 10/30/2003 | 22 | CONSOLIDATION AND SCHEDULING ORDER, Parties agree to consolidate civil action no. 02cv7936 and civil action no. 03cv6487. Fact discovery will close on 1/15/04 and expert discovery will close on 3/26/04. Other deadlines set forth on this order. ( signed by Judge William H. Pauley III ) (sb) (Entered: 10/31/2003) |
| 10/30/2003 | | Consolidated Lead Case. (sb) (Entered: 10/31/2003) |
| 11/14/2003 | 23 | Memo-Endorsement on letter addressed to Judge Pauley from Denise L. Loring, dated 11/12/03. Re: counsel for plaintiff writes to request that they be given until 11/21/03 to respond. Application granted. Plaintiff will respond by letter on or before 11/21/03. A pre-motion conference will be held on 12/12/03 at 9:30 a.m. So Ordered . ( signed by Judge William H. Pauley III ) (jco) (Entered: 11/18/2003) |
| 12/12/2003 | | Minute Entry for proceedings held before Judge William H. Pauley III: Initial Pretrial Conference held and concluded on 12/12/2003. Judge's Decision: Plaintiff's given motion briefing schedule as per their letter motion. Motion to bifurcate the trial is withdrawn. (ph, ) (Entered: 02/17/2004) |
| 12/16/2003 | 24 | SCHEDULING ORDER: defts 12/10/03 letter will be treated as a motion to compel and will be filed under seal; Responses due by 12/23/2003; Replies due by 12/30/2003. (Signed by Judge William H. Pauley III on 12/12/2003) (Pecorino, Joseph) (Entered: 01/05/2004) |
| 01/12/2004 | 25 | SCHEDULING ORDER:Fact Discovery due by 3/4/2004 (expert discovery will close on 6/9/04). (Signed by Judge William H. Pauley III on 1/8/04) copies sent by chambers.(cd, ) (Entered: 01/22/2004) |
| 01/15/2004 | 26 | ENDORSED LETTER addressed to Judge Pauley from Denise Loring dated 1/12/2004 re: Tutorial scheduled for 3/22/2004. The application is granted. The technology tutorial is scheduled for 3/24/2004 at 9:30am.. (Signed by Judge William H. Pauley III on 1/13/2004) Copies faxed by Chambers.(jsa, ) (Entered: 01/27/2004) |
| | | |

| | | |
|---|---|---|
| 02/05/2004 | 27 | ENDORSED LETTER addressed to Judge William H. Pauley from Denise L. Loring dated 2/4/2004; counsel writes to request an informal conference to resolve the scope of the waiver of attorney-client privilege and work-product protection resulting from defendant Faulding's reliance on advice of counsel as a defense to willful infringement. Application granted. The issue will be discussed at the 2/10/2004 conference. Defendant is ordered to reply to this letter by noon on 2/9/2004. (Signed by Judge William H. Pauley III on 2/4/2004) Copies Faxed by Chambers.(kkc, ) (Entered: 02/10/2004) |
| 02/11/2004 | 28 | ORDER; defendant is permitted to re-depose Drs. Denerley and Berry concerning the documents at issue. The depositions will take place in the U.K., and all parties are required to pay their own expenses. Further, defendant will respond to plaintiffs' contention interrogatories at the close of fact discovery. Finally, defendant will provide plaintiffs with a revised privilege log by 2/13/2004. (Signed by Judge William H. Pauley III on 2/10/2004) (kkc, ) (Entered: 02/17/2004) |
| 02/27/2004 | 29 | ENDORSED LETTER addressed to Judge Pauley from Lawrence J. Reina dated 2/24/04 re: granting counsel's request that fact discovery conclude on March 12, 2004. (Signed by Judge William H. Pauley III on 2/26/04) Copies faxed by Chambers.(djc, ) (Entered: 03/01/2004) |
| 03/25/2004 | 30 | SCHEDULING ORDER: Pretrial Conference set for 4/23/2004 10:00 AM before Judge William H. Pauley III. (Signed by Judge William H. Pauley III on 3/24/2004) Filed In Associated Cases: 1:02-cv-07936-WHP,1:03-cv-06487-WHP copies faxed by chambers.(jsa, ) (Entered: 03/26/2004) |
| 03/25/2004 | 31 | ENDORSED LETTER addressed to Judge Pauley, III from Jules E. Goldberg dated 3/22/04 re: granting defendants request that the Court permit Faulding to use, and permit Trail Graphix access to the Courtroom to set up the equipment that is set forth in this letter. (Signed by Judge William H. Pauley III on 3/23/04) Filed In Associated Cases: 1:02-cv-07936-WHP,1:03-cv-06487-WHP(pl, ) (Entered: 03/30/2004) |
| 04/06/2004 | 32 | JOINT DISCOVERY STATUS REPORT. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd., Faulding Pharmaceutical Co. (kw, ) (Entered: 04/07/2004) |
| 04/06/2004 | | MEMO ENDORSEMENT on re: 32 Status Report filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd., Faulding Pharmaceutical Co. The parties' application to extend expert discovery is granted. The schedule is modified according to the proposed schedule on page 2 of this letter. (Signed by Judge William H. Pauley III on 4/2/04) Copies Faxed By Chambers.(kw, ) (Entered: 04/07/2004) |
| 04/06/2004 | | Set Deadlines/Hearings: Discovery due by 7/14/2004. (kw, ) (Entered: 04/07/2004) |
| 04/26/2004 | 33 | TRANSCRIPT of proceedings held on 3/24/2004 before Judge William H. Pauley III.(jmi, ) (Entered: 04/26/2004) |
| 04/26/2004 | 34 | TRANSCRIPT of proceedings held on 3/24/2004 before Judge William H. Pauley III.(jmi, ) (Entered: 04/26/2004) |

| 04/29/2004 | 37 | ENDORSED LETTER addressed to Judge William H. Pauley from Jules E. Goldberg dated 4/15/04 re: defendant requests that AstraZeneca be required to forthwith answer the Requests for Admissions and the Third Set of Interrogatories. For the reasons set forth at the conference on 4/23/04, plaintiffs are not require to respond further to defendant's untimely requests for admissions and Third Set of Interrogatories. See, e.g., Fournier v. Erickson, 242 F. Supp. 2d 318, 334 (S.D.N.Y. 2003). Application denied. (Signed by Judge William H. Pauley III on 4/28//04) Copies Mailed By Chambers.(kw, ) (Entered: 05/03/2004) |
|---|---|---|
| 04/29/2004 | 38 | SCHEDULING ORDER: all claim construction briefing will be completed by 8/31/04, according to a schedule to be stipulated by counsel and so-ordered by this Court. A Markman hearing will take place on 9//15/04. (Signed by Judge William H. Pauley III on 4/28/04) Copies Mailed By Chambers.(kw, ) (Entered: 05/03/2004) |
| 04/30/2004 | 35 | TRANSCRIPT of proceedings held on 3/24/2004 before Judge William H. Pauley III.(jp, ) (Entered: 04/30/2004) |
| 04/30/2004 | 36 | Letter addressed to Judge William H. Pauley, III from Denise L. Loring dated 4/20/04 re: AstraZeneca hereby responds to Faulding's 4/15/04 letter to the Court regarding contention interrogatories and requests for admission that Faulding served on 3/12/04. Document filed by Astrazeneca UK Ltd..(sac, ) (Entered: 04/30/2004) |
| 05/11/2004 | 39 | STIPULATION AND ORDER; the initial claim construction briefs shall be served and filed on August 17, 2004 and responsive briefs shall be served and filed on August 31, 2004; (Signed by Judge William H. Pauley III on 5/6/04) (djc, ) (Entered: 05/12/2004) |
| 06/18/2004 | 40 | STIPULATION AND ORDER that Faulding shall be permitted to serve and file defendant's first amended answer and counterclaims without objection, in the form attached hereto. So Ordered. (Signed by Judge William H. Pauley III on 6/16/04) Filed In Associated Cases: 1:02-cv-07936-WHP,1:03-cv-06487-WHP(jco, ) (Entered: 06/18/2004) |
| 06/22/2004 | 41 | FIRST AMENDED ANSWER to Complaint, COUNTERCLAIM against Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd. Document filed by Faulding Pharmaceutical Co.(db, ) (Entered: 06/24/2004) |
| 07/02/2004 | 42 | Reply to amended counterclaims. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd..(dle, ) (Entered: 07/07/2004) |
| 07/09/2004 | 43 | MOTION for Tracy Zurzolo Frisch to Appear Pro Hac Vice. Document filed by Faulding Pharmaceutical Co.. Return Date set for 7/30/2004 09:30 AM. (jmi, ) (Entered: 07/13/2004) |
| 07/09/2004 | 44 | DECLARATION of Tracy Zurzolo Frisch in Support re: 43 MOTION for Tracy Zurzolo Frisch to Appear Pro Hac Vice.. Document filed by Faulding Pharmaceutical Co.. (jmi, ) (Entered: 07/13/2004) |
| 07/09/2004 | 45 | DECLARATION of Lawrence J. Reina in Support re: 43 MOTION for Tracy Zurzolo Frisch to Appear Pro Hac Vice.. Document filed by Faulding |

| | | |
|---|---|---|
| | | Pharmaceutical Co.. (jmi, ) (Entered: 07/13/2004) |
| 07/15/2004 | 46 | ENDORSED LETTER addressed to Judge William H. Pauley, III from Jules E. Goldberg dated 7/14/04; re: the parties respectfully request that the current date for the close of expert discovery - 7/14/04 - be extended to 8/13/04. The parties would like to be able to include expert reports and/or experts affidavits abstracted from the reports as part of their pre-hearing submissions to the Court in connection with the Markman Hearing. Application granted. Expert discovery is extended to 8/13/04. Parties may submit abstracts from expert reports and/or affidavits. The Markman Hearing is scheduled for 9/15/04 at 9:30 A.M. (Signed by Judge Naomi Reice Buchwald on 7/14/04) Filed In Associated Cases: 1:02-cv-07936-WHP,1:03-cv-06487-WHP(sac, ) (Entered: 07/16/2004) |
| 07/27/2004 | 47 | ORDER granting 43 Motion for Tracy Zurzolo Frisch to Appear Pro Hac Vice . (Signed by Judge William H. Pauley III on 07/26/04) (djc, ) (Entered: 07/28/2004) |
| 07/28/2004 | | Transmission to Attorney Admissions Clerk. Transmitted re: 47 Order on Motion to Appear Pro Hac Vice, to the Attorney Admissions Clerk for updating of Attorney Information. (djc, ) (Entered: 07/28/2004) |
| 08/17/2004 | 51 | MOTION for an order granting permission to file the following documents under seal: claim construction brief, declaration of James C. Boylan dated 8/17/04 and declaration of Michele Winneker dated 8/17/04. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (dle, ) (Entered: 08/19/2004) |
| 08/17/2004 | 52 | Declaration of Jack R. Norton, Ph.D. in support of plaintiffs' Astrazeneca's claim construction brief. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (dle, ) (Entered: 08/19/2004) |
| 08/17/2004 | 53 | BRIEF in support of its Markman Construction. Document filed by Faulding Pharmaceutical Co. (jco, ) (Entered: 08/20/2004) |
| 08/17/2004 | 54 | DECLARATION of Jules E. Goldberg in Support of defendant's Markman Brief. Document filed by Faulding Pharmaceutical Co. (jco, ) (Entered: 08/20/2004) |
| 08/19/2004 | 55 | MOTION to Seal documents under seal. Document filed by Faulding Pharmaceutical Co. (cd, ) (Entered: 08/20/2004) |
| 08/31/2004 | 60 | Astrazeneca's Motion to File Documents Under Seal. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (jmi, ) (Entered: 09/02/2004) |
| 09/13/2004 | 61 | ENDORSED LETTER addressed to Judge Pauley III from Sona De: Re: permission to bring 2 laptop computers into the Court for the claim construction hearing on 9/15/2004. Application granted. (Signed by Judge William H. Pauley III on 09/13/2004) (jsa, ) (Entered: 09/15/2004) |
| 09/13/2004 | 62 | ENDORSED LETTER addressed to Judge Pauley III from Jules E. Goldberg dated 9/1/2004 re: This Court's individual rule 2 (c) does not apply to the briefing for a claim construction proceeding. Application denied. (Signed by |

| | | Judge William H. Pauley III on 9/13/2004) (jsa, ) (Entered: 09/15/2004) |
|---|---|---|
| 09/24/2004 | 64 | REPLY to Plaintiffs' Claim Construction Brief. Confidential-Subject to Protective Order. Document filed by Faulding Pharmaceutical Co.. (sac, ) (Entered: 09/29/2004) |
| 09/24/2004 | 65 | DECLARATION of Jules E. Goldberg in Support of Claim Construction Brief. Document filed by Faulding Pharmaceutical Co.. (sac, ) (Entered: 09/29/2004) |
| 09/28/2004 | 63 | TRANSCRIPT of proceedings held on 9/15/2004 before Judge William H. Pauley III.(jp, ) (Entered: 09/28/2004) |
| 10/01/2004 | 66 | (REDACTED) REVISED Claim CONSTRUCTION BRIEF CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd..(pl, ) (Entered: 10/06/2004) |
| 10/14/2004 | 67 | ENDORSED LETTER addressed to Judge Pauley from Denise L. Loring dated 10/05/04 re: parties have agreed to the dates leading up to and the filing of the joint pretrial order and pretrial memoranda, consistent wth Your Honor's Individual Practice Rules. With the Court's permission, we propose to file the pretrial order on November 4 and pretrial memoranda and statements of elements of each party's claims and defenses on November 12. Please advise how Your Honor would like to proceed and parties will submit a joint pretrial schedule for the court's approval. Application Granted. Parties shall file their motions inlimine by 11/5/04. Opposition to the motion shall be filed by 11/12/04, and replies by 11/18/04; the final pretrial conference is scheduled for 11/23/04 at 2:00 p.m.. (Signed by Judge William H. Pauley III on 10/14/04) copies faxed by chambers.(djc, ) (Entered: 10/18/2004) |
| 10/14/2004 | | Set Deadlines/Hearings: Motions due by 11/5/2004. Replies due by 11/18/2004. Responses due by 11/12/2004 Final Pretrial Conference set for 11/23/2004 02:00 PM before Judge William H. Pauley III. (djc, ) (Entered: 10/18/2004) |
| 10/20/2004 | 68 | NOTICE of Change of Name. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd. (djc, ) (Entered: 10/25/2004) |
| 10/25/2004 | 69 | STIPULATION AND ORDER; Mayne Pharma (USA) Inc. is substituted as the named party defendant and counterclaim plaintiff in this action. These Consolidated Actions 02civ.7936 & 03civ.6487 are amended, deleting Faulding Pharmaceutical Co. as a defendant and substituting Mayne Pharma (USA) Inc. as defendant. (Signed by Judge William H. Pauley III on 10/21/04) (sac, ) (Entered: 10/27/2004) |
| 11/01/2004 | 70 | ENDORSED LETTER addressed to Judge William H. Pauley III from Denise L. Loring dated 10/22/04 re: that the parties requests that the trial in this case be adjourned until 2/28/05, and expect that the trial will take place over ten trial days; application granted. A scheduling conference is set for 11/23/04 @2:00 p.m. The briefing schedule for motions in limine is suspended. (Signed by Judge William H. Pauley III on 10/26/04) (pl, ) (Entered: 11/03/2004) |
| | | |

| 11/01/2004 | | Set Deadlines/Hearings: Scheduling Conference set for 11/23/2004 02:00 PM before Judge William H. Pauley III. (pl, ) (Entered: 11/03/2004) |
|---|---|---|
| 11/29/2004 | 71 | SCHEDULING ORDER: Pursuant to the pretrial conference held on 11/23/2004 Ready for Trial on 2/28/2005. (Signed by Judge William H. Pauley III on 11/24/2004) copies mailed by chambers(jsa, ) (Entered: 11/29/2004) |
| 11/29/2004 | 72 | ORDER 1) Astrazeneca's motion to compel Mayne to produce, Mr. Richardson and Ms. Bradley for additional depositions is denied.(2) Maynes' motion to compel three of Astrazeneca's employees from the United Kingdom to appear and give testimony at trial is denied. (3). Astrazeneca's application to substitute Dr. Thomas Foster for Dr. James Boylan is granted. (Signed by Judge William H. Pauley III on 11/26/2004) copies mailed by chambers.(jsa, ) (Entered: 11/29/2004) |
| 12/28/2004 | 73 | ORDER. For the reasons further set forth in this Order, the Court finds that the disputed terms in the '520 paptent have the meanings further set forth in this Order. (Signed by Judge William H. Pauley III on 12/28/04) Filed In Associated Cases: 1:02-cv-07936-WHP,1:03-cv-06487-WHP Copies mailed by Chambers.(yv, ) (Entered: 12/28/2004) |
| 01/03/2005 | 74 | ENDORSED LETTER addressed to Judge Pauley from Denise Loring dated 11/22/04: denying AstraZeneca's request for leave to rely upon the eclosed supplemental report of Dr. Foster. (Signed by Judge William H. Pauley III on 11/22/04) (cd, ) (Entered: 01/05/2005) |
| 01/04/2005 | 76 | LETTER addressed to Judge William H. Pauley, III from Denise L. Loring dated 11/22/04 re: Dr. James Boylan will be unable to testify at trial. Dr. Thomas Foster will be the substitute for Dr. Boylan. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd..(ps, ) (Entered: 01/07/2005) |
| 01/04/2005 | 77 | LETTER addressed to Judge William H. Pauley, III from Denise L. Loring dated 10/5/04 re: Plaintiffs AstraZeneca asks the Court to compel Faulding to produce two witnesses for brief depositions regarding Faulding's recently produced communications with the FDA concerning Faulding's ANDA No. 76-452, at issue in this lawsuit. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd..(ps, ) (Entered: 01/07/2005) |
| 01/04/2005 | 78 | LETTER addressed to Judge William H. Pauley, III from Jules E. Goldberg dated 9/30/04 re: Case authority that supports the proposition that he Court should limit the definition of "derivatives thereof" to the particular compounds the Plaintiffs tested. ps, ) Modified on 1/7/2005 (ps, ). (Entered: 01/07/2005) |
| 01/04/2005 | 79 | LETTER addressed to Judge William H. Pauley, III from Denise L. Loring dated 10/4/04 re: Response to the 9/30/04 letter from Mr. Goldberg regarding the Federal Circuit's decision that supports AstraZeneca's position that construction of the claim term "edetate" should not be limited to the preferred embodiments set forth in the AstraZeneca patents. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd..(ps, ) (Entered: 01/07/2005) |
| | | |

| 01/04/2005 | 80 | LETTER addressed to Judge William H. Pauley, III from Jules E. Goldberg dated 10/15/04 re: Response to AstraZeneca's letter to the Court dated 10/5/04. AstraZeneca seeks a ruling compelling Faulding to produce two witnesses for depositions in connection with correspondence beween Faulding and the FDA regarding a labeling deficiency. The Court should reject AstaZeneca's request. (ps, ) (Entered: 01/07/2005) |
|---|---|---|
| 01/04/2005 | 81 | LETTER addressed to Judge William H. Pauley, III from Lawrence J. Reina dated 11/10/04 re: Request for a conference to compel three key AstraZeneca employees to appear and give testimony at trial in connection with Mayne's defenses and counterclaims or to direct that an adverse interence be drawn against AstraZeneca if these witnesses do not appear at trail. Document filed by Mayne Pharma (USA) Inc..(ps, ) (Entered: 01/07/2005) |
| 01/04/2005 | 82 | LETTER addressed to Judge William H. Pauley, III from Denise L. Loring dated 11/18/04 re: Reponse to Mayne's 11/10/04 letter seeking to compel three witnesses for this trial. AstraZeneca opposes Mayne's request. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd..(ps, ) (Entered: 01/07/2005) |
| 01/04/2005 | 83 | LETTER addressed to Judge William H. Pauley, III from Jules E. Goldberg dated 12/28/04 re: Opposition to Plaintiff AstraZeneca's letter dated 12/22/04. Document filed by Mayne Pharma (USA) Inc..(ps, ) (Entered: 01/07/2005) |
| 01/04/2005 | 84 | LETTER addressed to Judge William H. Pauley, III from Michele Winnekar dated 9/24/04 re: Redacted versions of claim constuction briefs and supporting papers for the public record.. Document filed by Astrazeneca Pharmaceuticals LP.(ps, ) (Entered: 01/10/2005) |
| 01/05/2005 | 75 | ORDER; the Clerk of the Court is directed to unseal (1)the document that appears on the docket sheet as Docket entry #58, and (2) the document that appears on the docket sheet as Docket entry #59. (Signed by Judge William H. Pauley III on 01/04/05) copies mailed by chambers.(djc, ) (Entered: 01/07/2005) |
| 01/05/2005 | 85 | DECLARATION of Michelle Winneker in Support of Plntfs Astrazeneca's Responsive Claim Construction Brief. Document filed by Astrazeneca Pharmaceuticals LP. (orig doc #58) (cd, ) (Entered: 01/10/2005) |
| 01/05/2005 | 86 | RESPONSIVE CLAIM CONSTRUCTION BRIEF. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd. (orig doc #59)(cd, ) (Entered: 01/10/2005) |
| 01/07/2005 | | Transmission to Sealed Records Clerk. Transmitted re: 75 Order,, to the Sealed Records Clerk for the sealing or unsealing of document or case. (djc, ) (Entered: 01/07/2005) |
| 01/07/2005 | 88 | SCHEDULING ORDER: Counsel will submit a joint pre-trial order by 2/1/05; the parties will file and serve their motions in limine by 2/1/05; the parties will file and serve their oppositions to the motions in limine by 2/7/05; the parties will file and serve their reply papers, if any, by 2/11/05; a final pretrial conference will be held on 2/18/05 at 4:00 p.m. (Signed by Judge William H. Pauley III on 1/6/05) Copies Mailed and Faxed By Chambers.(kw, ) (Entered: |

| | | 01/13/2005) |
|---|---|---|
| 01/10/2005 | 87 | REVISED SCHEDULING ORDER: Motions due by 2/1/2005. Responses due by 2/4/2005 Replies due by 2/11/2005. Final Pretrial Conference set for 2/18/2005 04:00 PM before Judge William H. Pauley III. Counsel will submit a joint pre-trial order in accord with this Court's Individual Practices by 2/1/05. The parties will file a pretrial memorandum by 2/11/05. "Copies Mailed By Chambers" (Signed by Judge William H. Pauley III on 1/7/05) Filed In Associated Cases: 1:02-cv-07936-WHP,1:03-cv-06487-WHP(jco, ) (Entered: 01/13/2005) |
| 01/11/2005 | 99 | NOTICE; that the firm of Fish Neave LLP has combined with, and is known as, Ropes & Gray LLP.. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd. (pl, ) (Entered: 02/01/2005) |
| 01/14/2005 | 94 | ENDORSED LETTER addressed to Judge William H. Pauley III from Denise Loring dated 1/12/05 re: proposing a briefing schedule for summary jugment motions. Application Granted. Motions due by 1/19/2005. Responses due by 2/2/2005. Replies due by 2/9/2005. (Signed by Judge William H. Pauley III on 1/13/05) Copies Faxed By Chambers.(kw, ) (Entered: 01/21/2005) |
| 01/19/2005 | 114 | MOTION for an order granting permission to file documents as further set forth in this motion under seal. Proposed order attached. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (dle, ) (Entered: 02/09/2005) |
| 01/20/2005 | 95 | NOTICE of Appearance by Robert J. Goldman on behalf of Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd. (jmi, ) (Entered: 01/28/2005) |
| 01/20/2005 | 96 | NOTICE of Appearance by Sona De on behalf of Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd. (jmi, ) (Entered: 01/28/2005) |
| 01/20/2005 | 97 | NOTICE of Appearance by Jeanne C. Curtis on behalf of Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd. (jmi, ) (Entered: 01/28/2005) |
| 01/21/2005 | 98 | MOTION for Leave to File Defendant Mayne's Memorandum of Law..; Rule 56.1 Statement... and Rule 56.1 Declaation... under seal. Document filed by Mayne Pharma (USA) Inc.. (djc, ) (Entered: 02/01/2005) |
| 01/25/2005 | 112 | MOTION for an order granting partial summary judgment that dft did not willfully infringe U.S.Patent Nos. 5,714,520, 5,731,355 and 5,731,356. Document filed by Mayne Pharma (USA) Inc., Mayne Pharma (USA) Inc.. (dle, ) (Entered: 02/09/2005) |
| 01/25/2005 | 113 | MOTION for an order entering summary judgment of literal infringement of claims 1, 3-14 of U.S. Patent Nos. 5,714,520, 5,731,355 and 5,731,356 as well as claim 38 of U.S. Patent Nos. 5,714,520 and to sever and stay the issue of infringement under the doctrine of equivalents. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (dle, ) (Entered: 02/09/2005) |
| 02/01/2005 | 115 | MOTION for Leave to File under seal, the Declaration of Gabrielle Ciuffreda in support of motion to exclude. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (jp, ) (Entered: 02/09/2005) |

| 02/01/2005 | 116 | MOTION for Leave to File under seal: pltffs Memorandum of Law in support of its motion to exclude the Churchill Notebook from evidence; and the Declaration of Sona De in support of said motion to exclude the Churchill Notebook from evidence. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (jp, ) (Entered: 02/09/2005) |
| 02/01/2005 | 117 | MOTION in Limine to exclude the Churchill Notebook from evidence. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd. (jp, ) (Entered: 02/09/2005) |
| 02/01/2005 | 118 | MOTION in Limine to exclude U.S. Patent No. 3,240,701 and its file history. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd. (jp, ) (Entered: 02/09/2005) |
| 02/01/2005 | 119 | MEMORANDUM OF LAW in Support re: 118 MOTION in Limine to exclude U.S. Patent No. 3,240,701 and its file history. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd. (jp, ) (Entered: 02/09/2005) |
| 02/01/2005 | 120 | DECLARATION of Denise L. Loring in Support re: 118 MOTION in Limine to exclude U.S. Patent No. 3,240,701 and its file history. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd. (jp, ) (Entered: 02/09/2005) |
| 02/01/2005 | 121 | MOTION in Limine to exclude the expert testimony of Gerald H. Bjorge, Esq. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (jp, ) (Entered: 02/09/2005) |
| 02/01/2005 | 122 | MEMORANDUM OF LAW in Support re: 121 MOTION in Limine exclude the expert testimony of Gerald H. Bjorge, Esq. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd. (jp, ) (Entered: 02/09/2005) |
| 02/02/2005 | 109 | ENDORSED LETTER addressed to Judge Pauley from Lawrence Reina dated 1/31/05: granting an extension of time re plntfs and defts summary judment motions to 2/4 and reply papers to 2/11. (Signed by Judge William H. Pauley III on 2/1/05) (cd, ) (Entered: 02/08/2005) |
| 02/11/2005 | 131 | DECLARATION of Jeanne C. Curtis in Support of plaintiff Astrazeneca's Reply Memorandum in support of its motion in limine to exclude the Churchill Notebook from evidence. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (pl, ) (Entered: 02/16/2005) |
| 02/11/2005 | 132 | DECLARATION of Gabrielle Ciuffreda in support of Plaintiff Astrazeneca's Trial Brief. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. Filed In Associated Cases: 1:02-cv-07936-WHP,1:03-cv-06487-WHP(pl, ) (Entered: 02/16/2005) |
| 02/11/2005 | 133 | DECLARATION of Jeanne C. Curtis in support of plaintiff Astrazeneca's Reply Memorandum in support of its motion in Limine to exclude U.S. Patent No. 3,240,701 and its file file History. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (pl, ) (Entered: 02/16/2005) |
| 02/11/2005 | 134 | REPLY MEMORANDUM OF LAW in support of its motion in Limine to exclude U.S. Patent No. 3,240,701 and its file file History. Document filed by |

| | | |
|---|---|---|
| | | Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (pl, ) (Entered: 02/16/2005) |
| 02/11/2005 | 135 | REPLY MEMORANDUM OF LAW on its motion in limine to exclude the expert testimony of Gerald H. Gjorge, Esq. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (pl, ) (Entered: 02/16/2005) |
| 02/11/2005 | 136 | MOTION for Leave to File documents under seal. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (pl, ) (Entered: 02/16/2005) |
| 02/11/2005 | 137 | SUPPLEMENTAL DECLARATION of Gabrielle Ciuffreda in support of Astrazeneca's motion in limine to exclude the expert testimony of Gerald H. Bjorge, Esq. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (pl, ) (Entered: 02/16/2005) |
| 02/14/2005 | 130 | Plaintiff Astrazeneca's Motion to file Seal Document. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (jmi, ) (Entered: 02/16/2005) |
| 02/14/2005 | 138 | MOTION in Limine to exclude evidence on claim construction and new expert opinions. MOTION to Strike Mayne's Memorandum in Opposition to Astrazeneca's Summary Judgment Motion and Supporting Declarations. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (ps, ) (Entered: 02/16/2005) |
| 02/14/2005 | 139 | CERTIFICATE OF SERVICE of various documents as listed on certificate; served on counsel for Mayne Pharma (USA) by hand to Jules E. Goldberg, Esq. on 2/14/05. (djc, ) (Entered: 02/17/2005) |
| 02/16/2005 | 140 | ENDORSED LETTER addressed to Judge Pauley III from Denise L. Loring dated 2/14/2005 re: Astrzeneca shall file its motion in limine setting out its objections to Mayne's statement regarding defenses and counterclaims by 2/18/2005. Mayne shall file its opposition by 2/22/2005. The final pre-trial conference is adjourned to 2/24/2005 at 3:30pm. copies faxed by chambers. (Signed by Judge William H. Pauley III on 2/15/2005) (jsa, ) (Entered: 02/18/2005) |
| 02/16/2005 | | Set Deadlines/Hearings: Motion in limine due by 2/18/2005. Responses due by 2/22/2005 Final Pretrial Conference set for 2/24/2005 03:30 PM before Judge William H. Pauley III. (jsa, ) (Entered: 02/18/2005) |
| 02/18/2005 | 147 | MOTION in Limine to Preclude Mayne's New Contentions and Evidence in Support of Them. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (ps, ) (Entered: 03/02/2005) |
| 02/18/2005 | 148 | MOTION to File Documents Under Seal. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (ps, ) (Entered: 03/02/2005) |
| 02/23/2005 | 144 | ENDORSED LETTER addressed to Judge Pauley from Sona De dated 02/18/05 re: counsel requests permission to bring certain materials into the courtroom for trial scheduled to begin on 02/28/05 in the captioned case; Application Granted.. (Signed by Judge William H. Pauley III on 2/18/05) (djc, ) (Entered: 02/24/2005) |

| 02/24/2005 | 151 | NOTICE of Appearance by Michele Montuore on behalf of Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. This Document Relates to: 03civ6487. (sac, ) (Entered: 03/07/2005) |
| 02/24/2005 | 152 | NOTICE of Appearance by Gabrielle M. Ciuffreda on behalf of Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. This Document Relates to: 03civ6487.(sac, ) (Entered: 03/07/2005) |
| 02/25/2005 | 145 | MOTION for an order admitting William Nakhleh pro hac vice to argue or try this case in whole or in part as counsel for plaintiffs. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (dle, ) (Entered: 03/01/2005) |
| 02/25/2005 | 146 | MOTION for an order admitting Reeta K. Whitney pro hac vice to argue or try this case in whole or in part as counsel for plaintiffs. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. (dle, ) (Entered: 03/01/2005) |
| 03/01/2005 | 149 | ENDORSED LETTER addressed to Judge William H. Pauley from Jules Goldberg dated 2/23/05 re: counsel for dft Mayne Pharma request that the court permit Mayne to use and permit TrialGraphix access to teh courtroom to set up equipment to facilitate the presentation of the bench trial as further set forth in this letter. Application granted. (Signed by Judge William H. Pauley III on 2/24/05) (dle, ) (Entered: 03/03/2005) |
| 03/01/2005 | 150 | Joint Pretrial Order. (Signed by Judge William H. Pauley III on 2/25/05) (dle, ) (Entered: 03/04/2005) |
| 03/02/2005 | 153 | ENDORSED LETTER addressed to Judge William H. Pauley from Jules Goldberg dated 3/1/05 re: counsel for Mayne Pharma requests permission to bring one cell phone into the courtroom. Application granted for dft's counsel to bring one cell phone into courtroom 11D. (Signed by Judge William H. Pauley III on 3/1/05) (dle, ) (Entered: 03/07/2005) |
| 03/02/2005 | 154 | ENDORSED LETTER addressed to Judge William H. Pauley from Denise Loring dated 3/1/05 re: counsel for AstraZeneca requests permission to bring a cell phone into the courthouse for the duration of the trial. Application granted. (Signed by Judge William H. Pauley III on 3/2/05) (dle, ) (Entered: 03/07/2005) |
| 03/08/2005 | 156 | ORDER that AstraZeneca's motion to file documents under seal is granted. The listed documents (re this motion) are sealed. (Signed by Judge William H. Pauley III on 3/8/05) (cd, ) (Entered: 03/15/2005) |
| 03/09/2005 | 155 | ORDER: defendants 2/11/05 application to place the following documents under seal is GRANTED: (1) defendants 2/11/05 Pretrial Memorandum (2) defendants 2/11/05 Statement of Claims and Defenses (3) defendants 2/11/05 Reply Memorandum of Law in Further Support of Motion in Limine and (4) 2/11/05 Reply Declaration of Lawrence J. Reina in Further support of defendants Motions In Limine and attached exhibits. (Signed by Judge William H. Pauley III on 3/8/05) (db, ) (Entered: 03/11/2005) |
| 03/09/2005 | 157 | ORDER that plntf AstraZeneca's Motion to file documents under seal is |

| | | granted. (Signed by Judge William H. Pauley III on 3/8/05) (cd, ) (Entered: 03/15/2005) |
|---|---|---|
| 03/09/2005 | 158 | ORDER granting AstraZeneca's motion to file documents under seal is granted. Plntf AstraZeneca's Memo of Law in support of its motion in limine to exclude the Churchill notebook from evidence and the declaration of Sona de in support of AstraZeneca's motion in limine to exclude The Churchill notebook from evidence are sealed. (Signed by Judge William H. Pauley III on 3/8/05) (cd, ) (Entered: 03/15/2005) |
| 03/09/2005 | 159 | ORDER granting Astrazeneca's motion to file doucments under seal re Astra's reply memo in support of its motion inlimine to exclude the Churchill Notebook from evidence and Astra's trial brief (dated 2/11/05), and Astra's statement of elements and summary of facts. (Signed by Judge William H. Pauley III on 3/8/05) (cd, ) (Entered: 03/15/2005) |
| 03/09/2005 | 160 | ORDER that Astra's motion to file documents under seal is granted re delcaration of Gabrielle Ciuffreda in support of Astra's motion in limine to exclude the expert testimony of Gerald Bjorge. (Signed by Judge William H. Pauley III on 3/8/05) (cd, ) (Entered: 03/15/2005) |
| 03/16/2005 | 163 | Defendant's Opposition to Plaintiffs' Motion to Strike A Portion of the Testimony of Gerald H. Bjorge. Document filed by Astrazeneca Pharmaceuticals LP. (jmi, ) (Entered: 03/22/2005) |
| 03/17/2005 | 164 | MOTION to Strike a Portion of the Testimony of G. Bjorge. Document filed by Astrazeneca Pharmaceuticals LP. (cd, ) (Entered: 03/23/2005) |
| 03/18/2005 | 161 | ENDORSED LETTER addressed to Judge Pauley III from Sona De re: permission to remove trial materials from the courtroom on 3/15/2005. So ordered (Signed by Judge William H. Pauley III on 3/15/2005) (jsa, ) (Entered: 03/21/2005) |
| 03/18/2005 | 162 | ENDORSED LETTER addressed to Judge Pauley III from Lawrence J. Reina dated 3/14/2005 re: permission to remove trial materials from courtroom. So ordered. (Signed by Judge William H. Pauley III on 3/14/2005) (jsa, ) (Entered: 03/21/2005) |
| 03/22/2005 | 165 | SCHEDULING ORDER: The parties will file and serve their proposed findings of fact and conclusions of law by 4/8/2005; Responses due by 4/18/2005. Closing arguments will be held on 5/6/2005 at 2:45 pm. Copies mailed by chambers. (Signed by Judge William H. Pauley III on 3/21/2005) (jsa, ) (Entered: 03/24/2005) |
| 03/22/2005 | | Set/Reset Hearings: Oral Argument set for 5/6/2005 02:45 PM before Judge William H. Pauley III. (jsa, ) (Entered: 03/24/2005) |
| 03/24/2005 | 166 | TRANSCRIPT of proceedings held on 02/24/05 before Judge William H. Pauley III and related case 03 cv 6487. (es, ) (Entered: 03/24/2005) |
| 03/24/2005 | 167 | TRANSCRIPT of proceedings held on 2/24/2005 before Judge William H. Pauley III. (kj, ) (Entered: 03/24/2005) |
| 03/28/2005 | 168 | TRANSCRIPT of proceedings held on February 28 and March 1,2,3,4,7, 2005 |

| | | before Judge William H. Pauley III. (lma, ) (Entered: 03/28/2005) |
|---|---|---|
| 03/31/2005 | 169 | TRANSCRIPT of proceedings held on March 7, 8, 9, 10, 14, 15, 2008 before Judge William H. Pauley III. (lma, ) (Entered: 03/31/2005) |
| 04/08/2005 | 170 | Proposed Findings of Fact and Conclusions of Law. Document filed by Mayne Pharma (USA) Inc..(ps, ) (Entered: 04/13/2005) |
| 04/08/2005 | 171 | Parties' Joint List of Exhibits. (ps, ) (Entered: 04/13/2005) |
| 04/08/2005 | 172 | Proposed Findings of Fact and Conclusions of Law. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd..(ps, ) (Entered: 04/13/2005) |
| 04/18/2005 | 173 | RESPONSE to re: 172 Proposed Findings of Fact. Document filed by Mayne Pharma (USA) Inc. (kw, ) (Entered: 04/22/2005) |
| 04/18/2005 | 174 | RESPONSE to Mayne's Post-trial proposed findings of fact and conclusions of law. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd. (kw, ) (Entered: 04/25/2005) |
| 04/21/2005 | 175 | ORDER granting 146 Motion for Reeta K. Whitney to Appear Pro Hac Vice . (Signed by Judge William H. Pauley III on 4/19/2005) Modified on 4/25/2005 (jsa, ). (Entered: 04/25/2005) |
| 04/21/2005 | 176 | ORDER granting 145 Motion for Willam Z. Nakhleh to Appear Pro Hac Vice . (Signed by Judge William H. Pauley III on 4/19/2005) (jsa, ) Modified on 4/25/2005 (jsa, ). (Entered: 04/25/2005) |
| 04/21/2005 | 177 | ORDER: defendants Motion to file documents Under Seal is GRANTED. The following documents are sealed: 1) defendant Mayne's Memorandum of Law Defendant's Opposition to Plaintiff's Motion for Summary Judgment of Literal Infringement and to Sever and Stay the Issue of Infringement under the Doctrine of Equivalents dated 2/7/05. 2) Declaration of Jules E. Goldberg in Support of Defnedant's Opposition to Plaintiff's Motion for Summary Judgment of Literal Infringement and to Sever and Stay the Issue of Infringment under the Doctrine of Equivalents, dated 2/7/05 and attached exhibits. (Signed by Judge William H. Pauley III on 4/11/05) (db, ) (Entered: 04/26/2005) |
| 04/21/2005 | 178 | ORDER; the following documents are sealed: Defendant's Mem. of Law in Opposition..., dated 02/22/05; Declaration of Lawrence J. Reina in Opposition, dated Feb. 22, 2005 and the Exhibits attached thereto; Defendant's Memorandum of Law in Opposition..., dated February 22, 2005 and Declaration of Lawrence J. Reina in Opposition..., dated February 22, 2005. (Signed by Judge William H. Pauley III on 4/11/05) (djc, ) (Entered: 04/29/2005) |
| 04/21/2005 | 179 | Defendant's motion to file documents under seal is Granted. The following documents are sealed; Defendant Mayne's Reply Mem. of Law..., dated 02/14/05; Reply Declaration of Lawrence J. Reina in Further Support of motion..., dated 02/14/05 and attached Exhibits. (Signed by Judge William H. Pauley III on 4/11/05) (djc, ) (Entered: 04/29/2005) |

| 04/21/2005 | 180 | ORDER granting 98 Motion for Leave to File Document under seal (as stated in this Order). (Signed by Judge William H. Pauley III on 4/11/05) (djc, ) (Entered: 04/29/2005) |
| 04/21/2005 | 181 | ORDER granting 114 Motion to Seal Document as stated in this Order... (Signed by Judge William H. Pauley III on 4/11/05) (djc, ) (Entered: 04/29/2005) |
| 04/21/2005 | 182 | ORDER granting 130 Motion to Seal Documents as stated in this Order. . (Signed by Judge William H. Pauley III on 4/11/05) (djc, ) (Entered: 04/29/2005) |
| 05/03/2005 | 183 | TRANSCRIPT (corrected)of proceedings held on 02/28/05 before Judge William H. Pauley III. (es, ) (Entered: 05/03/2005) |
| 05/03/2005 | 184 | TRANSCRIPT (corrected)of proceedings held on 03/08/05 before Judge William H. Pauley III. (es, ) (Entered: 05/03/2005) |
| 05/05/2005 | 185 | ENDORSED LETTER addressed to Judge William H. Pauley from Jules Goldberg dated 2/22/05 re: counsle for dft requests that the court permit Mayne to use and permit Trialgraphix access to the courtroom to set up the equipment as further set forth in this letter. So Ordered. (Signed by Judge William H. Pauley III on 5/5/05) (dle, ) (Entered: 05/06/2005) |
| 05/10/2005 | 186 | TRANSCRIPT of proceedings held on 05/06/05 before Judge William H. Pauley III. (es, ) (Entered: 05/10/2005) |
| 05/11/2005 | 187 | ENDORSED LETTER addressed to Judge William H. Pauley, III from Sona De dated 5/4/05; re: granting plaintiff permission to bring certain material into the Courtroom for closing arguments. (Signed by Judge William H. Pauley III on 5/4/05) This Document Relates to: 03civ6487.(sac, ) (Entered: 05/12/2005) |
| 05/20/2005 | 188 | MOTION for an order unsealing the documents as further set forth in this motion which were previously filed under seal. Document filed by Astrazeneca UK Ltd.. (dle, ) (Entered: 05/23/2005) |
| 05/20/2005 | 189 | Defendant's Statement of Claims and Defenses. Document filed by Mayne Pharma (USA) Inc. (dle, ) Modified on 5/23/2005 (dle, ). (Entered: 05/23/2005) |
| 05/20/2005 | 190 | REPLY MEMORANDUM OF LAW in Support of motions in limine. Document filed by Mayne Pharma (USA) Inc.. (dle, ) (Entered: 05/23/2005) |
| 05/20/2005 | 191 | Reply Declaration of Lawrence J. Reina in further support of dft's motions in limine. Document filed by Mayne Pharma (USA) Inc.. Filed In Associated Cases: 1:02-cv-07936-WHP,1:03-cv-06487-WHP(dle, ) (Entered: 05/23/2005) |
| 05/20/2005 | 192 | RULE 56.1 Declaration of Jules E. Goldberg in support of dft's opposition to plaintiff Astrazeneca's motion for summary judgment of literal infringement and to sever and stay the issue of infringement under the doctrine of equivalents. Document filed by Mayne Pharma (USA) Inc.. (dle, ) (Entered: 05/24/2005) |
| 05/20/2005 | 193 | MEMORANDUM OF LAW in Support of dft's opposition to plaintiffs' |

| | | |
|---|---|---|
| | | motion for summary judgment of literal infringement. Document filed by Mayne Pharma (USA) Inc.. (dle, ) (Entered: 05/24/2005) |
| 05/20/2005 | 194 | RULE 56.1 STATEMENT of disputed facts in opposition to plaintiffs' motion for summary judgment of literal infringement and motion to sever and stay the issue of infringement under the doctrine of equivalents. Document filed by Mayne Pharma (USA) Inc.. (dle, ) (Entered: 05/24/2005) |
| 05/20/2005 | 195 | DECLARATION of Harold B. Hopfenberg. (dle, ) (Entered: 05/24/2005) |
| 05/20/2005 | 196 | DECLARATION of Jeffrey D. Winkler, Ph.D. (dle, ) (Entered: 05/24/2005) |
| 05/20/2005 | 197 | MEMORANDUM OF LAW in Support of motions in limine. Document filed by Mayne Pharma (USA) Inc.. (dle, ) (Entered: 05/24/2005) |
| 05/20/2005 | 198 | DECLARATION of Lawrence J. Reina in Support of dft's motions in limine. Document filed by Mayne Pharma (USA) Inc.. (dle, ) (Entered: 05/24/2005) |
| 05/20/2005 | 199 | MEMORANDUM OF LAW in Opposition to plaintiffs' motion to strike Mayne's memorandum in opposition to Astrazeneca's summary judgment motion and supporting declarations and motion in limine to exclude evidence on claim construction and new expert opinions. Document filed by Mayne Pharma (USA) Inc.. (dle, ) (Entered: 05/24/2005) |
| 05/20/2005 | 200 | DECLARATION of Lawrence J. Reina in Opposition to plaintiffs' motion to strike Mayne's memorandum in opposition to Astrazeneca's summary judgment motion and supporting declarations and motion in limine to exclude evidence on claim construction and new expert opinions. Document filed by Mayne Pharma (USA) Inc.. (dle, ) (Entered: 05/24/2005) |
| 05/20/2005 | 201 | DECLARATION of Lawrence J. Reina in Opposition to plaintiffs' motion in limine to preclude Mayne's "new" contentions and evidence in support of them. Document filed by Mayne Pharma (USA) Inc.. (dle, ) (Entered: 05/24/2005) |
| 05/20/2005 | 202 | MEMORANDUM OF LAW in Opposition to plaintiffs' motion in limine to preclude Mayne's so called "new" contentions and evidence in support of them. Document filed by Mayne Pharma (USA) Inc.. (dle, ) (Entered: 05/24/2005) |
| 05/20/2005 | 203 | REPLY MEMORANDUM OF LAW in further support of dft's motion for partial summary judgment of no willful infringement. Document filed by Mayne Pharma (USA) Inc.. (dle, ) (Entered: 05/24/2005) |
| 05/20/2005 | 204 | DECLARATION of Lawrence J. Reina in further support of dft's motion for partial summary judgment of no willful infringement. Document filed by Mayne Pharma (USA) Inc.. (dle, ) (Entered: 05/24/2005) |
| 05/20/2005 | 205 | Rule 56.1 declaration of Jules Goldberg in support of dft's motion for partial summary judgment of no willfule infringement. Document filed by Faulding Pharmaceutical Company. (dle, ) (Entered: 05/24/2005) |
| 05/20/2005 | 206 | MEMORANDUM OF LAW in support of dft's motion for partial summary judgment of no willful infringement. Document filed by Mayne Pharma |

| | | (USA) Inc.. P(dle, ) (Entered: 05/24/2005) |
|---|---|---|
| 05/20/2005 | 207 | RULE 56.1 STATEMENT of undisputed facts in support of dft's motin for partial summary judgment of no wilful infringement. Document filed by Mayne Pharma (USA) Inc.., Faulding Pharmaceutical Company. (dle, ) (Entered: 05/24/2005) |
| 05/20/2005 | 208 | MEMORANDUM OF LAW in opposition to plaintiffs' motions in limine. Document filed by Mayne Pharma (USA) Inc.. Filed In Associated Cases: 1:02-cv-07936-WHP,1:03-cv-06487-WHP(dle, ) (Entered: 05/24/2005) |
| 05/20/2005 | 209 | DECLARATION of Lawrence J. Reina in Opposition re: 117 MOTION in Limine., 118 MOTION in Limine., 121 MOTION in Limine.. Document filed by Mayne Pharma (USA) Inc.. (dle, ) (Entered: 05/24/2005) |
| 05/20/2005 | 210 | PRETRIAL MEMORANDUM. Document filed by Mayne Pharma (USA) Inc..(dle, ) (Entered: 05/24/2005) |
| 06/07/2005 | 211 | SCHEDULING ORDER: that a Conference set for 7/8/2005 02:00 PM before Judge William H. Pauley III. to address the issue of public filing of Mayne Pharma exhibits. (Signed by Judge William H. Pauley III on 6/2/05) (pl, ) (Entered: 06/10/2005) |
| 06/17/2005 | 212 | TRANSCRIPT of proceedings held on 02/28/05 before Judge William H. Pauley III. (es, ) (Entered: 06/17/2005) |
| 07/18/2005 | 213 | SCHEDULING ORDER: Conference to address the issue of public filing of Mayne Pharma exhibits set for 7/29/2005 12:00 PM before Judge William H. Pauley III. (Signed by Judge William H. Pauley III on 7/7/2005) (jp, ) (Entered: 07/19/2005) |
| 08/01/2005 | 214 | TRIAL BRIEF. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd..(ae, ) (Entered: 08/04/2005) |
| 08/01/2005 | 215 | DECLARATION of Gabrielle Ciufreda in Support of Astrazeneca's Opposition to Defendant's Motions in Limine. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. Filed In Associated Cases: 1:02-cv-07936-WHP,1:03-cv-06487-WHP(ae, )(Filed in the night deposit on 8/1/05 at 7:04 p.m.) (Entered: 08/04/2005) |
| 08/01/2005 | 216 | DECLARATION of Gabrielle Ciuffreda in Support of plaintiff Astrazeneca's opposition to defendant's motion for partial summary judgment of no willful infringement (Volume 1 of 3). Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. Filed In Associated Cases: 1:02-cv-07936-WHP,1:03-cv-06487-WHP(tb, ) (Entered: 08/04/2005) |
| 08/01/2005 | 217 | DECLARATION of Sona De in Support of plaintiff Astrazeneca's motion for summary judgment of literal infringement and to sever and stay the issue of infringement under the doctrine of equivalents. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. Filed In Associated Cases: 1:02-cv-07936-WHP,1:03-cv-06487-WHP(tb, ) (Entered: 08/04/2005) |
| 08/01/2005 | 218 | LETTER addressed to Judge William H. Pauley, III from Sona De dated 8/1/05 re: As ordered by Judge Pauley, AstraZeneca is filing public versions |

| | | |
|---|---|---|
| | | of the court papers that were originally filed under seal as set forth in this letter. Document filed by Astrazeneca Pharmaceuticals LP.(ae, ) (Entered: 08/05/2005) |
| 08/01/2005 | 219 | MOTION to Unseal Documents Previously Filed Under Seal. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. Filed In Associated Cases: 1:02-cv-07936-WHP,1:03-cv-06487-WHP(ae, ) (Entered: 08/05/2005) |
| 08/01/2005 | 220 | DECLARATION of Gabrielle Ciuffreda in Support of Plaintiff Astrazeneca's Opposition to Defendant's Motion for Partial Summary Judgment of No Willful Infringement. (VOLUME 2 OF 3). Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. Filed In Associated Cases: 1:02-cv-07936-WHP,1:03-cv-06487-WHP(ae, ) (Entered: 08/05/2005) |
| 08/01/2005 | 221 | DECLARATION of Gabrielle Ciuffreda in Support of Plaintiff Astrazeneca's Opposition to Defendant's Motion for Partial Summary Judgment of No Willful Infringement (VOLUME 3 OF 3). Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. Filed In Associated Cases: 1:02-cv-07936-WHP,1:03-cv-06487-WHP(ae, ) (Entered: 08/05/2005) |
| 08/08/2005 | 222 | ORDER: granting 188 & 219 Motion to Unseal; 1/19 Plaintiff AstraZenca's Memorandum in support of its Motion for summary judgment of Literal Infringement and to sever and stay the issue of infringement under the doctrine of equivalents; 2/01 Declaration of Gabrielle Ciuffreda in support of AstraZeneca's Motion in limine to exclude the expert testimony of Gerald of Gerald H. Bjorge, Esq.; 2/07 AstraZeneca's Memorandum of law in opposition to Defendant's Motions in limine; 2/14 Plaintiff AstraZeneca's Reply Brief in support of its motion for summary judgment of Literal Infringement and to sever and stay the issue of infringement under the doctrine of equivalents; 2/14 Plaintiff AstraZeneca's Memorandum in support of its motion to strike Mayne's Memorandum in opposition to AstraZeneca's summary judgment motion and supporting Declarations and Motion in limine to exclude evidence on claim construction and new expert opinions; and 2/18 Declaration of Sona De in support of plaintiff AstraZeneca's Motion in limine to preclude Mayne's new contentions and evidence in support of them. (Signed by Judge William H. Pauley III on 8/2/05) (sac, ) (Entered: 08/11/2005) |
| 08/08/2005 | 224 | (DOCUMENT PREVIOUSLY FILED UNDER-SEAL, ENVELOPE #90, AND UNSEALED WITH DOCUMENT #222)... MEMORANDUM OF LAW in Support re: 113 MOTION for an order entering summary judgment of literal infringement of claims 1, 3-14 of U.S. Patent Nos. 5,714,520, 5,731,355 and 5,731,356 as well as claim 38 of U.S. Patent Nos. 5,714,520 and to sever and stay the issue of infringement under the doctrine of equivalents Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. This Document Relates to: 03Civ6487. (sac, ) (Entered: 08/18/2005) |
| 08/08/2005 | 225 | (DOCUMENT PREVIOUSLY FILED UNDER-SEAL, ENVELOPE #102, AND UNSEALED WITH DOCUMENT #222)... DECLARATION of Gabrielle Ciuffreda in Support re: 121 MOTION in Limine to exclude the expert testimony of Gerald H. Bjorge, Esq.. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. This Document Relates to: |

| | | 03civ6487. (sac, ) (Entered: 08/18/2005) |
|---|---|---|
| 08/08/2005 | 226 | (DOCUMENT PREVIOUSLY FILED UNDER-SEAL, ENVELOPE #105, AND UNSEALED WITH DOCUMENT #222)... MEMORANDUM OF LAW in Opposition re: 112 MOTION for an order granting partial summary judgment that dft did not willfully infringe U.S.Patent Nos. 5,714,520, 5,731,355 and 5,731,356, filed by Mayne Pharma (USA) Inc., Mayne Pharma (USA) Inc.. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. This Document Relates to: 03civ6487. (sac, ) (Entered: 08/18/2005) |
| 08/08/2005 | 227 | (DOCUMENT PREVIOUSLY FILED UNDER-SEAL, ENVELOPE #126, AND UNSEALED WITH DOCUMENT #222)... REPLY BRIEF in Support re: 113 MOTION for an order entering summary judgment of literal infringement of claims 1, 3-14 of U.S. Patent Nos. 5,714,520, 5,731,355 and 5,731,356 as well as claim 38 of U.S. Patent Nos. 5,714,520 and to sever and stay the issue of infringement under the doctrine of equivalents. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. This Document Relates to: 03civ6487. (sac, ) (Entered: 08/18/2005) |
| 08/08/2005 | 228 | (DOCUMENT PREVIOUSLY FILED UNDER-SEAL, ENVELOPE #127, AND UNSEALED WITH DOCUMENT #222)... MEMORANDUM OF LAW in Support re: 138 MOTION in Limine to exclude evidence on claim construction and new expert opinions. MOTION to Strike Mayne's Memorandum in Opposition to Astrazeneca's Summary Judgment Motion and Supporting Declarations. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. This Document Relates to: 03civ6487. (sac, ) (Entered: 08/18/2005) |
| 08/08/2005 | 229 | (DOCUMENT PREVIOUSLY FILED UNDER-SEAL, ENVELOPE #142, AND UNSEALED WITH DOCUMENT #222)... DECLARATION of Sona De in Support re: 147 MOTION in Limine to Preclude Mayne's New Contentions and Evidence in Support of Them. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. This Document Relates to: 03civ6487. (sac, ) (Entered: 08/18/2005) |
| 08/11/2005 | 223 | ORDER GRANTING PLAINTIFF ASTRAZENECA'S MOTION TO UNSEAL DOCUMENTS PREVIOUSLY FILED UNDER SEAL; on 8/1/05, Plaintiffs AstraZeneca Pharmaceuticals LP and AstraZeneca UK Ltd moved to Court to unseal the following documents, which were previously filed under seal: 1) 1/19 Plaintiff AstraZeneca's Statement of Undisputed Facts pursuant to Local Civil Rule 56.1 in support of its Motion for summary judgment of Literal Infringement and its Motion to sever and stay The Doctrine of Equivalents; 2) 2/07 AstraZeneca's Statement pursuant to Local Civil Rule 56.1(b) of Material Facts as to which it is contended that there exists a genuine issue to be tried and AstraZeneca's Response to Local Civil Rule 56.1(c) to Mayne's Statement of Undisputed Facts in support of Defendant's Motion for partial summary judgment of no willful infringement; 3) 2/07 Plaintiff AstraZeneca's Memorandum in Opposition to Defendant's Motion for partial summary judgment of no willful infringement; and 4) 2/11 Plaintiff AstraZeneca's Statement of Elements and Summary of Facts pursuant to the Court's Individual Practice 4.B.ii. (Signed by Judge William H. Pauley III on 8/2/05) (sac, ) (Entered: 08/18/2005) |

| 08/11/2005 | 230 | (DOCUMENT PREVIOUSLY FILED UNDER-SEAL, ENVELOPE #89, AND UNSEALED WITH DOCUMENT #223)... RULE 56.1 STATEMENT in Support of its Motion for summary judgment of Literal Infringement and its Motion to sever and stay issues of infringement under the Doctrine of Equivalents. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. This Document Relates to: 03civ6487. (sac, ) (Entered: 08/18/2005) |
| 08/11/2005 | 231 | (DOCUMENT PREVIOUSLY FILED UNDER-SEAL, ENVELOPE #106, AND UNSEALED WITH DOCUMENT #223)... RULE 56.1(b) STATEMENT as to which it is contended that there exists a genuine issue to be tried and Response pursuant to Local Civil Rule 56.1(c) to Mayne's Statement of Undisputed Facts in support of Defendant's Motion for partial summary judgment of no willful infringement. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. This Document Relates to: 03civ6487. (sac, ) . (Entered: 08/18/2005) |
| 08/11/2005 | 232 | (DOCUMENT PREVIOUSLY FILED UNDER-SEAL, ENVELOPE #107, AND UNSEALED WITH DOCUMENT #223)... MEMORANDUM OF LAW in Opposition re: 112 MOTION for an order granting partial summary judgment that dft did not willfully infringe U.S.Patent Nos. 5,714,520, 5,731,355 and 5,731,356, filed by Mayne Pharma (USA) Inc., Mayne Pharma (USA) Inc.. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. This Document Relates to: 03civ6487. (sac, ) Modified on 8/18/2005 (sac, ). (Entered: 08/18/2005) |
| 08/11/2005 | 233 | (DOCUMENT PREVIOUSLY FILED UNDER-SEAL, ENVELOPE #125, AND UNSEALED WITH DOCUMENT #223).... STATEMENT OF ELEMENTS AND SUMMARY FACTS pursuant to the Court's Individual Practice 4.B.ii. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. This Document Relates to: 03civ6487. (sac, ) (Entered: 08/18/2005) |
| 08/23/2005 | 234 | TRANSCRIPT of proceedings held on 7/29/05 before Judge William H. Pauley III. (lma, ) (Entered: 08/23/2005) |
| 09/19/2005 | 235 | ORDER; Mayne's motion in limine seeking to preclude AstraZaneca from presenting evidence regarding willfulness is denied; Mayne's motion in limine seeking exclusion of evidence from Thomas Meloro and Jlules Goldberg regarding opinion letters is denied; Mayne's Motion in limine seeking live testimony from Thomas Meloro and Jules Goldberg is granted; Mayne's unopposed motion in limine seeking to question witnesses beyond the scope of direct is granted; and Mayne's motion in limine seeking to preclude expert testimony of Dr. Jack Norton concerning the making of DTPA from EDTA is denied. (Signed by Judge William H. Pauley III on 9/19/05) (djc, ) (Entered: 09/21/2005) |
| 09/19/2005 | 236 | ORDER denying as moot (in light of the bench trial held from 02/28 - 3/15/05) 112 Motion for Summary Judgment (Signed by Judge William H. Pauley III on 9/19/05) (djc, ) (Entered: 09/21/2005) |
| 09/19/2005 | 237 | ORDER denying (as moot in light of the bench trial held from February 28 - March 15, 2005) 113 Motion for Summary Judgment . (Signed by Judge |

|  |  |  |
|---|---|---|
|  |  | William H. Pauley III on 9/19/05) (djc, ) (Entered: 09/21/2005) |
| 09/19/2005 | 238 | ORDER granting 117 Motion in Limine . (Signed by Judge William H. Pauley III on 9/19/05) (djc, ) (Entered: 09/21/2005) |
| 09/19/2005 | 239 | ORDER granting 118 Motion in Limine (for the reasons set forth ion the record on March 2, 2005). (Signed by Judge William H. Pauley III on 9/19/05) (djc, ) (Entered: 09/21/2005) |
| 09/19/2005 | 240 | ORDER granting in part and denying in part 121 Motion in Limine (for the reasons set forth on the record on March 2, 2005) (Signed by Judge William H. Pauley III on 9/19/05) (djc, ) (Entered: 09/21/2005) |
| 09/19/2005 | 241 | ORDER granting 138 Motion in Limine (for the reasons set forth on the record on March 2, 2005). (Signed by Judge William H. Pauley III on 9/19/05) (djc, ) (Entered: 09/21/2005) |
| 09/19/2005 | 242 | ORDER granting 147 Motion in Limine (for the reasons set forth on the record on March 2, 2005) (Signed by Judge William H. Pauley III on 9/19/05) (djc, ) (Entered: 09/21/2005) |
| 11/02/2005 | 243 | OPINION AND ORDER # 92359; that the foregoing constitutes this Court's findings of fact and conclusions of law s required by Rule 52 of the F.R.C.P.; the parties are directed to submit a final judgment consistent with this Opinion and Order within 7 business days. (Signed by Judge William H. Pauley III on 11/2/05) (pl, ) Modified on 11/3/2005 (sgu, ). (Entered: 11/02/2005) |
| 11/09/2005 | 244 | LETTER addressed to Judge William H. Pauley from Denise Loring dated 7/26/05 re: response to Mayne's 7/19/05 letter. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd..(dle, ) (Entered: 11/10/2005) |
| 11/09/2005 | 245 | LETTER addressed to Judge William H. Pauley, III from Denise L. Loring dated 8/11/05 re: Counsel writes to response to Mayne's 8/4/05 letter. Document filed by Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd. (jco, ) (Entered: 11/10/2005) |
| 11/09/2005 | 246 | LETTER addressed to Judge William H. Pauley, III from Jules E. Goldberg dated 8/4/05 re: Counsel writes to point out why the en banc holding of the Federal Circuit in Phillips v. AWH Corp. is of great relevance to the present case. Document filed by Mayne Pharma (USA) Inc.(jco, ) (Entered: 11/10/2005) |
| 11/09/2005 | 247 | LETTER addressed to Judge William H. Pauley, III from Jules E. Goldberg dated 7/15/05 re: Counsel writes to direct the Court's attention to the recent Federal Circuit decision in Phillips v. AWH Corp., which bears directly on the Court's pending decision in this matter. Document filed by Mayne Pharma (USA) Inc.(jco, ) (Entered: 11/10/2005) |
| 11/09/2005 | 248 | LETTER addressed to Judge William H. Pauley, III from Jules E. Goldberg dated 7/19/05 re: Counsel writes regarding case relevance to the issues in this case. Document filed by Mayne Pharma (USA) Inc.(jco, ) (Entered: 11/10/2005) |
| 11/22/2005 | 249 | FINAL JUDGMENT disposing of action pursuant to Fed. R. Civ. P. 58 and |

Case 1:08-cv-00145-JJF    Document 57-2    Filed 07/09/2008    Page 14 of 62

| | | |
|---|---|---|
| | | the Court's Opinion and Order rendered on November 2, 2005. (Signed by Judge William H. Pauley III on 11/18/05) Filed In Associated Cases: 1:02-cv-07936-WHP,1:03-cv-06487-WHP(ml, ) (Entered: 11/22/2005) |
| 11/23/2005 | 250 | LETTER addressed to Judge William H. Pauley from Sona De dated 11/14/05 re: final judgment. Document filed by Astrazeneca Pharmaceuticals LP.(dle, ) (Entered: 11/29/2005) |
| 11/23/2005 | 251 | LETTER addressed to Judge William H. Pauley from Jules Goldberg dated 11/15/05 re: response to letter from Ropes and Gray dated 11/14/05. Document filed by Mayne Pharma.(dle, ) Modified on 11/29/2005 (dle, ). (Entered: 11/29/2005) |
| 11/28/2005 | | Mailed notice of Right to Appeal re: 249 Clerk's Judgment, and to Attorney(s) of Record: Richard M. Ballerini, Michael Beck, Gabrielle M. Ciuffreda, Jeanne C. Curtis, Sona De, Charles H. Dougherty, Gerald J. Flattmann, Jr, Jules Edward Goldberg, Robert J. Goldman, Denise L. Loring, Michele Montuore, William Z. Nakhleh, Lawrence Joseph Reina, Jr, Herbert F. Schwartz, Reeta K. Whitney, Michael I. Wolfson. (tve, ) (Entered: 11/28/2005) |
| 12/01/2005 | 252 | NOTICE OF APPEAL TO THE FEDERAL CIRCUIT from 249 Clerk's Judgment,, 243 Memorandum & Opinion,. Document filed by Mayne Pharma (USA) Inc.. Filing fee $ 255.00, receipt number E 563097. Copies of Notice of Appeal to the Federal Circuit mailed to Attorney(s) of Record: Ropes & Gray. (nd, ) (Entered: 12/02/2005) |
| 12/02/2005 | | Transmission of Notice of Appeal to the District Judge re: 252 Notice of Appeal to the Federal Circuit,. (nd, ) (Entered: 12/02/2005) |
| 12/02/2005 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 252 Notice of Appeal to the Federal Circuit,. (nd, ) (Entered: 12/02/2005) |
| 01/30/2007 | 253 | NOTICE OF CHANGE OF ADDRESS by Herbert F. Schwartz on behalf of Astrazeneca Pharmaceuticals LP, Astrazeneca UK Ltd.. New Address: Ropes & Gray LLP, 1211 6h Avenue, New York, NY, 10036-8704,. (cd) (Entered: 02/05/2007) |
| 02/02/2007 | 254 | Joint Stipulated Bill of Costs: parties agree to satisfaction in full of AstrZeneca's bill of costs, submitted on 12/22/06 in the amount of $20,000.. Document filed by Astrazeneca UK Ltd., Mayne Pharma (USA) Inc., Astrazeneca Pharmaceuticals LP.(dle) (Entered: 02/09/2007) |
| 02/02/2007 | 255 | BILL OF COSTS docketed as Judgment #07,0214 on 2/2/07 in favor of plaintiff against dft for the sum of $20,000.00.(dle) (Entered: 02/09/2007) |

| PACER Service Center |
|---|
| **Transaction Receipt** |
| 06/29/2008 12:52:54 |
| | | | |

| PACER Login: | kk0025 | Client Code: | 13357/A102US2/bate01 |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:02-cv-07936-WHP |
| Billable Pages: | 19 | Cost: | 1.52 |

# EXHIBIT   38

CLOSED, LEAD, MOTREF, STANDARD

**United States District Court**
**Eastern District of Pennsylvania (Philadelphia)**
**CIVIL DOCKET FOR CASE #: 2:96-cv-01219-JD**


KEY PHARMACEUTICALS v. ESI-LEDERLE, INC.       Date Filed: 02/16/1996
Assigned to: HONORABLE JAN E. DUBOIS          Date Terminated: 01/26/1998
Demand: $0                                    Jury Demand: Plaintiff
Cause: 35:271 Patent Infringement             Nature of Suit: 830 Patent
                                              Jurisdiction: Federal Question


**Plaintiff**

**KEY PHARMACEUTICALS, INC.**       represented by   **ANTHONY HERMAN**
                                                     COVINGTON & BURLING
                                                     1201 PENNSYLVANIA AVENUE,
                                                     NW
                                                     P.O. BOX 7566
                                                     WASHINGTON, DC 20004-7566
                                                     TEL 202-662-6000
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **CHARLES B. BLAKINGER**
                                                     BLANK ROME LLP
                                                     ONE LOGAN SQUARE
                                                     PHILA, PA 19103-6998
                                                     FAX 215-981-5959
                                                     Fax: FAX 215-981-5959
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **HARRIS WEINSTEIN**
                                                     COVINGTON & BURLING
                                                     1201 PENNSYLVANIA AVE., NW
                                                     WASHINGTON, DC 20044
                                                     FAX 202-778-5302
                                                     Fax: FAX 202-778-5302
                                                     *TERMINATED: 11/26/1997*
                                                     *LEAD ATTORNEY*

                                                     **IVAN FONG**
                                                     COVINGTON AND BURLING
                                                     1201 PENNSYLVANIA AVE., N.W.
                                                     P.O. BOX 7566
                                                     WASHINGTON, DC 20044-7566

Case 1:08-cv-00145-JJF    Document 57-2    Filed 07/09/2008    Page 18 of 62

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ESI-LEDERLE, INC.**                    represented by   **DEBORAH A. SOMERVILLE**
                                                         KENYON & KENYON
                                                         ONE BROADWAY
                                                         NEW YORK, NY 10004
                                                         FAX 212-425-5288
                                                         Fax: FAX 212-425-5288
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **MICHAEL T. SCOTT**
                                                         REED SMITH
                                                         1650 MARKET ST
                                                         2500 ONE LIBERTY PL
                                                         PHILADELPHIA, PA 19103
                                                         215-851-8100
                                                         Fax: 215-851-1420
                                                         Email: rsdietdrug@reedsmith.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **PAUL H. HELLER**
                                                         KENYON & KENYON
                                                         ONE BROADWAY
                                                         NEW YORK, NY 10004
                                                         FAX 212-425-6101
                                                         Fax: FAX 212-425-6101
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

V.

**Movant**

**COMMONWEALTH OF PENN.**               represented by   **SHANIN SPECTER**
*TERMINATED: 11/20/2001*                                 KLINE & SPECTER, P.C.
                                                         THE NINETEENTH FLOOR
                                                         1525 LOCUST STREET
                                                         PHILADELPHIA, PA 19102
                                                         215-772-1000
                                                         Fax: 215-772-1359
                                                         Email:
                                                         shanin.specter@klinespecter.com
                                                         *TERMINATED: 11/20/2001*
                                                         *LEAD ATTORNEY*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/16/1996 | 1 | Complaint. filing fee $ 120.00 receipt # 582042. (fe) (Entered: 02/20/1996) |
| 02/16/1996 | | Summons(es) mailed to counsel 2/20/96. (fe) (Entered: 02/20/1996) |
| 02/16/1996 | 2 | Copy of Form to Commissioner of Patent. (fe) (Entered: 02/20/1996) |
| 02/16/1996 | | Standard Case Management Track. (fe) (Entered: 02/20/1996) |
| 03/14/1996 | 3 | Waiver of Service Returned Executed as to DEFENDANT ESI-LEDERLE, INC. 3/1/96 Answer due on 4/30/96 for ESI-LEDERLE, INC. (cl) (Entered: 03/15/1996) |
| 04/01/1996 | 4 | Answer, with affirmative defenses to Complaint and Counterclaim (against Key Pharmaceuticals, Inc.) by DEFENDANT ESI-LEDERLE, INC. (Attorney MICHAEL T. SCOTT), Certificate of Service. (cl) (Entered: 04/02/1996) |
| 04/01/1996 | | ISSUE JOINED. (cl) (Entered: 04/02/1996) |
| 04/04/1996 | | Pre-trial conference is SET 4/26/96 at 11:00 a.m. (cl) (Entered: 04/04/1996) |
| 04/12/1996 | 5 | Demand for jury trial by PLAINTIFF KEY PHARMACEUTICALS, Certificate of Service. (cl) (Entered: 04/12/1996) |
| 04/22/1996 | 6 | Reply by KEY PHARMACEUTICALS to Defendant's Counterclaim, Certificate of Service. (cl) (Entered: 04/23/1996) |
| 04/25/1996 | 7 | MOTION BY PLAINTIFF KEY PHARMACEUTICALS TO DISMISS DEFT'S CLAIMS OF INVALIDITY AND UNFAIR COMPETITION IN ITS COUNTERCLAIM AND TO STRIKE THE ASSOCIATED THIRD AFFIRMATIVE DEFENSE , MEMORANDUM IN SUPPORT, CERTIFICATE OF SERVICE. (lvj) (Entered: 04/25/1996) |
| 04/26/1996 | 8 | SCHEDULING ORDER THAT ON OR BEFORE 6/13/96, THE PARTIES SHALL JOINTLY REPORT TO THE COURT IN WRITING WITH RESPECT TO SETTLEMENT. IT IS FURTHER ORDERED THAT SELF-EXECUTING DISCLOSURE PURSUANT TO S. 4:01 OF THE COURT'S EXPENSE AND DELAY REDUCTION PLAN SHALL BE COMPLETED ON OR BEFORE 5/1/96. ALL DISCOVERY SHALL PROCEED FORTHWITH AND CONTINUE IN SUCH A MANNER AS WILL ASSURE THAT ALL REQUESTS FOR, AND RESPONSES TO, DISCOVERY WILL BE SERVED, NOTICED AND COMPLETED BY 11/4/96. THE DEPOSITIONS OF EXPERT WITNESSES MAY BE TAKEN BETWEEN 2/3/97 AND 3/3/97. ALL TRIAL EXHIBITS SHALL BE MARKED AND EXCHANGED ON OR BEFORE 11/14/96. ANY MOTIONS FOR SUMMARY JUDGMENT SHALL BE FILED AND SERVED ON OR BEFORE 3/24/97. ALL PARTIES SHALL PREPARE AND FILE WITH THE CLERK OF COURT THEIR PRETRIAL MEMORANDA; PLAINTIFF'S PRETRIAL MEMORANDUM DUE 5/1/97; DEFENDANT'S PRETRIAL MEMORANDUM DUE 5/8/97. THE CASE WILL BE PLACED ON THE COURT'S TRIAL LIST ON 5/15/97. |

| | | |
|---|---|---|
| | | ( SIGNED BY JUDGE JAN E. DUBOIS ) 4/29/96 ENTERED. 4/26/96 COPIES FAXED BY CHAMBERS. (jw) (Entered: 04/29/1996) |
| 05/02/1996 | 9 | Amended Answer of Defendant ESI-Lederle, Inc., Affirmative Defenses, certificate of service. (cl) (Entered: 05/03/1996) |
| 05/08/1996 | 10 | MOTION BY DEFENDANT ESI-LEDERLE, INC. TO STRIKE PLAINTIFF'S JURY DEMAND , MEMORANDUM, CERTIFICATE OF SERVICE. (jw) (Entered: 05/09/1996) |
| 05/10/1996 | 11 | MOTION by DEFENDANT ESI-LEDERLE, INC. TO DISMISS AND FOR JUDGMENT ON PLAINTIFF'S CLAIMS OF UNFAIR COMPETITION, "FUTURE" INFRINGEMENT, AND "WILLFUL" INFRINGEMENT , MEMORANDUM, CERTIFICATE OF SERVICE. (cl) (Entered: 05/10/1996) |
| 05/17/1996 | 12 | SUBSTITUTED MOTION BY PLAINTIFF KEY PHARMACEUTICALS TO STRIKE DEFENDANTS AFFIRMATIVE DEFENSES OF PATENT INVALIDITY, ESTOPPEL, AND UNENFORCEABILITY OR, IN THE ALTERNATIVE, TO DISMISS THIS ACTION AS MOOT , MEMORANDUM, CERTIFICATE OF SERVICE. (jw) Modified on 05/17/1996 (Entered: 05/17/1996) |
| 05/22/1996 | 13 | Memorandum by PLAINTIFF KEY PHARMACEUTICALS in opposition to Defendant Esi-Lederle's MOTION TO STRIKE PLAINTIFF'S JURY DEMAND, Certificate of Service. (cl) (Entered: 05/23/1996) |
| 05/24/1996 | 14 | Memorandum by PLAINTIFF KEY PHARMACEUTICALS in opposition to Defendant's MOTION TO DISMISS, AND FOR JUDGMENT ON PLAINTIFF'S CLAIMS OF UNFAIR COMPETITION, "FUTURE" INFRINGEMENT, AND "WILLFUL" INFRINGEMENT, CERTIFICATE OF SERVICE. (cl) (Entered: 05/28/1996) |
| 05/31/1996 | 15 | Memorandum by DEFENDANT ESI-LEDERLE, INC. in opposition to Plaintiff's Substituted MOTION TO STRIKE DEFENDANTS AFFIRMATIVE DEFENSES OF PATENT INVALIDITY, ESTOPPEL, AND UNENFORCEABILITY, OR in the Alternative TO DISMISS THIS ACTION AS MOOT, Certificate of Service. (cl) (Entered: 06/03/1996) |
| 05/31/1996 | 16 | ORDER THAT THE PARTIES, THROUGH COUNSEL, SHALL ENDEAVOR TO RESOLVE THEIR DISCOVERY DISPUTES WITHOUT THE NEED FOR JUDICIAL INFORMATION AND, TO THAT END, THEY SHALL MEET IN PERSON IF THEY ARE UNABLE TO RESOLVE THE DISPUTES BY EXCHANGE OF LETTERS AND OTHER DOCUMENTS AND/OR BY TELEPHONE CONFERENCES. IT IS FURTHER ORDERED THAT THE PARTIES SHALL SUBMIT A JOINT WRITTEN REPORT TO THE COURT WITH RESPECT TO THE STATES OF THE DISCOVERY DISPUTES ON OR BEFORE 6/5/96, ETC. (SIGNED BY JUDGE JAN E. DUBOIS ) 6/3/96 ENTERED AND COPIES FAXED. (cl) (Entered: 06/03/1996) |
| 06/05/1996 | 17 | Joint Report Regarding the Status of the Parties' Discovery Disputes. (cl) (Entered: 06/06/1996) |
| | | |

| 06/11/1996 | 18 | Reply Memorandum by PLAINTIFF KEY PHARMACEUTICALS in support of Plaintiff's Substituted MOTION TO STRIKE DEFENDANTS AFFIRMATIVE DEFENSES OF PATENT INVALIDITY, ESTOPPEL, AND UNENFORCEABILITY, Or in the Alternative TO DISMISS THIS ACTION AS MOOT, Certificate of Service. (cl) (Entered: 06/12/1996) |
|---|---|---|
| 06/12/1996 | 19 | Reply by DEFENDANT ESI-LEDERLE, INC. to Plaintiff's Oppositions to Defendant's MOTION TO DISMISS, AND FOR JUDGMENT ON Plaintiff's CLAIMS OF UNFAIR COMPETITION, "FUTURE" INFRINGEMENT, AND "WILLFUL" INFRINGEMENT, Defendant's Motion to Strike JURY DEMAND, Certificate of Service. (cl) (Entered: 06/13/1996) |
| 06/13/1996 | 20 | Joint Report Pursuant to Order of 4/26/96 of PLAINTIFF KEY PHARMACEUTICALS, DEFENDANT ESI-LEDERLE, INC., Certificate of Service. (cl) (Entered: 06/14/1996) |
| 06/24/1996 | 21 | Letter from Paul Heller, Attorney for ESI-Lederle, Inc., dated 6/20/96, re: three important points which bear directly on and supplement the parties' pending motions. (cl) (Entered: 06/24/1996) |
| 07/02/1996 | 22 | Reply by PLAINTIFF KEY PHARMACEUTICALS to Defendant's 6/20/96 Letter Regarding the Parties' Pending Motions, Certificate of Service. (cl) (Entered: 07/03/1996) |
| 07/03/1996 | 23 | STIPULATED PROTECTIVE ORDER PURSUANT TO RULE 26 (C), FED.R.CIV.P. THAT THIS PROTECTIVE ORDER SHALL APPLY TO ALL INFORMATION, DOCUMENTS AND THINGS SUBJECT TO DISCOVERY IN THIS ACTION, WHICH ARE OWNED OR CONTROLLED BY PLAINTIFF OR DEFENDANT AND REASONABLY BELEIVED TO CONTAIN THEIR TRADE SECRETS OR OTHER CONFIDENTIAL RESEARCH, DEVELOPMENT OR COMMERCIAL INFORMATION (HEREAFTER "CONFIDENTIAL MATERIAL"), INCLUDING, BUT NOT LIMITED TO DEPOSITION TESTIMONY, ANSWERS TO INTERROGATORIES AND REQUEST FOR ADMISSION, PRODUCTION DOCUMENTS, EXHIBITS, OTHER DISCOVERY MADE PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, AND COPIES, SUMMARIES OR ABSTRACTS THEREOF, ETC. (SIGNED BY JUDGE JAN E. DUBOIS) 7/5/96 ENTERED AND COPIES MAILED. (cl) (Entered: 07/05/1996) |
| 07/03/1996 | | Certain documents governed by Protective Order. (cl) (Entered: 07/05/1996) |
| 07/23/1996 | 24 | MOTION by DEFENDANT ESI-LEDERLE, INC. TO TREAT PLAINTIFF'S SECOND COMPLAINT AS A CONSOLIDATED, AMENDED COMPLAINT , FOR MORE DEFINITE STATEMENT , FOR PARTIAL DISMISSAL OF THE SECOND COMPLAINT ; AND TO STRIKE JURY DEMAND AND CERTAIN REQUEST FOR RELIEF , MEMORANDUM, CERTIFICATE OF SERVICE. (cl) (Entered: 07/23/1996) |
| 08/06/1996 | 25 | PLAINTIFF KEY PHARMACEUTICALS, INC'S opposition to [24-1] MOTION TO TREAT PLAINTIFF'S SECOND COMPLAINT AS A CONSOLIDATED, AMENDED COMPLAINT, [24-2] MOTION FOR MORE DEFINITE STATEMENT, [24-3] MOTION FOR PARTIAL |

| | | |
|---|---|---|
| | | DISMISSAL OF THE SECOND COMPLAINT, [24-4] MOTION TO STRIKE JURY DEMAND AND CERTAIN REQUEST FOR RELIEF, opposition, certificate of service. (sj) (Entered: 08/07/1996) |
| 09/10/1996 | 26 | Supplemental Joint Report of PLAINTIFF KEY PHARMACEUTICALS, DEFENDANT ESI-LEDERLE, INC. pursuant to order of 4/26/96. (cl) (Entered: 09/10/1996) |
| 09/13/1996 | 27 | MOTION by DEFENDANT ESI-LEDERLE, INC. TO COMPEL PRODUCTION OF THE DEPOSITION TRANSCRIPT OF CATHY C. KU AND CHARLES HSIAO , BRIEF, CERTIFICATION, CERTIFICATE OF SERVICE. (cl) (Entered: 09/16/1996) |
| 09/16/1996 | 28 | Response by PLAINTIFF KEY PHARMACEUTICALS to Defendant's MOTION TO COMPEL PRODUCTION OF THE DEPOSITION TRANSCRIPT OF CATHY C. KU AND CHARLES HSIAO, Certificate of Service. (cl) (Entered: 09/16/1996) |
| 09/19/1996 | 29 | ORDER THAT DEFENDANT'S MOTION TO COMPEL PRODUCTION OF THE DEPOSITION TRANSCRIPTS OF CATHY C. KU AND CHARLES HSIAO TAKEN IN THE CASE OF KEY PHARMACEUTICALS INC. V. UPSHER-SMITH LABORATORIES, INC., IN THE UNITED STATES DISTIRCT COURT FOR THE DISTRICT OF NEW JERSEY, CIVIL ACTION NO. 95-6281 IS DENIED AS MOOT. (SIGNED BY JUDGE JAN E. DUBOIS) 9/20/96 ENTERED AND 9/19/96 COPIES FAXED BY CHAMBERS. (cl) (Entered: 09/20/1996) |
| 10/24/1996 | 30 | ORDER THAT A MEDIATION CONFERENCE IS SCHEDULED FOR 11/19/96 AT 10:00 AM. IN COURTROOM TO BE ASSIGNED, ETC. (SIGNED BY MAGISTRATE JUDGE THOMAS J. RUETER) 10/24/96 ENTERED AND COPIES AND FAXED BY CHAMBERS. (cl) Modified on 10/24/1996 (Entered: 10/24/1996) |
| 10/25/1996 | 31 | MOTION BY DEFENDANT ESI-LEDERLE, INC. TO COMPEL ANSWERS TO INTERROGATORY NOS. 4,5,9,10,11,12,34 AND 35 , BRIEF, CERTIFICATE OF COUNSEL, CERTIFICATE OF SERVICE. (jw) (Entered: 10/28/1996) |
| 10/30/1996 | 32 | MOTION by DEFENDANT ESI-LEDERLE, INC. FOR SEPARATE TRIALS ON THE ISSUES OF LIABILITY AND WILLFULNESS AND AN ACCOMPANYING STAY OF DISCOVERY AS TO WILLFULNESS , MEMORANDUM, CERTIFICATE OF SERVICE. (cl) (Entered: 10/31/1996) |
| 10/31/1996 | 33 | ORDER THAT THE PARTIES, THROUGH COUNSEL, SHALL DISCUSS THE MOTION AND IF THEY ARE UNABLE TO REACH AGREEMENT, MEET, IN PERSON, IN AN ATTEMPT TO RESOLVE THE ISSUES RAISED BY DEFENDANT'S MOTION TO COMPEL, ETC. IT IS FURTHER ORDERE THAT IN THE EVENT DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES CANNOT BE RESOLVED BY THE PARTIES, IT WILL BE REFERRED TO US MAGISTRATE JUDGE THOMAS J. RUETER FOR DISPOSITION AS SOON AS IT IS FULLY BRIEFED. (SIGNED BY JUDGE JAN E. DUBOIS) 10/31/96 ENTERED AND COPIES FAXED BY CHAMBERS. (cl) Modified |

| | | on 10/31/1996 (Entered: 10/31/1996) |
|---|---|---|
| 11/01/1996 | 34 | MOTION BY PLAINTIFF KEY PHARMACEUTICALS FOR ADMISSION OF ANTHONY HERMAN PRO HAC VICE , MEMORANDUM, CERTIFICATE OF SERVICE. (jef) (Entered: 11/04/1996) |
| 11/05/1996 | 35 | ORDER THAT PLAINTIFF KEY PHARMACEUTICALS INC. MOTION FOR ADMISSION OF ANTHONY HERMAN PRO HAC VICE IS GRANTED AND ANTHONY HERMAN ESQUIRE IS ADMITTED TO PRACTICE PRO HAC VICE BEFORE THIS COURT FOR THE PURPOSE OF REPRESENTING PLAINTIFF KEY PHARMACEUTICALS, INC. IN THESE ACTIONS. (Attorney: ANTHONY HERMAN) (SIGNED BY JUDGE JAN E. DUBOIS) 11/6/96 ENTERED AND 11/5/96 COPIES FAXED, 11/6/96 MAILED. (cl) Modified on 11/06/1996 (Entered: 11/06/1996) |
| 11/13/1996 | 36 | Memorandum by PLAINTIFF KEY PHARMACEUTICALS in opposition to MOTION FOR SEPARATE TRIALS ON THE ISSUES OF LIABILITY AND WILLFULNESS AND AN ACCOMPANYING STAY OF DISCOVERY AS TO WILLFULNESS, Certificate of Service. (cl) (Entered: 11/13/1996) |
| 11/14/1996 | 37 | ORDER MODIFYING SCHEDULING ORDER THT THE CASE SHALL PROCEED ON THE FOLLOWING SCHEDULE: ALL OUTSTANDING DEPOSITIONS WHICH THE PARTIES HAVE NOTICED AS OF 11/4/96 WILL BE COMPLETED AS SOON AS IS REASONABLY PRACTICABLE; ALL TRIAL EXHIBITS SHALL BE MARKED AND EXCHANGED ON OR BEFORE 12/16/96 AND IN ALL OTHER RESPECTS, THE CASE SHALL PROCEED ON THE SCHEDULE SET FORTH IN THE 4/26/96 SCHEDULING ORDER ENTERED BY THE COURT. (SIGNED BY JUDGE THOMAS J. RUETER) 11/15/96 ENTERED AND COPIES MAILEDAND FAXED. (cl) (Entered: 11/15/1996) |
| 11/25/1996 | 38 | Memorandum in reply by DEFENDANT ESI-LEDERLE, INC. to KEY'S memorandum in opposition to ESI'S MOTION FOR SEPARATE TRIALS ON THE ISSUES OF LIABILITY AND WILLFULNESS, certificate of service. (jw) (Entered: 11/26/1996) |
| 11/25/1996 | 39 | MOTION by DEFENDANT ESI-LEDERLE, INC. FOR A MARKMAN RULING ON PATENT CLAIM CONSTRUCTION AND/OR FOR PARTIAL SUMMARY JUDGMENT OF NO LITERAL INFRINGEMENT OF UNITED STATES PATENT NO. 4,863,743 , DECLARATION OF ROBIN A. CHADWICK, MEMORANDUM, CERTIFICATE OF SERVICE. FILED UNDER SEAL. (cl) Modified on 11/26/1996 (Entered: 11/26/1996) |
| 11/25/1996 | 40 | Statement of facts not in dispute by DEFENDANT ESI-LEDERLE, INC. (Filed Under Seal). (cl) (Entered: 11/26/1996) |
| 11/25/1996 | 41 | Declaration of Harold B. Hopfenberg, Filed Under Seal. (cl) (Entered: 11/26/1996) |
| 12/03/1996 | 42 | Memorandum by DEFENDANT ESI-LEDERLE, INC. in support of its MOTION FOR A MARKMAN RULING ON PATENT CLAIM |

| | | |
|---|---|---|
| | | CONSTRUCTION AND/OR FOR PARTIAL SUMMARY JUDGMENT OF NO LITERAL INFRINGEMENT OF UNITED STATES PATENT NO. 4,863,743, Statement of Facts not in Dispute, Declaration. (Filed Under Seal). (cl) (Entered: 12/03/1996) |
| 12/30/1996 | 43 | SECOND AMENDED SCHEDULING ORDER THAT DISCOVERY COMPLETED BY 1/24/97; ANY MOTIONS FOR SUMMARY JUDGMENT DUE BY 4/24/97; PLAINTIFF'S PRETRIAL MEMORANDUM DUE 6/16/97; DEFENDANT'S PRETRIAL MEMORANDUM DUE 6/23/97; TRIAL POOL DEADLINE SET FOR 6/30/97 , ETC. (SIGNED BY JUDGE JAN E. DUBOIS) 12/31/96 ENTERED AND COPIES MAILED AND FAXED. (fe) (Entered: 01/03/1997) |
| 01/07/1997 | 44 | ORDER THAT THE TIME IN WHICH PLAINTIFF KEY PHARMACEUTICALS, INC. HAS TO FILE A MEMORANDUM OF LAW IN OPPOSITION TO THE 11/25/96 MOTION FOR PARTIAL SUMMARY JUDGMENT FILED BY DEFENDANT ESI-LEDERLE, INC. SHALL BE EXTENDED TO 1/22/97. (SIGNED BY JUDGE JAN E. DUBOIS) 1/8/97 ENTERED AND COPIES MAILED AND FAXED. (cl) (Entered: 01/08/1997) |
| 01/08/1997 | 45 | STIPULATION ORDER THAT THIS STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF INFORMATION PRODUCED SHALL GOVERN ALL DISCOVERY PRODUCED BETWEEN NON-PARTY UPSHER-SMITH LABORATORIES, INC. AND DEFENDANT ESI-LEDERLE, INC., ETC. (SIGNED BY JUDGE JAN E. DUBOIS) 1/9/97 ENTERED AND COPIES MAILED AND FAXED. (cl) (Entered: 01/09/1997) |
| 01/22/1997 | 46 | CROSS MOTION by PLAINTIFF KEY PHARMACEUTICALS FOR SUMMARY JUDGMENT OF INFRINGEMENT OF UNITED STATES PATENT NO. 4,863,743 (FILED UNDER SEAL). (cl) (Entered: 01/22/1997) |
| 01/22/1997 | | Response by PLAINTIFF KEY PHARMACEUTICALS to Defendant's Statement of Facts Not in Dispute (FILED UNDER SEAL) (SEE PAPER NUMBER 46). (cl) (Entered: 01/22/1997) |
| 01/22/1997 | | Memorandum by PLAINTIFF KEY PHARMACEUTICALS in opposition to ESI Lederle's MOTION FOR A MARKMAN RULING ON PATENT CLAIM CONSTRUCTION AND/OR FOR PARTIAL SUMMARY JUDGMENT OF NO LITERAL INFRINGEMENT OF UNITED STATES PATENT NO. 4,863,743 (FILED UNDER SEAL) (SEE PAPER NUMBER 46). (cl) (Entered: 01/22/1997) |
| 01/22/1997 | | Memorandum by PLAINTIFF KEY PHARMACEUTICALS in support of their CROSS MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT OF UNITED STATES PATENT NO. 4,863,743, Exhibits, Declarations. (FILED UNDER SEAL) (SEE PAPER NUMBER 46). (cl) (Entered: 01/22/1997) |
| 02/04/1997 | 47 | ORDER THAT THE TIME IN WHICH DEFENDANT ESI-LEDERLE HAS TO FILE A MEMORANDUM OF LAW IN OPPOSITION TO PLAITNIFF'S 1/22/97 CROSS-MOTION FOR SUMMARY JUDGMENT SHALL BE |

| | | |
|---|---|---|
| | | EXTENDED TO 2/19/97. LEAVE IS ALSO GIVEN TO ESI-LEDERLE TO CONCURRENTLY FILE A REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT. (SIGNED BY JUDGE JAN E. DUBOIS) 2/5/97 ENTERED AND COPIES MAILED AND 2/4/97 FAXED. (cl) (Entered: 02/05/1997) |
| 02/05/1997 | 48 | MOTION by DEFENDANT ESI-LEDERLE, INC. FOR PARTIAL SUMMARY JUDGMENT , DISALLOWING DAMAGES FOR THE THREAT OF MARKET ENTRY AND TO PRECLUDE EXPERT TESTIMONY RELATING TO SUCH DAMAGES , BRIEF, CERTIFICATE OF SERVICE. (FILED UNDER SEAL). (cl) (Entered: 02/05/1997) |
| 02/14/1997 | 49 | ORDER THAT THE TIME IN WHICH PLAINIFF KEY PHARMACEUTICALS, INC. HAS TO FILE A RESPONSE TO ESI-LEDERLE'S MOTION FOR SUMMARY JUDGMENT DISALLOWING DAMAGES SHALL BE EXTENDED TO 3/17/97 . IT IS FURTHER ORDERED THAT THE TIME IN WHICH DEFENDANT ESI-LEDERLE, INC. HAS TO FILE AN OPPOSITION TO KEY'S CROSS-MOTION FOR SUMMARY JUDGMENT AND CONCURRENT REPLY BRIEF IN SUPPORT OF ESI-LEDERLE'S SUMMARY JUDGMENT MOTION SHALL BE EXTENDED TO 2/24/97 . (SIGNED BY JUDGE JAN E. DUBOIS) 2/14/97 AND COPIES FAXED BY CHAMBERS. (cl) (Entered: 02/14/1997) |
| 02/24/1997 | 50 | MOTION by DEFENDANT ESI-LEDERLE, INC. TO EXCLUDE EXPERT TESTIMONY OF ROBERT P. MERGES , MEMORANDUM, CERTIFICATE OF SERVICE. (UNDER SEAL) (gn) (Entered: 02/25/1997) |
| 02/24/1997 | 51 | MOTION by DEFENDANT ESI-LEDERLE, INC. TO EXCLUDE EXPERT TESTIMONY OF GERALD H. BJORGE , MEMORANDUM, CERTIFICATE OF SERVICE. (UNDER SEAL) (gn) (Entered: 02/25/1997) |
| 02/25/1997 | 52 | Expert Report of Harold Hopfenberg. (Filed Under Seal). (cl) (Entered: 02/26/1997) |
| 02/25/1997 | 53 | Expert Report of Frederick Schered. (Filed Under Seal). (cl) (Entered: 02/26/1997) |
| 02/25/1997 | 54 | Expert Report of John Laragh. (Filed Under Seal). (cl) (Entered: 02/26/1997) |
| 02/25/1997 | 55 | Expert Report of Joseph Mahady. (Filed Under Seal). (cl) (Entered: 02/26/1997) |
| 02/25/1997 | 56 | Expert Report of John Witherspoon. (Filed Under Seal). (cl) (Entered: 02/26/1997) |
| 02/25/1997 | 57 | Expert Report of Jens Christensen. (Filed Under Seal). (cl) (Entered: 02/26/1997) |
| 02/25/1997 | 58 | Reply Memorandum in support of Defendant's MOTION FOR A MARKMAN RULING ON PATENT CLAIM CONSTRUCTION AND/OR FOR PARTIAL SUMMARY JUDGMENT OF NO LITERAL INFRINGEMENT. (Filed Under Seal). (cl) (Entered: 02/26/1997) |
| | | |

| 03/12/1997 | 59 | ORDER THAT THE TIME IN WHICH PLAINTIFF KEY PHARMACEUTICALS, INC. HAS TO FILE AN OPPOSITION TO ESI-LEDERLE'S MOTIONS TO EXCLUDE THE EXPERT TESTIMONY OF GERALD H. BJORGE AND ROBERT P. MERGES SHALL BE EXTENDED TO 4/7/97 , AND IT IS FURTHER ORDERED THAT THE TIME IN WHICH PLAINTIFF KEY PHARMACEUTICALS, INC. HAS TO FILE A REPLY BRIEF WITH RESPECT TO SUMMARY JUDGMENT SHALL BE EXTENDED TO 4/9/97 . (SIGNED BY JAN E. DUBOIS) 3/13/97 ENTERED AND COPIES MAILED AND 3/12/97 COPIES FAXED AND 3/13/97 COPIES FAXED. (cl) (Entered: 03/13/1997) |
| 03/12/1997 | 60 | ORDER THAT THIS COURT'S SCHEDULING ORDERS OF 4/26/96, 11/13/96, AND 12/30/96 ARE FURTHER AMENDED AS SET FORTH BELOW AND THE CASE SHALL PROCEED ON THE FOLLOWING SCHEDULE: ALL FACT DISCOVERY HAS BEEN COMPLETED, ETC. ANY MOTIONS FOR SUMMARY JUDGMENT SHALL BE FILED AND SERVED ON OR 4/24/97, ETC. PLAINTIFF'S PRETRIAL MEMORANDUM DUE 6/16/97. DEFENDANT'S PRETRIAL MEMORANDUM DUE 6/23/97. THE CASE WILL BE PLACED ON THE COURT'S TRIAL LIST ON 6/30/97 , ETC. (SIGNED BY JUDGE E. DUBOIS) 3/13/97 ENTERED AND COPIES MAILED AND FAXED. (cl) (Entered: 03/13/1997) |
| 04/07/1997 | 61 | Memorandum by PLAINTIFF KEY PHARMACEUTICALS in opposition to MOTION of Defendant ESI-Lederle, Inc. TO EXCLUDE EXPERT TESTIMONY OF GERALD H. BJORGE, Certificate of Service. (FILED UNDER SEAL). (cl) Modified on 04/08/1997 (Entered: 04/08/1997) |
| 04/09/1997 | 62 | Notice of Filing Under seal of Reply Memorandum by PLAINTIFF KEY PHARMACEUTICALS in support of Key's CROSS MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT (FILED UNDER SEAL). (cl) (Entered: 04/10/1997) |
| 04/11/1997 | 63 | ORDER THAT THE MOTION OF DEFENDANT, ESI-LEDERLE, INC. FOR PARTIAL SUMMARY JUDGMENT DISALLOWING DAMAGES FOR THE THREAT OF MARKET ENTRY AND TO PRECLUDE EXPERT TESTIMONY RELATING TO SUCH DAMAGES IS DENIED AS MOOT. (SIGNED BY JUDGE JAN E. DUBOIS) 4/14/97 ENTERED AND COPIES MAILED AND FAXED. (cl) (Entered: 04/14/1997) |
| 04/11/1997 | 64 | ORDER THAT THE MOTION OF DEFENDANT ESI-LEDERLE, INC TO EXCLUDE EXPERT TESTIMONY OF ROBERT P. MERGES IS DENIED AS MOOT. (SIGNED BY JUDGE JAN E. DUBOIS) 4/14/97 ENTERED AND COPIES MAILED AND FAXED. (cl) (Entered: 04/14/1997) |
| 04/24/1997 | 65 | MOTION by PLAINTIFF KEY PHARMACEUTICALS FOR SUMMARY JUDGMENT , MEMORANDUM. (FILED UNDER SEAL). (cl) (Entered: 04/25/1997) |
| 04/30/1997 | 66 | ORDER THAT THE MOTION OF PLAINTIFF KEY PHARMACEUTICALS, INS. TO DISMISS DEFENDANT'S CLAIMS OF INVALIDITY AND UNFAIR COMPETITION IN ITS COUNTERCLAIM |

| | | |
|---|---|---|
| | | AND TO STRIKE THE ASSOCIATED THIRD AFFIRMATIVE DEFENSE IS DENIED AS MOOT. (SIGNED BY JUDGE JAN E. DUBOIS) 4/30/97 ENTERED AND COPIES MAILED AND FAXED. (cl) (Entered: 04/30/1997) |
| 05/05/1997 | 67 | ESI'S MEMORANDUM IN REPLY TO Key's Memorandum in Opposition to ESI's Motion to Exclude Expert Testimony of Gerald J. Bjorge. (FILED UNDER SEAL). (cl) (Entered: 05/06/1997) |
| 05/21/1997 | 68 | ORDER THAT THE TIME IN WHICH DEFENDANT ESI LEDERLE HAS TO SERVE AND FILE A BRIEF IN OPPOSITION OR OTHERWISE RESPOND TO PLAINTIFF'S 4/24/97 MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S AFFIRMATIVE DEFENSE OF INEQUITABLE CONDUCT SHALL BE EXTENDED TO 5/21/97 . (SIGNED BY JUDGE JAN E. DUBOIS) 5/21/97 ENTERED AND COPIES FAXED. (cl) Modified on 05/21/1997 (Entered: 05/21/1997) |
| 05/23/1997 | 69 | ORDER THAT THE TIME IN WHICH DEFENDANT ESI LEDERLE HAS TO SERVE AND FILE A BRIEF IN OPPOSITION OR OTHERWISE RESPOND TO PLAINTIFF'S 4/24/97 MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S AFFIRMATIVE DEFENSE OF INEQUITABLE CONDUCT SHALL BE EXTENDED TO 5/28/97 . (SIGNED BY JUDGE JAN E. DUBOIS) 5/23/97 ENTERED AND COPIES MAILED AND FAXED. (cl) (Entered: 05/23/1997) |
| 05/28/1997 | 70 | Memorandum of Law DEFENDANT ESI-LEDERLE, INC. in Response to Plaintiff's MOTION FOR SUMMARY JUDGMENT on Defendant's Affirmative Defense of Inequitable Conduct and Exhibits. (FILED UNDER SEAL). (cl) (Entered: 05/28/1997) |
| 06/11/1997 | 71 | Reply Memorandum by PLAINTIFF KEY PHARMACEUTICALS in support of its MOTION FOR SUMMARY JUDGMENT. (FILED UNDER SEAL). (cl) (Entered: 06/12/1997) |
| 06/11/1997 | 72 | DEFENDANT ESI-LEDERLE, INC. Surrebuttal Expert Report of Dr. Harold B. Hopfenberg and Mr. William O. Butler and accompanying exhibits. (FILED UNDER SEAL). (cl) (Entered: 06/12/1997) |
| 06/13/1997 | 73 | Amended complaint by PLAINTIFF KEY PHARMACEUTICALS, amending complaint (FILED UNDER SEAL). (cl) (Entered: 06/16/1997) |
| 06/16/1997 | 74 | Plaintiff's Pretrial Memorandum. (FILED UNDER SEAL). (cl) (Entered: 06/17/1997) |
| 06/17/1997 | 75 | Consent by PLAINTIFF KEY PHARMACEUTICALS, DEFENDANT ESI-LEDERLE, INC. to Witdraw Jury Demand and Withdrawal of Jury Demand. (cl) (Entered: 06/17/1997) |
| 06/23/1997 | 76 | Defendant's Pretrial Memorandum filed. (FILE UNDER SEAL) (mb) (Entered: 06/23/1997) |
| 06/27/1997 | 77 | Proposed Findings of Facts and Conclusions of Law by DEFENDANT ESI-LEDERLE, INC. (Filed under seal) (td) (Entered: 06/27/1997) |
| | | |

| 06/27/1997 | | Trial Memorandum by ESI-LEDERLE, INC. (Filed under seal) (See paper #77) (td) (Entered: 06/27/1997) |
| 06/27/1997 | 78 | Trial Memorandum on Legal Issues by KEY PHARMACEUTICALS (FILED UNDER SEAL). (cl) (Entered: 06/30/1997) |
| 06/27/1997 | | Proposed Findings of Facts and Conclusions of Law by PLAINTIFF KEY PHARMACEUTICALS (FILED UNDER SEAL) (See Paper Number 78). (cl) (Entered: 06/30/1997) |
| 07/01/1997 | 79 | MOTION by PLAINTIFF KEY PHARMACEUTICALS IN LIMINE TO EXCLUDE EVIDENCE RELATING TO THE ASSERTED PATENTABILITY OF DEFENDANT'S PRODUCT , MEMORANDUM. (fe) (Entered: 07/02/1997) |
| 07/02/1997 | 80 | MOTION by DEFENDANT ESI-LEDERLE, INC. TO COMPEL PRODUCTION OF ALLEGEDLY PRIVILEGED DOCUMENTS , MEMORANDUM. (FILED UNDER SEAL). (cl) (Entered: 07/03/1997) |
| 07/02/1997 | 81 | Surreply Memorandum by DEFENDANT ESI-LEDERLE, INC. in support of Defendant's Motion For A Markman Ruling On Patent Claim Construction and/or for Patrial Summary of no literal Infringement. (FILED UNDER SEAL). (cl) (Entered: 07/03/1997) |
| 07/03/1997 | 82 | Answer by ESI-LEDERLE, INC. to amended complaint, Certificate of Service. (cl) (Entered: 07/03/1997) |
| 07/03/1997 | 83 | Surreply Memorandum of Law by DEFENDANT ESI-LEDERLE, INC. in Response to Plaintiff's MOTION FOR SUMMARY JUDGMENT on Defendant's Affirmative Defense of Inequitable Conduct. (FILED UNDER SEAL). (cl) (Entered: 07/03/1997) |
| 07/03/1997 | 84 | STIPULATION AND ORDER THAT THE TIME WITHIN WHICH DEFT MAY ANSWER OR OTHERWISE PLEAD OR RESPOND TO KEY'S AMENDED COMPLAINT IS EXTENDED TO 7/3/97. (SIGNED BY JUDGE JAN E. DUBOIS) 7/7/97 ENTERED AND COPIES MAILED; COPIES FAXED 7/3/97. (adr) (Entered: 07/07/1997) |
| 07/08/1997 | 85 | Plaintiff's Stipulation of uncontested facts (SEALED) (ph) (Entered: 07/09/1997) |
| 07/15/1997 | 86 | Plaintiff's Amended Pretrial Memorandum. (FILED UNDER SEAL). (cl) (Entered: 07/15/1997) |
| 07/15/1997 | 87 | MOTION BY DEFENDANT ESI-LEDERLE, INC. TO COMPEL DISCOVERY RELATED TO SETTLEMENT OF THE UPSHER-SMITH CASE , MEMORANDUM. (Filed under seal) (aa) (Entered: 07/15/1997) |
| 07/15/1997 | 88 | Surrebuttal Expert Report of DR. HAROLD B. HOPFENBERG. (Filed under seal) (aa) (Entered: 07/15/1997) |
| 07/15/1997 | 89 | DEFENDANT ESI-LEDERLE, INC.'S Memorandum in opposition to Plff Key Pharmaceuticals, Inc.'s MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO THE PATENTABILITY OF EXI-LEDERLIE'S |

| | | PROPOSED MICRO-K 20 TABLETS. (Filed under seal) (aa) (Entered: 07/15/1997) |
|---|---|---|
| 07/15/1997 | 90 | Response by PLAINTIFF KEY PHARMACEUTICALS to Defendant's MOTION TO COMPEL PRODUCTION OF ALLEGEDLY PRIVILEGED DOCUMENTS. (FILED UNDER SEAL). (cl) (Entered: 07/16/1997) |
| 07/16/1997 | 91 | ORDER THAT THE PARTIES SHALL JOINTLY REPORT TO THE COURT IN WRITING WITH RESPECT TO THE STATUS OF THEIR SETTLEMENT DISCUSSIONS BY 7/25/97, ETC. (SIGNED BY JUDGE JAN E. DUBOIS) 7/16/97 ENTERED AND COPIES MAILED AND FAXED. (adr) (Entered: 07/16/1997) |
| 07/17/1997 | 92 | ORDER THAT PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO THE ASSERTED PATENTABILITY OF DEFENDANT'S ACCUSED PRODUCT IS DENIED, ETC. (SIGNED BY JUDGE JAN E. DUBOIS) 7/18/97 ENTERED AND COPIES MAILED AND FAXED. (cl) (Entered: 07/18/1997) |
| 07/17/1997 | 93 | ORDER THAT DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF GERALD H. BJORGE IS DENIED WITHOUT PREJUDICE, ETC. (SIGNED BY JUDGE JAN E. DUBOIS) 7/18/97 ENTERED AND COPIES MAILED AND FAXED. (cl) (Entered: 07/18/1997) |
| 07/17/1997 | 94 | ORDER THAT DEFENDANT'S MOTION FOR SEPARATE TRIALS ON THE ISSUES OF LIABILITY AND WILLFULNESS AND AN ACCOMPANYING STAY OF DISCOVERY AS TO WIFFFULNESS IS DENIED. (SIGNED BY JUDGE JAN E. DUBOIS) 7/18/97 ENTERED AND COPIES MAILED AND FAXED. (cl) (Entered: 07/18/1997) |
| 07/17/1997 | 95 | ORDER THAT DEFENDANT'S MOTION FOR A MARKMAN RULING ON PATENT CLAIM CONSTRUCTION AND/OR FOR PARTIAL SUMMARY JUDGMENT OF LITERAL INFRINGEMENT OF UNITED STATES PATENT NO. 4,863,743 IS DENIED, ETC. PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT OF UNITED STATES PATENT NO. 4,863,743 IS DENIED. (SIGNED BY JUDGE JAN E. DUBOIS) 7/18/97 ENTERED AND COPIES MAILED AND FAXED. (cl) (Entered: 07/18/1997) |
| 07/17/1997 | 96 | ORDER THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S AFFIRMATIVE DEFENSE OF INEQUITABLE CONDUCT IS DENIED. (SIGNED BY JUDGE JAN E. DUBOIS) 718/97 ENTERED AND COPIES MAILED AND FAXED. (cl) (Entered: 07/18/1997) |
| 07/17/1997 | 97 | ORDER THAT DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND IS MARKED "WITHDRAWN". (SIGNED BY JUDGE JAN E. DUBOIS) 7/18/97 ENTERED AND COPIES MAILED AND FAXED. (cl) (Entered: 07/18/1997) |
| 07/17/1997 | 98 | ORDER THAT CIVIL ACTION NO. 96-4510 SHALL BE CONSOLIDATED WITH CIVIL ACTION NO. 96-1219, ETC. |

| | | DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT IS DENIED; DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF SECOND COMPLAINT - DISMISSIAL OF PLAINTIFF'S CLAIMS OF UNFAIR COMPETITION, "FUTURE" INFRINGEMENT, AND "WILLFUL" INFRINGEMENT IS DENEID, ETC. DEFENDANT'S MOTION TO STRIKE JURY DEMAND IS DENIED AS MOOT, ETC. DEFENDANT'S MOTION TO STRIKE CERTAIN REQUESTS FOR RELIEF IS DENIED. CIVIL ACTION NO. 96-4510 SHALL BE CONSOLIDATED WITH CIVIL ACTION NO. 96-1219 , ETC. IT IS FURTHER ORDERED THAT BECAUSE PLAINTIFF FILED AN AMENDED COMPLAINT ON 6/22/97, THE PROVISIONS OF THIS ORDER SHALL BE DEEMED APPLICABLE TO THE AMENDED COMPLAINT TO THE EXTENT THAT THE AMENDED COMPLAINT INCLUDES ALLEGATIONS IDENTICAL TO THOSE WHICH ARE THE SUBJECT OF THE COURT'S RULINGS SET FORTH ABOVE. (SIGNED BY JUDGE JAN E. DUBOIS) 7/18/97 ENTERED AND COPIES MAILED AND FAXED. (cl) (Entered: 07/18/1997) |
| 07/17/1997 | 99 | ORDER THAT DEFENDANT'S MOTION TO DISMISS AND/OR FOR JUDGMENT ON PLAINTIFF'S CLAIM OF UNFAIR COMPETITION, "FUTURE" INFRINGEMENT, AND "WILLFUL" INFRINGEMENT IS DENIED AS MOOT. (SIGNED BY JUDGE JAN E. DUBOIS) 7/18/97 ENTERED AND COPIES MAILED AND FAXED. (cl) (Entered: 07/18/1997) |
| 07/17/1997 | 100 | ORDER THAT DEFENDANT'S MOTION TO COMPEL DISCOVERY RELATED TO SETTLEMENT OF THE UPSHER-SMITH CASE AND TO COMPEL PRODUCTION OF ALLEGEDLY PRIVILEGED DOCUMENTS ARE REFERRED TO U.S. MAGISTRATE JUDGE THOMAS J. RUETER, FOR DECISION. (SIGNED BY JUDGE JAN E. DUBOIS) 7/18/97 ENTERED AND COPIES MAILED AND FAXED. (cl) (Entered: 07/18/1997) |
| 07/18/1997 | | Consolidated Lead Case (cl) (Entered: 07/18/1997) |
| 07/28/1997 | 101 | MOTION by PLAINTIFF KEY PHARMACEUTICALS FOR ADMISSION OF IVAN K. FONG PRO HAC VICE , MEMORANDUM, CERTIFICATE OF SERVICE. (jl) (Entered: 07/29/1997) |
| 08/04/1997 | 102 | ORDER THAT THE TIME IN WHICH DEFENDANT KEY PHARMACEUTICALS HAS TO RESPOND TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RELATED TO SETTLEMENT OF THE UPSHER-SMITH CASE SHALL BE EXTENDED TO AUGUST 5, 1997. ( SIGNED BY MAGISTRATE JUDGE THOMAS J. RUETER ) 8/4/97 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. [ERROR] (fe) (Entered: 08/05/1997) |
| 08/04/1997 | 103 | ORDER THAT PLAINTIFF'S MOTION FOR ADMISSION OF IVAN K. FONG, ESQUIRE PRO HAC VICE IS GRANTED, AND IVAN K. FONG, ESQUIRE IS ADMITTED TO PRACTICE PRO HAC VICE BEFORE THIS COURT FOR THE PURPOSE OF REPRESENTING PLAINTIFF KEY PHARMACEUTICALS, INC., IN THIS ACTION.( SIGNED BY JUDGE |

| | | |
|---|---|---|
| | | JAN E. DUBOIS ) 8/5/97 ENTERED AND COPIES MAILED AND FAXED. (fe) (Entered: 08/05/1997) |
| 08/05/1997 | 104 | AMENDED ORDER THAT THE TIME IN WHICH PLAINTIFF KEY PHARMACEUTICALS HAS TO RESPOND TO DEFENDANT'S TO MOTION TO COMPEL DISCOVERY RELATED TO SETTLEMENT OF THE UPSHER-SMITH CASE SHALL BE EXTENDED TO AUGUST 5, 1997 ( SIGNED BY MAGISTRATE JUDGE THOMAS J. RUETER ) 8/5/97 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (fe) (Entered: 08/05/1997) |
| 08/05/1997 | 105 | Memorandum by PLAINTIFF KEY PHARMACEUTICALS in opposition to Defendant's MOTION TO COMPEL DISCOVERY RELATED TO SETTLEMENT OF THE UPSHER-SMITH CASE. (Filed under seal) (fe) Modified on 08/06/1997 (Entered: 08/06/1997) |
| 08/11/1997 | 106 | Reply Memorandum by DEFENDANT ESI-LEDERLE, INC. in support of MOTION TO COMPEL PRODUCTION OF ALLEGEDLY PRIVILEGED DOCUMENTS. (filed under seal) (fe) (Entered: 08/11/1997) |
| 08/18/1997 | 107 | Reply Memorandum by DEFENDANT ESI-LEDERLE, INC. in support of MOTION TO COMPEL DISCOVERY RELATED TO SETTLEMENT OF THE UPSHER-SMITH CASE, certificate of service. (fe) (Entered: 08/19/1997) |
| 08/29/1997 | 108 | MEMORANDUM ORDER THAT THE DEFENDANT'S MOTION TO COMPEL PRODUCTION OF ALLEGEDLY PRIVILEGED DOCUMENTS IS DENIED. ( SIGNED BY MAGISTRATE JUDGE THOMAS J. RUETER ) 8/29/97 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (fe) (Entered: 08/29/1997) |
| 08/29/1997 | 109 | MEMORANDUM AND ORDER THAT DEFENDANT'S MOTION TO COMPEL DISCOVERY RELATED TO SETTLEMENT OF THE UPSHER-SMITH CASE IS GRANTED IN PART AND DENIED IN PART. WITHIN TEN (10) DAYS OF THE DATE OF THIS ORDER, PLAINTIFF SHALL PRODUCE COPIES OF ALL EXECUTED SETTLEMENT AGREEMENTS ENTERED INTO BY PARTIES IN THE CASE OF KEY PHARMACEUTICALS, INC. V. UPSHER-SMITH LABORATORIES, INC. CIVIL ACTION NO. 95-6281 (D.N.J.). PRODUCTION OF THE SETTLEMENT AGREEMENTS BY THE PLAINTIFF TO THE DEFENDANT SHALL BE SUBJECT TO ALL THE PROVISIONS OF THE PROTECTIVE ORDER ENTERED BY THE HONORABLE JAN E. DUBOIS ON JULY 3, 1996. NO FURTHER DISCOVERY RELATING TO THE UPSHER-SMITH SETTLEMENT AGREEMENTS WILL BE PERMITTED, UNLESS ORDERED BY THE COURT. ( SIGNED BY MAGISTRATE JUDGE THOMAS J. RUETER ) 8/29/97 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (fe) (Entered: 08/29/1997) |
| 09/04/1997 | 110 | MOTION BY PLAINTIFF KEY PHARMACEUTICALS, INC. FOR RECONSIDERATION AND MEMORANDUM IN SUPPORT, CERTIFICATE OF SERVICE. (fe) (Entered: 09/04/1997) |
| | | |

United States District Court Eastern District of Pennsylvania

| 09/05/1997 | 111 | ORDER THAT PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DECISION OF AUGUST 29, 1997 IS DENIED. ( SIGNED BY MAGISTRATE JUDGE THOMAS J. RUETER ) 9/5/97 ENTERED AND COPIES MAILED AND FAXED. (fe) Modified on 09/05/1997 (Entered: 09/05/1997) |
|---|---|---|
| 09/08/1997 | 112 | MOTION BY DEFENDANT ESI-LEDERLE, INC. FOR ADMISSION PRO HAC VICE OF DEBORAH A. SOMERVILLE, ESQUIRE , CERTIFICATE, CERTIFICATE OF SERVICE. (fe) (Entered: 09/09/1997) |
| 09/12/1997 | 113 | ORDER THAT DEBORAH A. SOMERVILLE, ESQUIRE SHALL BE ADMITTED PRO HAC VICE FOR THE PURPOSES OF REPRESENTING ESI-LEDERLE, INC. IN THE ABOVE-CAPTIONED MATTER. ( SIGNED BY JUDGE JAN E. DUBOIS ) 9/15/97 ENTERED AND COPIES MAILED AND FAXED. (fe) (Entered: 09/15/1997) |
| 11/18/1997 | | Notice that a Status conference will be held by telephone on Friday, 11/21/97 at 11:00 a.m. (fe) (Entered: 11/19/1997) |
| 11/21/1997 | 114 | ORDER THAT A HEARING IS SCHEDULED FOR WED. 1/21/98 AT 10:00 A.M. IT IS FURTHER ORDERD THAT ON OR BEFROE 1/7/98 BY 12:00 NOON, PLAINTIFF SHALL FILE AND SERVE ITS MARKMAN BRIEF ON DEFENDANT. ON OR BEFORE 1/14/98, BY 12:00 NOON, DEFENDANT SHALL FILE AND SERVE ITS MARKMAN BRIEF ON PLAINTIFF. WITNESS AND EXHIBIT LISTS FOR THE MARKMAN HEARING SHALL BE EXCHANGED BY 12:00 NOON ON 1/16/98. THIS CASE IS SPECIALLY LISTED FOR TRIAL ON 2/23/98 AT 10:00 A.M. IT IS FURTHER ORDERED THAT AT THE CONCLUSION OF THE MARKMAN HEARING, THE COURT WILL CONDUCT A FINAL PRETRIAL CONFERENCE. IT IS FURTHER ORDERED THAT THE PARTIES SHALL JOINTLY REPORT TO THE COURT IN WRITING WITH RESPECT TO SETTLEMENT ON OR BEFORE 12/22/97. IT IS FURTHER ORDERED THAT THE PARTIES SHALL UPDATE THEIR DISCOVERY INCLUDING, BUT NOT LIMITED TO, THE PROVIDING BY DEFENDANT TO PLAINTIFF OF LETTERS AND OTHER DOCUMENTS FROM THE FEDERAL DRUG ADMINISTRATION RELATING TO CERTIFICATION OF DEFENDANT'S PRODUCT. ( SIGNED BY JUDGE JAN E. DUBOIS ) 11/24/97 ENTERED AND COPIES MAILED AND FAXED 11/21/97. (fe) (Entered: 11/24/1997) |
| 11/26/1997 | 115 | Withdrawal of appearance by HARRIS WEINSTEIN, ESQ. for PLAINTIFF KEY PHARMACEUTICALS, certificate of service. (fe) (Entered: 11/28/1997) |
| 12/23/1997 | 116 | ORDER THAT THE PARTIES, THROUGH COUNSEL, SHALL JOINTLY REPORT TO THE COURT IN WRITING WITH RESPECT TO SETTLEMENT ON OR BEFORE 12/31/97. ( SIGNED BY JUDGE JAN E. DUBOIS ) 12/24/97 ENTERED AND COPIES MAILED AND FAXED 12/23/97. (fe) (Entered: 12/24/1997) |
| 12/31/1997 | 117 | ORDER THAT THE PARTIES, THROUGH COUNSEL, SHALL JOINTLY REPORT TO THE COURT IN WRITING WITH RESPECT TO |

| | | |
|---|---|---|
| | | SETTLEMENT ON OR BEFORE 1/14/98. ( SIGNED BY JUDGE JAN E. DUBOIS ) 1/2/98 ENTERED AND COPIES MAILED AND FAXED. (fe) (Entered: 01/02/1998) |
| 01/07/1998 | 118 | Brief by PLAINTIFF KEY PHARMACEUTICALS, INC. on the Construction of the Claims of the '743 Patent, Exhibits, Certificate of Service. (filed under seal). (fe) (Entered: 01/07/1998) |
| 01/14/1998 | 119 | Markman Brief of by DEFENDANT ESI-LEDERLE, INC., Exhibits. (fe) (Entered: 01/14/1998) |
| 01/16/1998 | 120 | Memorandum in support of of Esi-Lederle's Motion to Preclude Key's Expert Dr. Gilbert Banker from testifying at the Markman Hearing that Esi-Lederle "copied" its Accused Tablets from the '743 Patent , Certificate of Service. (fe) (Entered: 01/20/1998) |
| 01/20/1998 | 121 | Opposition by PLAINTIFF KEY PHARMACEUTICALS, INC. to Defendant's Motion to Preclude Key's Expert From Testifying at the Markman Hearing that Esi "copied" its Accused Tablets from the '743 Patent, Certificate of Service. (fe) (Entered: 01/20/1998) |
| 01/26/1998 | 122 | ORDER THAT THE MOTION OF DEFENDANT, ESI-LEDERLE, INC. TO PRECLUDE KEY'S EXPERT, DR. GILBERT BANKER, FROM TESTIFYING AT THE MARKMAN HEARING THAT ESI-LEDERLE "COPIED" ITS ACCUSED TABLETS FROM THE '743 PATENT IS DENIED AS MOOT. ( SIGNED BY JUDGE JAN E. DUBOIS ) 1/27/98 ENTERED AND COPIES MAILED. (fe) (Entered: 01/27/1998) |
| 01/26/1998 | 123 | ORDER DISMISSING ACTION WITH PREJUDICE PURSUANT TO LOCAL RULE 41.1(b), PURSUANT TO AGREEMENT OF COUNSEL WITHOUT COSTS. SIGNED BY JUDGE JAN E. DUBOIS 1/27/98 ENTERED AND COPIES MAILED. (fe) (Entered: 01/27/1998) |
| 01/26/1998 | | Case closed (kv) (Entered: 01/27/1998) |
| 03/10/1998 | 124 | Transcript of Hearing of 1/22/98. (fe) (Entered: 03/10/1998) |
| 03/10/1998 | 125 | Transcript of Hearing of 1/21/98. (fe) (Entered: 03/10/1998) |
| 04/23/1998 | 126 | ORDER THAT THE TIME WITHIN WHICH THE PARTIES MAY MOVE TO VACATE, MODIFY OR STRIKE THE DISMISSAL ORDER FROM THE RECORD IS EXTENDED TO MAY 15, 1998. ( SIGNED BY JUDGE JAN E. DUBOIS ) 4/24/98 ENTERED AND COPIES MAILED AND FAXED. (fe) (Entered: 04/24/1998) |
| 05/15/1998 | 127 | ORDER THAT THE JOINT REQUEST OF THE PARTIES, THE COURT HAVING ENTERED AN ORDER DISMISSING THE ACTION WITH PREJUDICE UNDER LOCAL CIVIL RULE 41.1(B) ON JANUARY 26, 1998, AND THE PARTIES HAVING REQUESTED ADDITIONAL TIME FOR FINALIZING THEIR SETTLEMENT AGREEMENT AND MOVING TO VACATE, MODIFY, OR STRIKE THE DISMISSAL ORDER FROM THE RECORD UNDER LOCAL RULE 4.1.(B), IT IS ORDERED THAT THE TIME WITHIN WHICH THE PARTIES MAY MOVE TO VACATE, MODIFY, OR STRIKE THE DISMISSAL ORDER FROM THE RECORD |

| | | |
|---|---|---|
| | | IS EXTENDED TO MAY 29, 1998. (SIGNED BY JUDGE JAN E. DUBOIS) 5/15/98 ENTERED AND COPIES MAILED AND FAXED. (dt) (Entered: 05/15/1998) |
| 05/29/1998 | 128 | ORDER THAT THE TIME WITHIN WHICH THE PARTIES MAY MOVE TO VACATE, MODIFY OR STRIKE THE DISMISSAL ORDER FROM THE RECORD IS EXTENDED TO 6/19/98. ( SIGNED BY JUDGE JAN E. DUBOIS ) 5/29/98 ENTERED AND COPIES MAILED AND FAXED. (fe) (Entered: 05/29/1998) |
| 06/19/1998 | 129 | JOINT MOTION by PLAINTIFF KEY PHARMACEUTICALS, DEFENDANT ESI-LEDERLE, INC. TO MODIFY DISMISSAL ORDER . (fe) (Entered: 06/22/1998) |
| 06/19/1998 | 130 | JOINT MOTION by PLAINTIFF KEY PHARMACEUTICALS, DEFENDANT ESI-LEDERLE, INC. TO MODIFY DISMISSAL ORDER . (jl) (Entered: 06/23/1998) |
| 06/29/1998 | 131 | ORDER THAT PURSUANT TO F.R.C.P. 41(a)(1) & LOCAL RULE 41.1(b) THAT THIS COURT'S DISMISSAL ORDER OF 1/26/98 IS HEREBY MODIFIED & THAT THIS ACTION IS HEREBY DISMISSED WITHOUT PREJUDICE, EACH PARTY TO BEAR ITS OWN COSTS & ATTORNEYS' & OTHER FEES. ( SIGNED BY JUDGE JAN E. DUBOIS ) 6/30/98 ENTERED AND COPIES MAILED: COPIES FAXED ON 6/29/98. (kw) (Entered: 06/30/1998) |
| 10/09/2001 | 132 | MOTION by MOVANT COMMONWEALTH OF PENNSYLVANIA TO INTERVENE TO UNSEAL DOCUMENTS , MEMORANDUM, CERTIFICATE OF SERVICE. (afm) Modified on 10/10/2001 (Entered: 10/10/2001) |
| 10/23/2001 | 133 | ORDER THAT THE PARTIES SHALL FILE AND SERVE RESPONSE TO MOTION TO INTERVENE TO UNSEAL DOCUMENTS ON OR BEFORE 11/5/01 ( SIGNED BY JUDGE JAN E. DUBOIS ) 10/24/01 ENTERED AND COPIES MAILED. FAXED BY CHAMBERS 10/19/01. (afm) (Entered: 10/24/2001) |
| 11/05/2001 | 134 | ORDER THAT THE TIME FOR FILING AND SERVING RESPONSES TO COMMONWEALTH OF PA'S MOTION TO INTERVENE TO UNSEALED DOCUMENTS IS EXTENDED TO 11/19/01 ( SIGNED BY JUDGE JAN E. DUBOIS ) 11/6/01 ENTERED AND COPIES MAILED. FAXED BY CHAMBERS 11/5/01. (afm) (Entered: 11/06/2001) |
| 11/20/2001 | 135 | ORDER THAT COMMONWEALTH OF PA'S MOTION TO INTERVENE TO UNSEAL DOCUMENTS IS MARKED WITHDRAWN WITHOUT PREJUDICE. ( SIGNED BY JUDGE JAN E. DUBOIS ) 11/21/01 AND COPIES MAILED. FAXED BY CHAMBERS 11/20/01. (afm) (Entered: 11/21/2001) |
| 10/11/2005 | 136 | NOTICE to Counsel re: Local Rule 5.1.5. (dkm, ) Additional attachment(s) added on 8/29/2007 (eibo, ). (Entered: 10/11/2005) |
| 01/09/2006 | | Document Nos. 1-6, 9-15, 17-22, 24, 25, 31, 32, 36, 38-42, 46, 48, 50-58, 61, |

|  |  | 62, 65, 67, 70-74, 76-83, 85-90, 105-107, 118 and 119 unsealed pursuant to LRCP 5.1.5. (td) (Entered: 01/09/2006) |
|--|--|--|

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/29/2008 13:10:50 | | | |
| **PACER Login:** | kk0025 | **Client Code:** | 13357/A102US2/bate01 |
| **Description:** | Docket Report | **Search Criteria:** | 2:96-cv-01219-JD |
| **Billable Pages:** | 10 | **Cost:** | 0.80 |

# EXHIBIT   39

**Wyeth**

| HCP Home | Medications | Diseases & Conditions | Research & Clinical Trials | Education for Professionals | Medical Library | Education for Your Patients |

Printer-friendly Page          E-mail This Page

LYBREL Home

What is LYBREL?

Mechanism of Action

Efficacy

Safety Profile

Prescribing LYBREL

Patient Education Materials

Important Safety Information

Prescribing Information

**Health Care Professionals Log In**

User Name: [        ]
Password: [        ]
[Submit]

Forgot your password
Register

## Mechanism of Action

LYBREL[®], like all combination oral contraceptives (COCs), prevents pregnancy by suppressing gonadotropins, which inhibits the intrinsic hormonal fluctuations associated with the menstrual cycle.[1,6] The primary mechanism of this action is the inhibition of ovulation.[1,9]

Both the LNG and EE components of LYBREL contribute to its contraceptive efficacy.[1,8] LNG and EE contribute to the suppression of ovulation by inhibiting the release of hormones from the hypothalamus and pituitary gland. While LNG and EE may each produce these effects on the hormonal fluctuations of the menstrual cycle when administered alone, under certain situations together they produce a synergistic effect.[1,8]

Other alterations that may contribute to the contraceptive efficacy of COCs include changes in the cervical mucus (which increase the difficulty of the sperm entering the uterus) and the endometrium (which reduce the likelihood of implantation).[1]

Next: Efficacy »

### Important Safety Information

**Oral contraceptives (OCs) do not protect against HIV infection or other sexually transmitted diseases.**

When prescribing LYBREL, the convenience of having no scheduled menstrual bleeding should be weighed against the inconvenience of unscheduled breakthrough bleeding and spotting.

OCs are contraindicated in women who have blood clots; breast, uterine, or liver cancers; a history of heart attack, stroke, or breast cancer; as well as those who are or may be pregnant.

The risks of serious cardiovascular side effects are substantially increased in women who smoke and use OCs, especially in women over age 35. Women who use oral contraceptives should be strongly advised not to smoke.

Serious risks associated with OCs include blood clots, heart attack, and stroke.

LYBREL provides women with more hormonal exposure on a yearly basis (13 additional weeks of hormone intake per year) than conventional cyclic oral contraceptives containing the same strength of synthetic estrogens and similar strength of progestins.

Scheduled withdrawal bleeding does not occur with the use of LYBREL, therefore, the absence of withdrawal bleeding cannot be used as a sign of an unexpected pregnancy and as such, unexpected pregnancy may be difficult to recognize. Although pregnancy is unlikely if LYBREL is taken as directed, if for any reason, pregnancy is suspected in a woman using LYBREL, a pregnancy test should be performed.

The most commonly reported treatment emergent adverse events reported with LYBREL in a clinical trial were headache, dysmenorrhea, upper respiratory infection, vaginal bleeding (defined as metrorrhagia and vaginal hemorrhage), and nausea.

Registration | Unsubscribe | E-mail This Page | Patient Awareness | Patient Support Program | References

206810-01

© 2008 Wyeth   Contact Us | Privacy Policy | Terms & Conditions | Site Map
This site is intended for health care professionals practicing in the United States.

# <u>EXHIBIT B</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WYETH,

*Plaintiff,*

v.

WATSON LABORATORIES, INC., *and*
WATSON PHARMACEUTICALS, INC.,
*Defendants.*

Civil Action No. 08-cv-00145-JJF

**CONFIDENTIAL – FILED UNDER SEAL**

## DECLARATION OF JAMES GALBRAITH

1.      I am James Galbraith.  I am a partner of Kenyon & Kenyon LLP in Kenyon's New York office.   I am a member of the bar of the State of New York, of various district courts, of the Courts of Appeals for the Federal Circuit and the Fifth Circuit, and of the United States Supreme Court.

2.      I have reviewed Wyeth's papers submitted in support of its motion to disqualify Kenyon & Kenyon LLP from representing the Watson entities involved in the above-captioned litigation.

Redacted



Redacted

Redacted

9.     I have not been involved in the present action, other than to assist with the preparation of this declaration.

10.     I do not believe that I have any information that I received in connection with my work for Wyeth that would be useful in the present litigation to the Watson entities involved in the present litigation.  Nevertheless, I will not communicate with the attorneys working for the Watson entities involved in the present litigation about that litigation or about my previous work for Wyeth.  I understand that the attorneys working for the Watson entities involved in the present litigation are John W. Bateman, C. Kyle Musgrove, Nicholas J. Nowak and Thomas M. Huff. Each of these team members is in the Washington, DC office of Kenyon.  I further understand that I will be informed if any additional attorneys are added to the team.

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.

June 21, 2008

James Galbraith

# **<u>EXHIBIT C</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WYETH,

Plaintiff,

v.

WATSON LABORATORIES, INC., and
WATSON PHARMACEUTICALS, INC.,
Defendants.

Civil Action No. 08-cv-00145-JJF

**CONFIDENTIAL – FILED UNDER SEAL**

### DECLARATION OF ANITA PAMINTUAN FUSCO

1.    I am Anita Pamintuan Fusco.  I am a partner of Kenyon & Kenyon LLP in Kenyon's New York office.  I am a member of the bar of the State of New York, of various district courts, of the Court of Appeals for the Federal Circuit, and of the U.S. Supreme Court.

2.    I have reviewed Wyeth's papers submitted in support of its motion to disqualify Kenyon & Kenyon LLP from representing the Watson entities involved in the above-captioned litigation.

Redacted

Redacted

6.     I have been shown U.S. Patent No. 6,500,814 B1, which I understand is the patent-in-suit in the present litigation.

Redacted

Redacted

7.     I have been told that the present litigation involves an Abbreviated New Drug Application filed by Watson Laboratories, Inc., a Nevada corporation, by which it seeks approval to market a generic version of Wyeth's Lybrel® oral contraceptive drug product.

Redacted

Redacted

8.     I have not been involved in the present action, other than to assist with the preparation of this declaration.

9.     I do not believe that I have any information that I received in connection with my work for Wyeth that would be useful in the present litigation to the Watson entities involved in the present litigation.

Redacted

Redacted

Nevertheless, I will not communicate with the attorneys working for the Watson entities involved in the present litigation about that litigation or about my previous work for Wyeth. I understand that the attorneys working for the Watson entities involved in the present litigation are John W. Bateman, C. Kyle Musgrove, Nicholas J. Nowak and Thomas M. Huff. Each of these team members is in the Washington, DC office of Kenyon. I further understand that I will be informed if any additional attorneys are added to the team.

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.

June 27, 2008                                                   _____
                                                               Anita Pamintuan Fusco

# **<u>EXHIBIT D</u>**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WYETH,

    *Plaintiff,*

    v.

WATSON LABORATORIES, INC., *and*
WATSON PHARMACEUTICALS, INC.,
    *Defendants.*

Civil Action No. 08-cv-00145-JJF

**CONFIDENTIAL – FILED UNDER SEAL**

## DECLARATION OF DEBORAH A. SOMERVILLE

1.    I am Deborah Somerville.  I am a partner of Kenyon & Kenyon LLP in Kenyon's New York office.  I am a member of the bars of the State of New York and Ohio, and of various district courts.

2.    I understand that Wyeth has filed a motion to disqualify Kenyon from representing the Watson entities involved in the above-captioned litigation.  I further understand that one of the matters that Wyeth has argued is "substantially related" to the present litigation is the *AHP v. Novo Nordisk* case.

Redacted

4.    I have been shown U.S. Patent No. 6,500,814 B1, which I understand is the patent-in-suit in the present litigation.  Redacted

Redacted

5.    I have been told that the present litigation involves an Abbreviated New Drug Application filed by Watson Laboratories, Inc., a Nevada corporation, by which it seeks approval to market a generic version of Wyeth's Lybrel® oral contraceptive drug product.  Redacted

Redacted

6.      I have not been involved in the present action, other than to assist with the preparation of this declaration.

7.      I do not believe that I have any information that I received in connection with my work for Wyeth that would be useful in the present litigation to the Watson entities involved in the present litigation.  Nevertheless, I will not communicate with the attorneys working for the Watson entities involved in the present litigation about that litigation or about my previous work for Wyeth.  I understand that the attorneys working for the Watson entities involved in the present litigation are John W. Bateman, C. Kyle Musgrove, Nicholas J. Nowak and Thomas M. Huff. Each of these team members is in the Washington, DC office of Kenyon.  I further understand that I will be informed if any additional attorneys are added to the team.

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.

June 27, 2008

Deborah Somerville /JWB
Deborah A. Somerville

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WYETH,<br>          *Plaintiff,*<br><br>          v.<br><br>WATSON LABORATORIES, INC., *and*<br>WATSON PHARMACEUTICALS, INC.,<br>          *Defendants.* | Civil Action No. 08-cv-00145-JJF<br><br>**CONFIDENTIAL – FILED UNDER SEAL** |

**DECLARATION OF C. KYLE MUSGROVE**

1.      I am C. Kyle Musgrove.  I am a partner of Kenyon & Kenyon LLP in Kenyon's Washington, DC office.  I am a member of the bars of the State of New York and the District of Columbia, of the U.S. District Court for the District of Columbia, and of the U.S. Court of Appeals for the Federal Circuit.

2.      I am one of the attorneys responsible for handling the present litigation on behalf of the Watson entities.

3.      I have read the papers submitted by Wyeth in support of its motion to disqualify Kenyon & Kenyon LLP and Amy Hulina.  Wyeth argues that the present action is "substantially related" to four matters that Kenyon previously handled for Wyeth.  These four matters are the *AHP v. J&J* litigation, the *AHP v. Novo Nordisk* case, the prosecution of U.S. Patent Application No. 09/808,878 and the related inventorship dispute.

Redacted

**Redacted**

**Redacted**

6.    Based on the publicly available information relating to the matters identified by Wyeth and my work on the present action, I do not believe that any of the previous matters that Wyeth alleges are "substantially related" to the present action are in fact "substantially related" to the present action.  Nevertheless, I will not communicate with any of the Kenyon attorneys who worked on those matters for Wyeth about the present litigation or those matters with the exception of **Redacted** and who is also one of the attorneys responsible for handling this case, and **Redacted** **Redacted** I will not communicate, however, with Mr. Bateman or Ms. Hulina about our work for Wyeth.

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.

June 29, 2008

C. Kyle Musgrove

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| WYETH,<br>　　　　　*Plaintiff,*<br><br>　　　　v.<br><br>WATSON LABORATORIES, INC., *and*<br>WATSON PHARMACEUTICALS, INC.,<br>　　　　*Defendants.* | Civil Action No. 08-cv-00145-JJF<br><br>**CONFIDENTIAL – FILED UNDER SEAL** |

## DECLARATION OF ROBERT F. VROOM

1.　　　I am Robert F. Vroom.  I am an associate at Kenyon & Kenyon LLP in Kenyon's Washington, DC office.

2.　　　I understand that Wyeth has filed a motion to disqualify Kenyon from representing the Watson entities involved in the above-captioned litigation.  I further understand that one of the matters that Wyeth has argued is "substantially related" to the present litigation is the prosecution of U.S. Patent Application  No. 09/808,878 and the related inventorship dispute.

**Redacted**

**Redacted** That is consistent with my recollection.

4.　　　I have been shown U.S. Patent No. 6,500,814 B1, which I understand is the patent-in-suit in the present litigation.　**Redacted**

**Redacted**

5.　　　I have been told that the present litigation involves an Abbreviated New Drug Application filed by Watson Laboratories, Inc., a Nevada corporation, by which it seeks approval to market a generic version of Wyeth's Lybrel® oral contraceptive drug product. **Redacted**

Redacted

6.      I have not been involved in the present action, other than to assist with the preparation of this declaration.

7.      I do not believe that I have any information that I received in connection with my work for Wyeth that would be useful in the present litigation to the Watson entities involved in the present litigation.  Nevertheless, I will not communicate with the attorneys working for the Watson entities involved in the present litigation about that litigation or about my previous work for Wyeth.  I understand that the attorneys working for the Watson entities involved in the present litigation are John W. Bateman, C. Kyle Musgrove, Nicholas J. Nowak and Thomas M. Huff. Each of these team members is in the Washington, DC office of Kenyon.  I further understand that I will be informed if any additional attorneys are added to the team.

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.

Robert F. Vroom

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WYETH,<br>            *Plaintiff,*<br><br>    v.<br><br>WATSON LABORATORIES, INC., *and*<br>WATSON PHARMACEUTICALS, INC.,<br>            *Defendants.* | Civil Action No. 08-cv-00145-JJF<br><br>**CONFIDENTIAL – FILED UNDER SEAL** |

## <u>DECLARATION OF AMY L. HULINA</u>

1.      I am Amy L. Hulina, Vice President and Patent Counsel of Watson

Pharmaceuticals, Inc.





4.      I was an associate at Kenyon from 2001 to 2004.

5.      I have reviewed Wyeth's papers submitted in support of its motion to disqualify Kenyon and me from representing the Watson entities involved in the above-captioned litigation.

6.      I am aware that Wyeth states in those papers that I performed work on the prosecution of a particular patent application that Wyeth contends is "substantially related" to the present litigation.

**Redacted**

8.      **Redacted**

**Redacted**

That is consistent with my recollection.

9.      I do not recall any further information about this matter.

10.     I do not recall ever working on any other matter for Wyeth.

2

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.

Amy L. Hulina
Vice President and Patent Counsel
Watson Pharmaceuticals, Inc.